IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 2 7 2010

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| DESIREE KOLBEK, AMY EDDY, JEANNETTE ORLANDO, NICOLE FARR, SUMMER HAGAN, and JAMIE RODRIGUEZ,<br>    Plaintiffs,<br><br>v.<br><br>TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., GLORYLAND CHRISTIAN CHURCH, ARMFUL OF HELP, TONY AND SUSAN ALAMO FOUNDATION, MUSIC SQUARE CHURCH, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, JEANNE ESTATES APARTMENTS INC., SALLY DEMOULIN, SHARON ALAMO, and STEVE JOHNSON | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Cause No. _10-4124_

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs: DESIREE KOLBEK, AMY EDDY, JEANNETTE ORLANDO, NICOLE FARR, SUMMER HAGAN, and JAMIE RODRIGUEZ, assert the following causes of action against Defendants: TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., GLORYLAND CHRISTIAN CHURCH, ARMFUL OF HELP, TONY AND SUSAN ALAMO FOUNDATION, MUSIC SQUARE CHURCH, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, JEANNE ESTATES APARTMENTS INC., SALLY

DEMOULIN, SHARON ALAMO, STEVE JOHNSON and respectfully show this Honorable Court as follows:

## I. PARTIES

Plaintiff DESIREE KOLBEK an individual and is a lawful resident and citizen of the State of Arkansas.

Plaintiff AMY EDDY an individual and is a lawful resident and citizen of the State of Oklahoma.

Plaintiff JEANNETTE ORLANDO an individual and is a lawful resident and citizen of the State of Florida.

Plaintiff NICOLE FARR an individual and is a lawful resident and citizen of the State of California.

Plaintiff SUMMER HAGAN an individual and is a lawful resident and citizen of the State of California.

Plaintiff JAMIE RODRIGUEZ an individual and is a lawful resident and citizen of the State of Texas.

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business at Dyer, Arkansas.   Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. may be properly served with process by delivering a copy of the summons and complaint to its registered agent Sally Demoulin, at 5201 Spradling Ave, Apt 3C, Fort Smith, Arkansas 72904.

Defendant GLORYLAND CHRISTIAN CHURCH is a d/b/a of Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. with its

principal place of business at Dyer, Arkansas. Defendant GLORYLAND CHRISTIAN CHURCH may be properly served with process by delivering a copy of the summons and complaint to the registered agent for TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., Sally Demoulin, at 5201 Spradling Ave, Apt 3C, Fort Smith, Arkansas 72904.

Defendant ARMFUL OF HELP is a d/b/a of Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. with its principal place of business at Dyer, Arkansas. Defendant ARMFUL OF HELP may be properly served with process by delivering a copy of the summons and complaint to the registered agent for TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., Sally Demoulin, at 5201 Spradling Ave, Apt 3C, Fort Smith, Arkansas 72904.

Defendant TONY AND SUSAN ALAMO FOUNDATION is a corporation organized and existing under the laws of the State of California, with its principal place of business at Saugus, California. Defendant TONY AND SUSAN ALAMO FOUNDATION may be properly served with process by delivering a copy of the summons and complaint to its registered agent The Corporation Company, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

Defendant MUSIC SQUARE CHURCH is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business at 1200 17th Ave. S., Nashville, Tennessee 37212. Its registered agent in the State of Arkansas has resigned. Defendant MUSIC SQUARE CHURCH may be properly served with process by delivering a copy of the summons and complaint to one of its officers: Jeanne Sweat or Larry Willis at 1200 17th Avenue South, Nashville, Tennessee 37212.

Defendant SJ DISTRIBUTING, INC. is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business at 3941 Bradley Drive, Fort Smith, Arkansas 72904. Defendant SJ DISTRIBUTING, INC. may be properly served with process by delivering a copy of the summons and complaint to its President and registered agent, Steve Johnson at 3941 Bradley Drive, Fort Smith, Arkansas 72904.

Defendant ACTION DISTRIBUTORS INC. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at PO Box 1026, Newark, NJ 07101. Defendant ACTION DISTRIBUTORS INC. may be properly served with process by delivering a copy of the summons and complaint to its President, Robert Streit at 51 Macdougal St., New York, New York 10012 or its registered agent, Steve Wedel, 321 Greir Ave, Elizabeth, New Jersey 07202.

Defendant ADVANTAGE FOOD GROUP is a d/b/a of Donn Wolfe and Steve Lovellette, with its principal place of business at 1619 Grand Ave, Fort Smith, Arkansas 72901. Defendant Advantage Food Group may be properly served with process by delivering a copy of the summons and complaint to Donn Wolfe or Steve Lovellette, at 1619 Grand Ave, Fort Smith, Arkansas 72901.

Defendant JEANNE ESTATES APARTMENTS INC. is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Arkansas. Defendant JEANNE ESTATES APARTMENTS INC. may be properly served with process by delivering a copy of the summons and complaint to Bob Cawthorn, its registered agent at 5201 Spradling Ave, Ft. Smith, Arkansas 72904-3915.

It may also be served by serving its president, STEVE JOHNSON at 3941 Bradley Drive, Fort Smith, Arkansas 72904.

SALLY DEMOULIN is an individual, residing at 100 Circle Dr., Fouke, Arkansas 71837 and may be served with process at that address.

SHARON ALAMO is an individual, residing at 5330 East Placita Casa Rio, Tucson, Arizona 85718 and may be served with process at that address.

STEVE JOHNSON is an individual with an address at 3941 Bradley Drive, Fort Smith, Arkansas 72904 and may be served with process at that address.

## II. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §1331 because it contains claims that arise under the laws of the United States. Additionally, the Court has jurisdiction pursuant to 28 U.S.C. §1367 for claims that are related to the federal claim.

Specifically, Plaintiffs assert causes of action pursuant to 18 U.S.C. §2255 and 18 U.S.C. §1595.

## III. VENUE

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) insofar as a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Arkansas.

## IV. FACTS

Tony Alamo was born Bernie LaZar Hoffman. In the 1960s, Hoffman moved to Los Angeles, California where he assumed the aliases of Marcus Abad and Mark Hoffman.

Hoffman married Susan Lipowitz in a Las Vegas, Nevada ceremony in 1966. The two changed their names to "Tony and Susan Alamo" and began profiting from a gospel show and churches.

Eventually the Alamo church businesses included grocery stores, truck stops, clothing companies, trucking companies, apartment complexes and sham charities.

"Susan Alamo" died in 1982. "Tony Alamo" assured his followers that she would rise from the dead. For six months Tony Alamo and his followers kept watch over her decomposing body. She did not return from the dead.

After Susan's death, Tony Alamo remarried several times, eventually engaging in the practice of polygamy – a practice he openly endorsed and preached to the church.

Tony Alamo began taking younger and younger brides until eventually he was using the church and its businesses to assist him in "marrying" underage girls that would reside in his church-owned home, where he would rape and abuse them.

The Plaintiffs in this case are the victims of this scheme.

On July 24, 2009, Tony Alamo was convicted in this Court on ten (10) counts of Interstate Transportation of Minors for Illegal Sexual Purposes, Rape, Sexual Assault and Contributing to the Delinquency of Minors. He was sentenced to the maximum punishment of 175 years in prison. Tony Alamo sexually abused Plaintiffs. He sexually abused each of the Plaintiffs while they were under 18 years of age.

The Plaintiffs in this lawsuit were sexually abused between the years of 1993 and 2007. Plaintiffs assert causes of action against Defendants for the damages resulting from this abuse. Plaintiffs allege that there are liability insurance policies that provide coverage for Defendants' liability to Plaintiffs. These policies include, but are not

limited to insurance policies provided by the following insurance companies: Foremost Insurance Company, Nautilus Insurance Company, National Indemnity Company, Lloyd's of London, Farmer's Insurance Company, Penn-Star Insurance Company, Farmer's Insurance Group, and Cameron Mutual Insurance Company.

## V. PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. employed Tony Alamo during time periods relevant to this complaint. Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. owned and controlled Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC., during time periods relevant to this complaint.

A.   Negligent Hiring

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. was negligent in the hiring of Tony Alamo in the following particulars:

1.   Failing to properly investigate and examine Tony Alamo's criminal background;

2.   Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type of criminal conduct he engaged in while employed by Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.; and

3.   Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was

unfit for the position of power, trust and authority bestowed upon him by Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.  These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

B.    Negligent Supervision and Retention

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. was negligent in the employment, supervision and retention of Tony Alamo in the following particulars:

1.    Failing to properly monitor and supervise the activities of Tony Alamo;

2.    Providing Tony Alamo a position which engendered trust and gave him authority and power over children and their families, including Plaintiffs herein;

3.    Providing Tony Alamo a position and environment which created opportunities for him to take emotional and physical advantage of children, including the Plaintiffs herein;

4.    Providing Tony Alamo a position where he would have unsupervised control over children and which engendered trust creating an environment where he would have unsupervised control of children, including Plaintiffs herein;

5.    Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. knew or should have known that Tony Alamo was peculiarly likely to molest children; and

6.    Failing to have proper policies, procedures and protocols in place within the Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.'s organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. employed Tony Alamo and knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.    <u>Vicarious Liability</u>

Because Tony Alamo was an employee / agent of Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. is vicariously liable for the actions of Tony Alamo.

Because Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC. were employees/agents of Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., acting in the course and scope of their employment at the time of the incidents forming the basis of this suit, Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. is vicariously liable for the actions of Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO and STEVE JOHNSON were employees/agents of Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.      Negligence

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. is an organization operating as a religious organization, church, and/or cult.

Plaintiffs were members of and/or participated in activities of Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. breached its legal duty to Plaintiffs when they failed to act reasonably.  Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. allowed Tony Alamo access to children during its normal business hours and normal course of business.  Furthermore, this religious organization authorized, endorsed, and facilitated Tony Alamo entering into "marriages" with underage girls, including the following Plaintiffs: DESIREE KOLBEK, AMY EDDY, JEANNETTE ORLANDO, SUMMER HAGAN, and JAMIE RODRIGUEZ.  Plaintiff NICOLE FARR was groomed and prepared to be a child bride but escaped from a compound operated by Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.  before the

actual marriage could take place.  Defendant TWENTY FIRST CENTURY HOLINESS

TABERNACLE CHURCH INC. breached the duty owed to Plaintiffs in the following

particulars:

1.  Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. was negligent in the employment, supervision and retention of Tony Alamo;

2.  Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. knew or should have known that Tony Alamo was peculiarly likely to molest children;

3.  Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC. created an environment around Tony Alamo that afforded Tony Alamo a peculiar opportunity to commit the acts of molestation described herein; and

4.  Failing to have proper policies, procedures and protocols in place within the Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.'s organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC.

E.   18 U.S.C. §1595

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH

INC. recruited, enticed, harbored, transported, provided, obtained, and/or maintained

Plaintiffs knowing, or in reckless disregard of the fact that means of force, threats of

force, fraud, coercion or any combination of such means was used to cause the Plaintiffs

to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18

years and were caused to be in a commercial sex act.

Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH

INC. received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## VI.  PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT GLORYLAND CHRISTIAN CHURCH

Defendant GLORYLAND CHRISTIAN CHURCH employed Tony Alamo during time periods relevant to this complaint. Defendant GLORYLAND CHRISTIAN CHURCH owned and controlled Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC., during time periods relevant to this complaint.

A.      Negligent Hiring

Defendant GLORYLAND CHRISTIAN CHURCH was negligent in the hiring of Tony Alamo in the following particulars:

1.      Failing to properly investigate and examine Tony Alamo's criminal background;

2.      Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type of criminal conduct he engaged in while employed by Defendant GLORYLAND CHRISTIAN CHURCH and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant GLORYLAND CHRISTIAN CHURCH; and

3.      Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was unfit for the position of power, trust and authority bestowed upon him by Defendant GLORYLAND CHRISTIAN CHURCH.

Defendant GLORYLAND CHRISTIAN CHURCH knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant GLORYLAND CHRISTIAN CHURCH.  These acts and

omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

B.    Negligent Supervision and Retention

Defendant GLORYLAND CHRISTIAN CHURCH was negligent in the employment, supervision and retention of Tony Alamo in the following particulars:

1.    Failing to properly monitor and supervise the activities of Tony Alamo;

2.    Providing Tony Alamo a position which engendered trust and gave him authority and power over children and their families, including Plaintiffs herein;

3.    Providing Tony Alamo a position and environment which created opportunities for him to take emotional and physical advantage of children, including the Plaintiffs herein;

4.    Providing Tony Alamo a position where he would have unsupervised control over children and which engendered trust creating an environment where he would have unsupervised control of children, including Plaintiffs herein;

5.    Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant GLORYLAND CHRISTIAN CHURCH knew or should have known that Tony Alamo was peculiarly likely to molest children; and

6.    Failing to have proper policies, procedures and protocols in place within the Defendant GLORYLAND CHRISTIAN CHURCH's organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant GLORYLAND CHRISTIAN CHURCH.

Defendant GLORYLAND CHRISTIAN CHURCH employed Tony Alamo and knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment. These acts and omissions, taken by

themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.      Vicarious Liability

Because Tony Alamo was an employee/agent of Defendant GLORYLAND CHRISTIAN CHURCH, acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant GLORYLAND CHRISTIAN CHURCH is vicariously liable for the actions of Tony Alamo.

Because Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC. were employees/agents of Defendant GLORYLAND CHRISTIAN CHURCH, acting in the course and scope of their employment at the time of the incidents forming the basis of this suit, Defendant GLORYLAND CHRISTIAN CHURCH is vicariously liable for the actions of Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO, and STEVE JOHNSON were employees/agents of Defendant GLORYLAND CHRISTIAN CHURCH, acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant GLORYLAND CHRISTIAN CHURCH is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.    <u>Negligence</u>

Defendant GLORYLAND CHRISTIAN CHURCH is an organization operating as a religious organization, church, and/or cult.

Plaintiffs were members of and/or participated in activities of Defendant GLORYLAND CHRISTIAN CHURCH.

Defendant GLORYLAND CHRISTIAN CHURCH breached its legal duty to Plaintiffs when it failed to act reasonably. Defendant GLORYLAND CHRISTIAN CHURCH allowed Tony Alamo access to children during its normal business hours and normal course of business. Furthermore, this religious organization authorized, endorsed, and facilitated Tony Alamo entering into "marriages" with underage girls, including the following Plaintiffs: DESIREE KOLBEK, AMY EDDY, JEANNETTE ORLANDO, SUMMER HAGAN, and JAMIE RODRIGUEZ. Plaintiff NICOLE FARR was groomed and prepared to be a child bride but escaped from a compound operated by Defendant GLORYLAND CHRISTIAN CHURCH before the actual marriage could take place. Defendant GLORYLAND CHRISTIAN CHURCH breached the duty owed to Plaintiffs in the following particulars:

1.    Defendant GLORYLAND CHRISTIAN CHURCH was negligent in the employment, supervision and retention of Tony Alamo;

2.    Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant GLORYLAND CHRISTIAN CHURCH knew or should have known that Tony Alamo was peculiarly likely to molest children;

3.    Defendant GLORYLAND CHRISTIAN CHURCH created an environment around Tony Alamo that afforded Tony Alamo a peculiar opportunity to commit the acts of molestation described herein; and

4.     Failing to have proper policies, procedures and protocols in place within the Defendant GLORYLAND CHRISTIAN CHURCH's organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant GLORYLAND CHRISTIAN CHURCH.

E.     18 U.S.C. §1595

Defendant GLORYLAND CHRISTIAN CHURCH recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant GLORYLAND CHRISTIAN CHURCH received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## VII. PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT MUSIC SQUARE CHURCH INC.

Defendant MUSIC SQUARE CHURCH INC. employed Tony Alamo during time periods relevant to this complaint. Defendant MUSIC SQUARE CHURCH INC. owned and controlled Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC., during time periods relevant to this complaint.

A.     Negligent Hiring

Defendant MUSIC SQUARE CHURCH INC. was negligent in the hiring of Tony Alamo in the following particulars:

1.  Failing to properly investigate and examine Tony Alamo's criminal background;

2.  Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type of criminal conduct he engaged in while employed by Defendant MUSIC SQUARE CHURCH INC. and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant MUSIC SQUARE CHURCH INC.; and

3.  Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was unfit for the position of power, trust and authority bestowed upon him by Defendant MUSIC SQUARE CHURCH INC.

Defendant MUSIC SQUARE CHURCH INC. knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant MUSIC SQUARE CHURCH INC. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

B.   Negligent Supervision and Retention

Defendant MUSIC SQUARE CHURCH INC. was negligent in the employment, supervision and retention of Tony Alamo in the following particulars:

1.  Failing to properly monitor and supervise the activities of Tony Alamo;

2.  Providing Tony Alamo a position which engendered trust and gave him authority and power over children and their families, including Plaintiffs herein;

3.  Providing Tony Alamo a position and environment which created opportunities for him to take emotional and physical advantage of children, including the Plaintiffs herein;

4.      Providing Tony Alamo a position where he would have unsupervised control over children and which engendered trust creating an environment where he would have unsupervised control of children, including Plaintiffs herein;

5.      Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant MUSIC SQUARE CHURCH INC. knew or should have known that Tony Alamo was peculiarly likely to molest children; and

6.      Failing to have proper policies, procedures and protocols in place within the Defendant MUSIC SQUARE CHURCH INC.'s organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant MUSIC SQUARE CHURCH INC.

Defendant MUSIC SQUARE CHURCH INC. employed Tony Alamo and knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment.  These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.      <u>Vicarious Liability</u>

Because Tony Alamo was an employee/agent of Defendant MUSIC SQUARE CHURCH INC., acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant MUSIC SQUARE CHURCH INC is vicariously liable for the actions of Tony Alamo.

Because Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC. were employees/agents of Defendant MUSIC SQUARE CHURCH INC., acting in the course and scope of their employment at the time of the incidents forming the basis of this suit, Defendant MUSIC SQUARE CHURCH INC.  is vicariously  liable  for  the  actions  of  Defendants  ARMFUL  OF  HELP,  SJ

DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO, and STEVE JOHNSON were employees/agents of Defendant MUSIC SQUARE CHURCH INC., acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant MUSIC SQUARE CHURCH INC. is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.       Negligence

Defendant MUSIC SQUARE CHURCH INC. is an organization operating as a religious organization, church, and/or cult.

Plaintiffs were members of and/or participated in activities of Defendant MUSIC SQUARE CHURCH INC.

Defendant MUSIC SQUARE CHURCH INC. breached its legal duty to Plaintiffs when it failed to act reasonably. Defendant MUSIC SQUARE CHURCH INC. allowed Tony Alamo access to children during its normal business hours and normal course of business.  Furthermore, this religious organization authorized, endorsed, and facilitated Tony Alamo entering into "marriages" with underage girls, including the following Plaintiffs: DESIREE KOLBEK, AMY EDDY, JEANNETTE ORLANDO, SUMMER HAGAN, and JAMIE RODRIGUEZ.  Plaintiff NICOLE FARR was groomed and prepared to be a child bride but escaped from a compound operated by Defendant MUSIC SQUARE CHURCH INC. before the actual marriage could take place.

Defendant MUSIC SQUARE CHURCH INC. breached the duty owed to Plaintiffs in the following particulars:

1.   Defendant MUSIC SQUARE CHURCH INC. was negligent in the employment, supervision and retention of Tony Alamo;

2.   Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant MUSIC SQUARE CHURCH INC. knew or should have known that Tony Alamo was peculiarly likely to molest children;

3.   Defendant MUSIC SQUARE CHURCH INC. created an environment around Tony Alamo that afforded Tony Alamo a peculiar opportunity to commit the acts of molestation described herein; and

4.   Failing to have proper policies, procedures and protocols in place within the Defendant MUSIC SQUARE CHURCH INC.'s organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant MUSIC SQUARE CHURCH INC.

E.   <u>18 U.S.C. §1595</u>

Defendant MUSIC SQUARE CHURCH INC. recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant MUSIC SQUARE CHURCH INC. received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## VIII.  PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT TONY AND SUSAN ALAMO FOUNDATION

Defendant TONY AND SUSAN ALAMO FOUNDATION employed Tony Alamo during time periods relevant to this complaint. Defendant TONY AND SUSAN ALAMO FOUNDATION owned and controlled Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC., during time periods relevant to this complaint.

    A.    <u>Negligent Hiring</u>

Defendant TONY AND SUSAN ALAMO FOUNDATION was negligent in the hiring of Tony Alamo in the following particulars:

1. Failing to properly investigate and examine Tony Alamo's criminal background;

2. Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type of criminal conduct he engaged in while employed by Defendant TONY AND SUSAN ALAMO FOUNDATION and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant TONY AND SUSAN ALAMO FOUNDATION; and

3. Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was unfit for the positions of power, trust and authority bestowed upon him by Defendant TONY AND SUSAN ALAMO FOUNDATION.

Defendant TONY AND SUSAN ALAMO FOUNDATION knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant TONY AND SUSAN ALAMO

FOUNDATION.  These acts and omissions, taken by themselves or in combination, were

a proximate cause of the Plaintiffs' injuries and damages.

B.      Negligent Supervision and Retention

Defendant TONY AND SUSAN ALAMO FOUNDATION was negligent in the

employment, supervision and retention of Tony Alamo in the following particulars:

1.      Failing to properly monitor and supervise the activities of Tony
        Alamo;

2.      Providing Tony Alamo a position which engendered trust and gave
        him authority and power over children and their families, including
        Plaintiffs herein;

3.      Providing Tony Alamo a position and environment which created
        opportunities for him to take emotional and physical advantage of
        children, including the Plaintiffs herein;

4.      Providing Tony Alamo a position where he would have
        unsupervised control over children and which engendered trust
        creating an environment where he would have unsupervised
        control of children, including Plaintiffs herein;

5.      Allowing Tony Alamo to come into contact and association with
        children, including the Plaintiffs herein, when Defendant TONY
        AND SUSAN ALAMO FOUNDATION knew or should have
        known that Tony Alamo was peculiarly likely to molest children;
        and

6.      Failing to have proper policies, procedures and protocols in place
        within the Defendant TONY AND SUSAN ALAMO
        FOUNDATION's organization to ensure dangerous employees,
        such as Tony Alamo, would not be hired or would not remain
        employed by Defendant TONY AND SUSAN ALAMO
        FOUNDATION.

Defendant TONY AND SUSAN ALAMO FOUNDATION employed Tony

Alamo and knew or should have known that Tony Alamo was dangerous to the children

he had access to and power over through his employment.  These acts and omissions,

taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.    Vicarious Liability

Because Tony Alamo was an employee/agent of each defendant, acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant TONY AND SUSAN ALAMO FOUNDATION is vicariously liable for the actions of Tony Alamo.

Because Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC. were employees/agents of Defendant TONY AND SUSAN ALAMO FOUNDATION, acting in the course and scope of their employment at the time of the incidents forming the basis of this suit, Defendant TONY AND SUSAN ALAMO FOUNDATION is vicariously liable for the actions of Defendants ARMFUL OF HELP, SJ DISTRIBUTING, INC., ACTION DISTRIBUTORS INC., ADVANTAGE FOOD GROUP, and JEANNE ESTATES APARTMENTS INC.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO, and STEVE JOHNSON were employees/agents of Defendant TONY AND SUSAN ALAMO FOUNDATION, acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant TONY AND SUSAN ALAMO FOUNDATION is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.    Negligence

Defendant TONY AND SUSAN ALAMO FOUNDATION is an organization operating as a religious organization, church, and/or cult.

Plaintiffs were members of and/or participated in activities of Defendant TONY AND SUSAN ALAMO FOUNDATION.

Defendant TONY AND SUSAN ALAMO FOUNDATION breached its legal duty to Plaintiffs when they failed to act reasonably. Defendant TONY AND SUSAN ALAMO FOUNDATION allowed Tony Alamo access to children during its normal business hours and normal course of business.  Furthermore, this religious organization authorized, endorsed, and facilitated Tony Alamo entering into "marriages" with underage girls, including the following Plaintiffs: DESIREE KOLBEK, AMY EDDY, JEANNETTE ORLANDO, SUMMER HAGAN, and JAMIE RODRIGUEZ.  Plaintiff NICOLE FARR was groomed and prepared to be a child bride but escaped from a compound operated by Defendant TONY AND SUSAN ALAMO FOUNDATION before the actual marriage could take place.  Defendant TONY AND SUSAN ALAMO FOUNDATION breached the duty owed to Plaintiffs in the following particulars:

1.    Defendant TONY AND SUSAN ALAMO FOUNDATION were negligent in the employment, supervision and retention of Tony Alamo;

2.    Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant TONY AND SUSAN ALAMO FOUNDATION knew or should have known that Tony Alamo was peculiarly likely to molest children;

3.    Defendant TONY AND SUSAN ALAMO FOUNDATION created an environment around Tony Alamo that afforded Tony Alamo a peculiar opportunity to commit the acts of molestation described herein; and

    4.    Failing to have proper policies, procedures and protocols in place within the Defendant TONY AND SUSAN ALAMO FOUNDATION's organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant TONY AND SUSAN ALAMO FOUNDATION.

E.    <u>18 U.S.C. §1595</u>

Defendant TONY AND SUSAN ALAMO FOUNDATION recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant TONY AND SUSAN ALAMO FOUNDATION received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## IX. PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT ARMFUL OF HELP

Defendant ARMFUL OF HELP employed Tony Alamo during time periods relevant to this complaint.

A.    <u>Negligent Hiring</u>

Defendant ARMFUL OF HELP was negligent in the hiring of Tony Alamo in the following particulars:

    1.    Failing to properly investigate and examine Tony Alamo's criminal background;

    2.    Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type

of criminal conduct he engaged in while employed by Defendant ARMFUL OF HELP and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant ARMFUL OF HELP; and

3. Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was unfit for the position of power, trust and authority bestowed upon him by Defendant ARMFUL OF HELP.

Defendant ARMFUL OF HELP knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant ARMFUL OF HELP. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

B.     Negligent Supervision and Retention

Defendant ARMFUL OF HELP was negligent in the employment, supervision and retention of Tony Alamo in the following particulars:

1. Failing to properly monitor and supervise the activities of Tony Alamo;

2. Providing Tony Alamo a position which engendered trust and gave him authority and power over children and their families, including Plaintiffs herein;

3. Providing Tony Alamo a position and environment which created opportunities for him to take emotional and physical advantage of children, including the Plaintiffs herein;

4. Providing Tony Alamo a position where he would have unsupervised control over children and which engendered trust creating an environment where he would have unsupervised control of children, including Plaintiffs herein;

5. Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant ARMFUL OF HELP knew or should have known that Tony Alamo was peculiarly likely to molest children; and

6.    Failing to have proper policies, procedures and protocols in place within the Defendant ARMFUL OF HELP'S organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant ARMFUL OF HELP.

Defendant ARMFUL OF HELP employed Tony Alamo and knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment.   These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.    Vicarious Liability

Because Tony Alamo was an employee/agent of Defendant ARMFUL OF HELP, acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant ARMFUL OF HELP is vicariously liable for the actions of Tony Alamo.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO, and STEVE JOHNSON were employees/agents of Defendant ARMFUL OF HELP, acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant ARMFUL OF HELP is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.    18 U.S.C. §1595

Defendant ARMFUL OF HELP recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the

fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant ARMFUL OF HELP received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiff asserts a civil cause of action.

## X. PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT SJ DISTRIBUTING, INC.

Defendants SJ DISTRIBUTING, INC. employed Tony Alamo during time periods relevant to this complaint.

A.   <u>Negligent Hiring</u>

Defendant SJ DISTRIBUTING, INC. was negligent in the hiring of Tony Alamo in the following particulars:

1.   Failing to properly investigate and examine Tony Alamo's criminal background;

2.   Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type of criminal conduct he engaged in while employed by Defendant SJ DISTRIBUTING, INC. and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant SJ DISTRIBUTING, INC.; and

3.   Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was unfit for the position of power, trust and authority bestowed upon him by Defendant SJ DISTRIBUTING, INC.

Defendant SJ DISTRIBUTING, INC. knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant SJ DISTRIBUTING, INC.  These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

B.  Negligent Supervision and Retention

Defendant SJ DISTRIBUTING, INC. was negligent in the employment, supervision and retention of Tony Alamo in the following particulars:

1.  Failing to properly monitor and supervise the activities of Tony Alamo;

2.  Providing Tony Alamo a position which engendered trust and gave him authority and power over children and their families, including Plaintiffs herein;

3.  Providing Tony Alamo a position and environment which created opportunities for him to take emotional and physical advantage of children, including the Plaintiffs herein;

4.  Providing Tony Alamo a position where he would have unsupervised control over children and which engendered trust creating an environment where he would have unsupervised control of children, including Plaintiffs herein;

5.  Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant SJ DISTRIBUTING, INC. knew or should have known that Tony Alamo was peculiarly likely to molest children; and

6.  Failing to have proper policies, procedures and protocols in place within the Defendant SJ DISTRIBUTING, INC.'s organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant SJ DISTRIBUTING, INC.

Defendant SJ DISTRIBUTING, INC. employed Tony Alamo and knew or should have known that Tony Alamo was dangerous to the children he had access to and power

over through his employment.  These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.   Vicarious Liability

Because Tony Alamo was an employee/agent of Defendant SJ DISTRIBUTING, INC., acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant SJ DISTRIBUTING, INC. is vicariously liable for the actions of Tony Alamo.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO, and STEVE JOHNSON were employees/agents of Defendant SJ DISTRIBUTING, INC., acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant SJ DISTRIBUTING, INC. is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.   Transporting

Defendant SJ DISTRIBUTING, INC. knowingly transported Plaintiffs or coerced Plaintiffs to travel with intent that Plaintiffs engage in sexual activity in violation of 18 U.S.C. §109A.

Specifically, Defendant SJ DISTRIBUTING, INC. knowingly transported an individual who had not attained the age of 18 years in interstate commerce with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense.  Such conduct is unlawful pursuant to 18 U.S.C. §2423 (a). Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant SJ DISTRIBUTING, INC. arranged, induced, procured, or facilitated the travel of a person knowing that such a person is traveling in interstate commerce for the purpose of engaging in illicit sexual conduct. Defendant SJ DISTRIBUTING, INC. engaged in such conduct for the purpose of commercial advantage or financial gain. Such conduct is unlawful pursuant to 18 U.S.C. §2423 (d). Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant SJ DISTRIBUTING, INC. attempted to violate subsection (a) and/or (d) of 18 U.S.C. §2423. Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant SJ DISTRIBUTING, INC. conspired to violate subsection (a) and/or (d) of 18 U.S.C. §2423. Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

E.    18 U.S.C. §1595

Defendant SJ DISTRIBUTING, INC. recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant SJ DISTRIBUTING, INC. received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## XI. PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT ACTION DISTRIBUTORS INC.

Defendant ACTION DISTRIBUTORS INC. employed Tony Alamo during time periods relevant to this complaint.

A.     Negligent Hiring

Defendant ACTION DISTRIBUTORS INC. was negligent in the hiring of Tony Alamo in the following particulars:

1. Failing to properly investigate and examine Tony Alamo's criminal background;

2. Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type of criminal conduct he engaged in while employed by Defendant ACTION DISTRIBUTORS INC. and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant ACTION DISTRIBUTORS INC.; and

3. Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was unfit for the position of power, trust and authority bestowed upon him by Defendant ACTION DISTRIBUTORS INC.

Defendant ACTION DISTRIBUTORS INC. knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant ACTION DISTRIBUTORS INC.     These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

B.     Negligent Supervision and Retention

Defendant ACTION DISTRIBUTORS INC. was negligent in the employment, supervision and retention of Tony Alamo in the following particulars:

1. Failing to properly monitor and supervise the activities of Tony Alamo;

2. Providing Tony Alamo a position which engendered trust and gave him authority and power over children and their families, including Plaintiffs herein;

3. Providing Tony Alamo a position and environment which created opportunities for him to take emotional and physical advantage of children, including the Plaintiffs herein;

4. Providing Tony Alamo a position where he would have unsupervised control over children and which engendered trust creating an environment where he would have unsupervised control of children, including Plaintiffs herein;

5. Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant ACTION DISTRIBUTORS INC. knew or should have known that Tony Alamo was peculiarly likely to molest children; and

6. Failing to have proper policies, procedures and protocols in place within the Defendant ACTION DISTRIBUTORS INC.'s organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant ACTION DISTRIBUTORS INC.

Defendant ACTION DISTRIBUTORS INC. employed Tony Alamo and knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.     Vicarious Liability

Because Tony Alamo was an employee/agent of Defendant ACTION DISTRIBUTORS INC., acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant ACTION DISTRIBUTORS INC. is vicariously liable for the actions of Tony Alamo.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO, and STEVE JOHNSON were employees/agents of Defendant ACTION DISTRIBUTORS INC., acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant ACTION DISTRIBUTORS INC. is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.      Transporting

Defendant ACTION DISTRIBUTORS INC. knowingly transported Plaintiffs or coerced Plaintiffs to travel with intent that Plaintiffs engage in sexual activity in violation of 18 U.S.C. §109A.

Specifically, Defendant ACTION DISTRIBUTORS INC. knowingly transported an individual who had not attained the age of 18 years in interstate commerce with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense. Such conduct is unlawful pursuant to 18 U.S.C. §2423 (a). Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant ACTION DISTRIBUTORS INC. arranged, induced, procured, or facilitated the travel of a person knowing that such a person is traveling in interstate commerce for the purpose of engaging in illicit sexual conduct. Defendant ACTION DISTRIBUTORS INC. engaged in such conduct for the purpose of commercial advantage or financial gain. Such conduct is unlawful pursuant to 18 U.S.C. §2423 (d). Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant ACTION DISTRIBUTORS INC. attempted to violate subsection (a) and/or (d) of 18 U.S.C. §2423.  Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant ACTION DISTRIBUTORS INC. conspired to violate subsection (a) and/or (d) of 18 U.S.C. §2423.  Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

E.      18 U.S.C. §1595

Defendant ACTION DISTRIBUTORS INC. recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant ACTION DISTRIBUTORS INC. received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## XII.  PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT ADVANTAGE FOOD GROUP

Defendant ADVANTAGE FOOD GROUP employed Tony Alamo during time periods relevant to this complaint.

A.      Negligent Hiring

Defendant ADVANTAGE FOOD GROUP was negligent in the hiring of Tony Alamo in the following particulars:

1. Failing to properly investigate and examine Tony Alamo's criminal background;

2. Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type of criminal conduct he engaged in while employed by Defendant ADVANTAGE FOOD GROUP and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant ADVANTAGE FOOD GROUP; and

3. Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was unfit for the position of power, trust and authority bestowed upon him by Defendant ADVANTAGE FOOD GROUP.

Defendant ADVANTAGE FOOD GROUP knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant ADVANTAGE FOOD GROUP. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

B. Negligent Supervision and Retention

Defendant ADVANTAGE FOOD GROUP was negligent in the employment, supervision and retention of Tony Alamo in the following particulars:

1. Failing to properly monitor and supervise the activities of Tony Alamo;

2. Providing Tony Alamo a position which engendered trust and gave him authority and power over children and their families, including Plaintiffs herein;

3. Providing Tony Alamo a position and environment which created opportunities for him to take emotional and physical advantage of children, including the Plaintiffs herein;

4.   Providing Tony Alamo a position where he would have unsupervised control over children and which engendered trust creating an environment where he would have unsupervised control of children, including Plaintiffs herein;

5.   Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant ADVANTAGE FOOD GROUP knew or should have known that Tony Alamo was peculiarly likely to molest children; and

6.   Failing to have proper policies, procedures and protocols in place within the Defendant ADVANTAGE FOOD GROUP's organization to ensure dangerous employees, such as Tony Alamo, would not be hired or would not remain employed by Defendant ADVANTAGE FOOD GROUP.

Defendant ADVANTAGE FOOD GROUP employed Tony Alamo and knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.   <u>Vicarious Liability</u>

Because Tony Alamo was an employee/agent of Defendant ADVANTAGE FOOD GROUP, acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant ADVANTAGE FOOD GROUP is vicariously liable for the actions of Tony Alamo.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO, and STEVE JOHNSON were employees/agents of Defendant ADVANTAGE FOOD GROUP, acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant ADVANTAGE FOOD GROUP is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.    Transporting

Defendant ADVANTAGE FOOD GROUP knowingly transported Plaintiffs or coerced Plaintiffs to travel with intent that Plaintiffs engage in sexual activity in violation of 18 U.S.C. §109A.

Specifically, Defendant ADVANTAGE FOOD GROUP knowingly transported an individual who had not attained the age of 18 years in interstate commerce with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense.  Such conduct is unlawful pursuant to 18 U.S.C. §2423 (a). Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant ADVANTAGE FOOD GROUP arranged, induced, procured, or facilitated the travel of a person knowing that such a person is traveling in interstate commerce for the purpose of engaging in illicit sexual conduct. Defendant ADVANTAGE FOOD GROUP engaged in such conduct for the purpose of commercial advantage or financial gain. Such conduct is unlawful pursuant to 18 U.S.C. §2423 (d). Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant ADVANTAGE FOOD GROUP attempted to violate subsection (a) and/or (d) of 18 U.S.C. §2423.  Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant ADVANTAGE FOOD GROUP conspired to violate subsection (a) and/or (d) of 18 U.S.C. §2423.  Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

E.     18 U.S.C. §1595

Defendant ADVANTAGE FOOD GROUP recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant ADVANTAGE FOOD GROUP received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

### XIII.  PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT JEANNE ESTATES APARTMENTS INC.

Defendant JEANNE ESTATES APARTMENTS INC. employed Tony Alamo during time periods relevant to this complaint.

A.     Negligent Hiring

Defendant JEANNE ESTATES APARTMENTS INC. was negligent in the hiring of Tony Alamo in the following particulars:

1.     Failing to properly investigate and examine Tony Alamo's criminal background;

2.     Failing to properly investigate and examine Tony Alamo's prior background which would have revealed behavior and conduct indicating a likelihood that Tony Alamo would engage in the type of criminal conduct he engaged in while employed by Defendant JEANNE ESTATES APARTMENTS INC. and that he was unfit for the position of power, trust and authority bestowed upon him by Defendant JEANNE ESTATES APARTMENTS INC.; and

3.     Failing to properly investigate the social history, psychological, psychosocial, moral and emotional fitness of Tony Alamo prior to

> allowing him to assume a position of trust and power over children as a proper investigation would have revealed Tony Alamo was unfit for the position of power, trust and authority bestowed upon him by JEANNE ESTATES APARTMENTS INC.

Defendant JEANNE ESTATES APARTMENTS INC. knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment with Defendant JEANNE ESTATES APARTMENTS INC. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

B.    Negligent Supervision and Retention

Defendant JEANNE ESTATES APARTMENTS INC. was negligent in the employment, supervision and retention of Tony Alamo in the following particulars:

1.    Failing to properly monitor and supervise the activities of Tony Alamo;

2.    Providing Tony Alamo a position which engendered trust and gave him authority and power over children and their families, including Plaintiffs herein;

3.    Providing Tony Alamo a position and environment which created opportunities for him to take emotional and physical advantage of children, including the Plaintiffs herein;

4.    Providing Tony Alamo a position where he would have unsupervised control over children and which engendered trust creating an environment where he would have unsupervised control of children, including Plaintiffs herein;

5.    Allowing Tony Alamo to come into contact and association with children, including the Plaintiffs herein, when Defendant JEANNE ESTATES APARTMENTS INC. knew or should have known that Tony Alamo was peculiarly likely to molest children; and

6.    Failing to have proper policies, procedures and protocols in place within the Defendant JEANNE ESTATES APARTMENTS INC.'s organization to ensure dangerous employees, such as Tony Alamo,

would not be hired or would not remain employed by Defendant JEANNE ESTATES APARTMENTS INC.

Defendant JEANNE ESTATES APARTMENTS INC. employed Tony Alamo and knew or should have known that Tony Alamo was dangerous to the children he had access to and power over through his employment. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiffs' injuries and damages.

C.    Vicarious Liability

Because Tony Alamo was an employee/agent of Defendant JEANNE ESTATES APARTMENTS INC., acting in the course and scope of his employment at the time of the incidents forming the basis of this suit, Defendant JEANNE ESTATES APARTMENTS INC. is vicariously liable for the actions of Tony Alamo.

Because each of the individual Defendants SALLY DEMOULIN, SHARON ALAMO and STEVE JOHNSON were employees/agents of Defendant JEANNE ESTATES APARTMENTS INC., acting in the course and scope of their employment or agency at the time of the incidents forming the basis of this suit, Defendant JEANNE ESTATES APARTMENTS INC. is vicariously liable for the actions of those individuals.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

D.    Negligence

Defendant JEANNE ESTATES APARTMENTS INC. provided and maintained property that housed Plaintiffs that were subjected to sexual abuse by Tony Alamo.

Obviously, as a result of the acts and omissions of Defendant JEANNE ESTATES APARTMENTS INC., Plaintiffs have suffered, and will continue to suffer, injuries as set forth more fully below.

Defendant JEANNE ESTATES APARTMENTS INC. was negligent in that Defendant JEANNE ESTATES APARTMENTS INC. knew or should have known that Tony Alamo was sexually abusing Plaintiffs but failed to take reasonable steps to stop, prevent, or report the abuse. Such conduct was a proximate cause of Plaintiffs' injuries.

E.    18 U.S.C. §1595

Defendant JEANNE ESTATES APARTMENTS INC. recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant JEANNE ESTATES APARTMENTS INC. received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## XIV. PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT SALLY DEMOULIN

A. Negligence

Defendant SALLY DEMOULIN was an employee of, a leader in, member of, or affiliated with Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., Defendant GLORYLAND CHRISTIAN CHURCH, Defendant TONY

AND SUSAN ALAMO FOUNDATION, and/or MUSIC SQUARE CHURCH INC.
Plaintiffs were members of and affiliated with Defendant TWENTY FIRST CENTURY
HOLINESS TABERNACLE CHURCH INC., Defendant GLORYLAND CHRISTIAN
CHURCH, Defendant TONY AND SUSAN ALAMO FOUNDATION, and/or MUSIC
SQUARE CHURCH INC. SALLY DEMOULIN breached her legal duties to Plaintiffs
by failing to act reasonably.  SALLY DEMOULIN was negligent in the following
particulars:

    1.    failing to investigate complaints that would have revealed that Tony Alamo was engaging in illegal sexual activities with Plaintiffs,

    2.    failing to protect Plaintiffs from Tony Alamo's sexual misconduct, and

    3.    failing to properly supervise Plaintiffs when exposed to Tony Alamo.

These acts and omissions, taken by themselves or in combination, were a
proximate cause of the injuries and damages to Plaintiffs.

B.    <u>Transporting</u>

Defendant SALLY DEMOULIN knowingly transported Plaintiffs or coerced
Plaintiffs to travel with intent that Plaintiffs engage in sexual activity in violation of 18
U.S.C. §109A.

Specifically, Defendant SALLY DEMOULIN knowingly transported an
individual who had not attained the age of 18 years in interstate commerce with intent
that the individual engage in any sexual activity for which any person can be charged
with a criminal offense.  Such conduct is unlawful pursuant to 18 U.S.C. §2423 (a).
Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant SALLY DEMOULIN arranged, induced, procured, or
facilitated the travel of a person knowing that such a person is traveling in interstate

commerce for the purpose of engaging in illicit sexual conduct. Defendant SALLY DEMOULIN engaged in such conduct for the purpose of commercial advantage or financial gain. Such conduct is unlawful pursuant to 18 U.S.C. §2423 (d). Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant SALLY DEMOULIN attempted to violate subsection (a) and/or (d) of 18 U.S.C. §2423. Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant SALLY DEMOULIN conspired to violate subsection (a) and/or (d) of 18 U.S.C. §2423. Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

C.    18 U.S.C. §1595

Defendant SALLY DEMOULIN recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant SALLY DEMOULIN received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## XV. PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT SHARON ALAMO

A.    Negligence

Defendant SHARON ALAMO was an employee of, a leader in, member of, or affiliated with Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., Defendant GLORYLAND CHRISTIAN CHURCH, Defendant TONY AND SUSAN ALAMO FOUNDATION, and/or MUSIC SQUARE CHURCH INC.  Plaintiffs were members of and affiliated with Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., Defendant GLORYLAND CHRISTIAN CHURCH, Defendant TONY AND SUSAN ALAMO FOUNDATION, and/or MUSIC SQUARE CHURCH INC. SHARON ALAMO breached her legal duties to Plaintiffs by failing to act reasonably.  SHARON ALAMO was negligent in the following particulars:

1.      failing to investigate complaints that would have revealed that Tony Alamo was engaging in illegal sexual activities with Plaintiffs,

2.      failing to protect Plaintiffs from Tony Alamo's sexual misconduct, and

3.      failing to properly supervise Plaintiffs when exposed to Tony Alamo.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

B.      <u>18 U.S.C. §1595</u>

Defendant SHARON ALAMO recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant SHARON ALAMO received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## XVI.  PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT STEVE JOHNSON

A.    Negligence

Defendant STEVE JOHNSON was an employee of, a leader in, member of, or affiliated with Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., Defendant GLORYLAND CHRISTIAN CHURCH, Defendant TONY AND SUSAN ALAMO FOUNDATION, and/or MUSIC SQUARE CHURCH INC. Plaintiffs were members of and affiliated with Defendant TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH INC., Defendant GLORYLAND CHRISTIAN CHURCH, Defendant TONY AND SUSAN ALAMO FOUNDATION, and/or MUSIC SQUARE CHURCH INC. STEVE JOHNSON breached his legal duties to Plaintiffs by failing to act reasonably. STEVE JOHNSON was negligent in the following particulars:

(1)    failing to investigate complaints that would have revealed that Tony Alamo was engaging in illegal sexual activities with Plaintiffs,

(2)    failing to protect Plaintiffs from Tony Alamo's sexual misconduct, and

(3)    failing to properly supervise Plaintiffs when exposed to Tony Alamo.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the injuries and damages to Plaintiffs.

B.    Transporting

Defendant STEVE JOHNSON knowingly transported Plaintiffs or coerced Plaintiffs to travel with intent that Plaintiffs engage in sexual activity in violation of 18 U.S.C. §109A.

Specifically, Defendant STEVE JOHNSON knowingly transported an individual who had not attained the age of 18 years in interstate commerce with intent that the

individual engage in any sexual activity for which any person can be charged with a criminal offense.  Such conduct is unlawful pursuant to 18 U.S.C. §2423 (a).  Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant STEVE JOHNSON arranged, induced, procured, or facilitated the travel of a person knowing that such a person is traveling in interstate commerce for the purpose of engaging in illicit sexual conduct.  Defendant STEVE JOHNSON engaged in such conduct for the purpose of commercial advantage or financial gain. Such conduct is unlawful pursuant to 18 U.S.C. §2423 (d).  Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant STEVE JOHNSON attempted to violate subsection (a) and/or (d) of 18 U.S.C. §2423.  Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

Furthermore, Defendant STEVE JOHNSON conspired to violate subsection (a) and/or (d) of 18 U.S.C. §2423.  Plaintiffs assert a civil cause of action pursuant to 18 U.S.C. §2255.

C.      18 U.S.C. §1595

Defendant STEVE JOHNSON recruited, enticed, harbored, transported, provided, obtained, and/or maintained Plaintiffs knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means was used to cause the Plaintiffs to engage in a commercial sex act, or that the Plaintiffs had not attained the age of 18 years and were caused to be in a commercial sex act.

Defendant STEVE JOHNSON received something of value from participation in the venture described above.

Pursuant to 18 U.S.C. §1595 Plaintiffs assert a civil cause of action.

## XVII. PLAINTIFFS' DAMAGES

As a direct and proximate result of the conduct of Defendants described above, Plaintiffs herein have suffered losses and damages in a sum exceeding the jurisdictional limits of the court, for which they sue in this complaint.  Specifically, throughout the periods of molestation described above and continuing to the present day and into the future, Plaintiffs have been frightened, humiliated, embarrassed, confused, distraught and have suffered severe mental anguish, emotional distress and psychological injury that interferes with their ability to carry out the day-to day responsibilities of life, their enjoyment of life and the proper psychological and emotional development.  Therefore, Plaintiffs herein claims the following items of specific damages to date:

1. Reasonable and necessary medical expenses incurred in the past;

2. Reasonable and necessary medical expenses reasonably likely to be incurred in the future;

3. Past physical pain and suffering;

4. Mental anguish and impairment in the past;

5. Mental anguish and impairment in the future;

6. Reasonable attorney fees;

7. Costs of suit;

8. Minimum damages of $150,000.00 as specified by 18 U.S.C. §2255;

9. Pre-judgment interest at the highest rate allowed by law; and

10. Post-judgment interest at the highest rate allowed by law.

## XVIII.  PRAYER

As a result of the facts stated herein and alleged above, Plaintiffs have been made to suffer and sustain, at the hands of Defendants, general and special damages in an amount far in excess of the minimum jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.  Upon a trial of the merits of the above action, based upon the common law and statutory remedies set forth in this petition and others to be proved at the time of trial, Plaintiffs will show that they are entitled to compensation for their injuries suffered at the hands of the Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, as the law directs, and that upon final hearing thereof, Plaintiffs have and recover judgment from Defendants pursuant to the above and foregoing allegations in such amounts as the evidence may show proper at the time of trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate allowed by law, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.  Plaintiffs specifically pray for exemplary damages against Defendants.

Dated:  August 27, 2010                    Respectfully submitted,


MERCY ★ CARTER ★ TIDWELL, L.L.P
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 – Telephone
(903) 794-1268 – Fax

By: _____
     W. David Carter
     wdcarter@texarkanalawyers.com
     Arkansas Bar Number 85025

**NIX, PATTERSON & ROACH, LLP.**
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503
Telephone:  903.223.3999
Facsimile:  903.223.8520

Brady Paddock
bpaddock@nixlawfirm.com
Arkansas Bar Number 93135

**ATTORNEYS FOR PLAINTIFFS**