```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      TEXARKANA DIVISION
```

DESIREE KOLBEK, AMY EDDY,
JEANNETTE ORLANDO, NICOLE FARR,
SUMMER HAGAN, JAMIE RODRIGUEZ,
and PEBBLES RODRIGUEZ                                    PLAINTIFFS

v.                           No. 4:10-CV-04124

TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH INC.,
GLORYLAND CHRISTIAN CHURCH,
ARMFUL OF HELP, TONY AND SUSAN
ALAMO FOUNDATION, MUSIC SQUARE
CHURCH, SJ DISTRIBUTING INC.,
ACTION DISTRIBUTORS INC.,
ADVANTAGE FOOD GROUP, JEANNE
ESTATES APARTMENTS INC.,
RG & ASSOCIATES SECURITY, SALLY
DEMOULIN, SHARON ALAMO, and
STEVE JOHNSON                                            DEFENDANTS

## **OPINION AND ORDER**

Currently before the Court is Plaintiffs' Motion for Edward B. Cloutman to Appear *Pro Hac Vice*. (Doc. 66). Also before the Court are Defendant RG & Associates Security's ("RGS") Response to the Motion (Doc. 73) and supporting brief (Doc. 74) and supplement (Doc. 78). In its response, RGS argues that Cloutman should be denied admission because counsel for Plaintiffs, including Cloutman's firm of Nix, Patterson & Roach, L.L.P., (the "Nix Firm") should be disqualified from representing Plaintiffs in the instant matter. Although no formal Motion for Disqualification was filed by RGS, the Court determined that it would address the disqualification issue as presented in RGS's response. The Court

therefore allowed counsel for Plaintiffs to file Replies in order to respond to RGS's disqualification arguments. Replies were entered on behalf of both David Carter (Doc. 91) and the Nix law firm and its attorneys Brady Paddock, Neil Smith, and Edward Cloutman (Docs. 92-93) (the "Nix Firm lawyers"). The Court, then, being well and sufficiently advised in this matter, and for the reasons reflected herein, finds that Plaintiffs' Motion for Edward B. Cloutman to Appear Pro Hac Vice (Doc. 66) is GRANTED. RGS's Response (Doc. 73) as construed as a Motion to Disqualify is DENIED.

The Court will not further belabor the record in this case with a lengthy recitation of facts or procedure and, instead, turns directly to the issue at hand. It appears from the record that David Carter represented Robert W. Gilmore, purported owner of RGS, in 2001-2002. Carter represented Gilmore individually in a dispute with Regions Bank regarding an allegedly unauthorized debit which arose out of a personal guaranty signed by Gilmore to secure a pick-up truck on behalf of another individual. Carter claims to have no independent memory of this representation, but the "closed client" file produced by Carter shows that the representation was limited – amounting to a few phone calls and letters. (Doc. 91-2). Mr. Carter spent a total of 5.2 hours working on the matter. *Id.* It is on the basis of this representation that RGS now seeks to disqualify Carter. RGS seeks disqualification of the Nix Firm

lawyers only by association.

Counsel appearing before this Court are subject to the standards for professional conduct set forth in the Model Rules of Professional Conduct, which the Arkansas Supreme Court and this federal court have adopted. *See* Local Rule Appendix, Rule IV(B). Under Rule 1.9 of the Model Rules of Professional Conduct ("Model Rules"):

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person *in the same or a substantially related matter* in which that person's interests are materially adverse to the interest of the former client . . .

(emphasis added). Thus, the threshold question herein presented is whether Mr. Carter's representation of Plaintiffs in the instant matter and his prior representation of Robert Gilmore in the Regions Bank repossession dispute of 2001-2002 are "the same or a substantially related matter."

The comments to the Rule 1.9 provide some guidance:

> Matters are 'substantially related for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

(Model Rule 1.9, Comment 3). The comments provide further:

> Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are

substantially related.

*Id.* Based on a straightforward application of these Model Rules, Mr. Carter's representation of Robert Gilmore individually, a decade ago, in a matter wholly unrelated to the instant matter, cannot be grounds for disqualification of Mr. Carter in this case. Upon thorough review of the record, the Court finds that the two cases do not involve the same transaction or legal dispute, nor is there a substantial risk that confidential information obtained in the prior representation would materially advance either Plaintiffs' or RGS's position in the current matter. Furthermore, because the Court finds that no grounds exist for disqualification of David Carter, the Nix Firm lawyers cannot be disqualified by association. RGS's Response (Doc. 73) as construed as a Motion to Disqualify is, therefore, DENIED.

Having thus disposed of the disqualification issue, and finding no other issues which would bar Mr. Cloutman's admission, the Court ORDERS that Plaintiffs' Motion for Edward B. Cloutman to Appear *Pro Hac Vice* (Doc. 66) be GRANTED. Edward B. Cloutman is directed to immediately register as a CM/ECF user if he has not already done so and to enter his appearance in this matter.

IT IS SO ORDERED this 17th day of June 2011.

*/s/Paul K. Holmes,* III

                              **PAUL K. HOLMES, III**
                              **UNITED STATES DISTRICT JUDGE**