```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   TEXARKANA DIVISION

DESIREE KOLBEK, AMY EDDY,
JEANNETTE ORLANDO, NICOLE FARR,
SUMMER HAGAN, JAMIE RODRIGUEZ,
and PEBBLES RODRIGUEZ                                PLAINTIFFS

v.                    No. 4:10-CV-04124

TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH INC.,
GLORYLAND CHRISTIAN CHURCH,
ARMFUL OF HELP, TONY AND SUSAN
ALAMO FOUNDATION, MUSIC SQUARE
CHURCH, SJ DISTRIBUTING INC.,
ACTION DISTRIBUTORS INC.,
ADVANTAGE FOOD GROUP, JEANNE
ESTATES APARTMENTS INC.,
RG & ASSOCIATES SECURITY, SALLY
DEMOULIN, SHARON ALAMO, and
STEVE JOHNSON                                        DEFENDANTS
```

**OPINION AND ORDER**

Currently before the Court are Defendant RG & Associates Security's ("RGS") First Motion to Dismiss and Subject Thereto, Alternative Motion to Strike and for More Definite Statement (Doc. 46) and brief in support (Doc. 47) and supplement (Doc. 51) as well as Plaintiffs' Response (Doc. 62) and RGS's Reply (Doc. 85). Also before the Court are Plaintiffs' Motion to Amend/Correct Complaint (Doc. 54), RGS's Response (Doc. 56) and brief in support (Doc. 57), and Plaintiffs' Reply. In its discretion, the Court has considered all filings concerning these motions, and has reviewed the voluminous filings extensively. For the reasons reflected herein, the Court finds that Defendant RGS's Motion to Dismiss should be

DENIED. RGS's Alternative Motions to Strike and for Definite Statement are also DENIED. Plaintiffs' Motion to Amend/Correct Complaint is GRANTED.

RGS argues that Plaintiffs' Second Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1),(2),(3),(4), or (5) for various reasons stemming largely from the assertion that Plaintiffs misidentified RGS as a corporation. RGS also argues that Plaintiffs' Second Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. In the alternative, in the event that the Court rules against dismissal, RGS argues that the Court should order Plaintiffs to provide a more definite statement and/or strike portions of Plaintiffs' Second Amended Complaint that it alleges are scandalous, impertinent or immaterial. Plaintiffs argue that their Second Amended Complaint more than satisfies the pleading requirements as set forth in Federal Rule of Civil Procedure 8. They further argue that their pleadings are not so ambiguous as to require a more definite statement nor so scandalous, impertinent or immaterial so as to require striking any portions thereof. The Court will address each issue in turn.

**I. Standard of Review**

All that is required under Federal Rule of Civil Procedure 8 is that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). In ruling on a 12(b)(6) motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *see also Whitehead v. Delta Beverage Group, Inc.*, 2006 U.S. Dist. LEXIS 93493 (W.D. Ark. 2006). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

A motion to dismiss should not be granted merely because the complaint does not state with precision all elements that give rise to a legal basis for recovery. *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999)(citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974). "Specificity sufficient to supply fair notice of the nature of the action will withstand a motion under Rule 12(b)(6)." *Bramlet*, 495 F.2d at 716. In reviewing the sufficiency of Plaintiffs' complaint, the issue is not whether Plaintiffs' will ultimately prevail, but whether Plaintiffs are entitled to offer

evidence to support their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Supreme Court has described the Rule 8 standard as not requiring "detailed factual allegations," but demanding "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal quotations and citations omitted). A complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))(emphasis added).

**II. Discussion**

As Judge Hendren found of Plaintiffs' First Amended Complaint, Plaintiffs' Second Amended Complaint goes well beyond Rule 8's requirement to plead a "short and plan statement of the claim . . ." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Court has reviewed the Second Amended Complaint and all the voluminous filings related to the motions currently before the Court and, without needlessly recounting the background details of the case common to all the Defendants, herein outlines those pleadings that the Court finds to be relevant to RGS's Motion to Dismiss under Rule 12(b)(6).

Plaintiffs allege that RGS was hired to protect the property and its members. *Id.* at ¶ 287. As RGS recognized in its Motion to Dismiss (Doc. 46 at ¶ 16), Plaintiffs Second Amended Complaint also included the following relevant factual allegations concerning RGS:

> Defendant RGS breached its legal duty to Plaintiffs when it failed to act reasonably. RGS facilitated Tony Alamo's access to children during its normal business hours and normal course of business by protecting outsiders from entering the property and keeping the Plaintiffs from leaving. This action allowed Tony Alamo to sexually and physically abuse the Plaintiffs. Defendant RGS failed to protect Plaintiffs from sexual abuse and physical beatings ... RGS was negligent in the following particulars:
>
>> a. failing to investigate complaints made by RGS agents that would have revealed that Tony Alamo and other adult male church members were engaging in illegal sexual activities with Plaintiffs,
>>
>> b. failing to protect Plaintiffs from Tony Alamo's sexual misconduct, and
>>
>> c. failing to report child abuse after RGS has [sic] reasonable cause to suspect that a child had been subject to child mistreatment.

(Doc. 39 at ¶ 288). Plaintiffs cite a specific instance alleging that RGS's "official response" was to "ignore" a complaint made by an RSG security guard working on church property who allegedly observed a clergy member receiving oral sex from an underage girl living in Alamo's home. *Id.* at ¶ 289. Finally, Plaintiffs allege that RGS's acts and omissions were a proximate cause of the injuries and damages to Plaintiffs. *Id.* at ¶ 290.

The above-outlined allegations made by the Plaintiffs contain sufficient factual allegations of negligence to clear the low bar set by Federal Rule of Civil Procedure 8. Any further inquiry into the factual or legal sufficiency of these allegations would be more

appropriate at the summary judgment or trial stage, after the parties have had the benefit of adequate discovery. At this stage of the litigation, the Court's inquiry is limited to whether the information found on the face of the pleadings is sufficient to fulfill the notice pleading requirements as set forth in Rule 8. Thus, the Court must ascertain whether Plaintiffs have alleged facts that "demonstrate more than a sheer possibility" that they will be successful on the merits of their claim of negligence against RGS. *Twombly*, 550 U.S. at 563. The Court finds that Plaintiffs' Second Amended Complaint easily satisfies this low threshold. Perhaps Plaintiffs did not frame their allegations in quite the same way that RGS would have, but that does not mean that they are insufficient.

Furthermore, the Court has reviewed RGS's arguments for dismissal under the various remaining sections of Rule 12(b) and finds no grounds for dismissal. The majority of the arguments made by RGS under Rule 12(b)(1-5) seem to stem from the common assertion that RGS was sued in the wrong capacity. This defect can, and should, be cured by allowing Plaintiffs to amend their complaint. The Court should freely grant leave for a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). RGS argues that Plaintiffs' Motion to Amend should be denied as futile, among other things. However, the Court finds that the arguments advanced by RGS are either not relevant to the Motion to

Amend or without merit. RGS does not dispute that the proposed amendment would correctly identify RGS. Any other alleged remaining deficiencies were not appropriately raised in response to Plaintiffs' Motion, which sought only to correct the misidentification of RGS. Plaintiffs' Motion to Amend/Correct Complaint is therefore GRANTED. Any other arguments advanced by RGS under Rule 12(b)(1-5) the Court finds to be without merit. RGS's Motion to Dismiss is therefore DENIED.

As the Court has found that the requirements for notice pleading have been met, a more definite statement from the Plaintiffs is not necessary in this case. The Plaintiffs' Second Amended Complaint is not "so vague or ambiguous that [RGS] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). RGS's alternative Motion for More Definite Statement is, therefore, DENIED. Furthermore, the Court finds no matter in Plaintiffs' Second Amended Complaint to be so "redundant, immaterial, impertinent, or scandalous" such that it should be stricken from the pleading. Fed. R. Civ. P. 12(f). RGS's alternative Motion to Strike portions of Plaintiffs' Second Amended Complaint is likewise DENIED.

## III. Conclusion

For the reasons set forth above, the Court hereby **ORDERS** that Defendant RGS's Motion to Dismiss (Doc. 46) be **DENIED.**

**IT IS FURTHER ORDERED** that Defendant RGS's alternative Motions

to Strike and for More Definite Statement (Doc. 46) be likewise **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend/Correct Complaint be **GRANTED**. Accordingly, Plaintiffs are directed to file their amended complaint within five (5) days, and Defendants shall have ten (10) days from the date of the filing in which to file an answer or amended answer.

IT IS SO ORDERED this 22nd day of June 2011.

　　　　　　　　　　　　　　　　　/s/ Paul K. Holmes, III
　　　　　　　　　　　　　　　　　**PAUL K. HOLMES, III**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**