IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
AUG 30 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| **DESIREE KOLBEK, et al.** | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.4:10-CV-04124-PKH |
| **TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH, INC., et al.** | ) |
| Defendants, | ) |
| **STEVE JOHNSON, et al.** Third Party Plaintiffs, | ) |
| vs. | ) |
| **JENNIFER KOLBEK, et al.** | ) |
| Third Party Defendants. | ) |

## THIRD PARTY COMPLAINT

Come now Separate Defendant and Third Party Plaintiffs Steve Johnson, by and through his attorneys, and Jeanne Estates Apartments, Inc., by and through its attorneys [together, "Separate Defendants"], and for their Third Party Complaint against Third Party Defendants, Jennifer Kolbek, Lamont Eddy, Susan Davis, Joseph Orlando, Elenora Orlando, Terry Farr, Lisa Penman, James Rodriguez, Nicole Rodriguez, Dennis Hagan, Robin Hagan, Lee King, and Alaina King, state as follows:

1. Jennifer Kolbek is an individual who was the parent or guardian of Plaintiff, Desiree Kolbek, at all times relevant to this cause of action, whose address is currently unknown and who is alleged by Plaintiffs to be a fugitive from justice.

---

Third Party Complaint   Page 1
*Kolbek, et al v. Twenty First Century Holiness Tabernacle Church, Inc., et al*

2. Lamont Eddy is an individual who was the parent or guardian of Plaintiff, Amy Eddy, at all times relevant to this case of action and who resides at 128 SW 45th Street, Oklahoma City, Oklahoma 73109-7506 and may be served with process at that address.

3. Susan Eddy Davis is an individual who was the parent or guardian of Plaintiff, Amy Eddy, at all times relevant to this cause of action and who resides at 427 North 40th Street, Fort Smith, Arkansas 72903-1807 and may be served with process at that address.

4. Joseph Orlando is an individual who was the parent or guardian of Plaintiff, Jeanette Orlando, at all times relevant to this cause of action and who resides at 3430 Summit Blvd., Pensacola, Florida 32503-4302 and may be served with process at that address.

5. Elenora Orlando is an individual who was the parent or guardian of Plaintiff, Jeanette Orlando, at all times relevant to this cause of action and who resides at 3430 Summit Blvd., Pensacola, Florida 32503-4302 and may be served with process at that address.

6. Terry Farr is an individual who was the parent or guardian of Plaintiff, Nikki Far, at all times relevant to this cause of action and who resides at 868 Figuero Terrace, Apt. 6, Los Angeles, California 90012-3182 and may be served with process at that address.

7. Lisa Farr Penman is an individual who was the parent or guardian of Plaintiff, Nikki Farr, at all times relevant to this cause of action and who resides at 520 Colorado Avenue, Apt. 12, Santa Monica, California 90401-2408 or 3662 Fairway Blvd., Los Angeles, California 90034 and may be served with process at that address.

8. Dennis Hagan is an individual who was the parent or guardian of Plaintiff, Summer Hagan, at all times relevant to this cause of action and who resides at P.O. Box 131, 218 West Redcutt Road, Fouke, Arkansas 71837-0131 and may be served with process at that address.

9. Robin Hagan is an individual who was the parent or guardian of Plaintiff, Summer Hagan, at all times relevant to this cause of action and who resides at P.O. Box 131, 218 West Redcutt Road, Fouke, Arkansas 71837-0131 and may be served with process at that address.

10. James Rodriguez is an individual who was the parent or guardian of Plaintiff, Jamie Rodriguez, at all times relevant to this cause of action and who resides at 717 Harriman Place, San Antonio, Texas 78207-7921 and may be served with process at that address.

11. Nicole Rodriguez is an individual who was the parent or guardian of Plaintiff, Jamie Rodriguez, at all times relevant to this cause of action and who resides at 717 Harriman Place, San Antonio, Texas 78207-7921 and may be served with process at that address.

12. Lee King is an individual who was the parent or guardian of Plaintiff, Pebbles Rodriguez, at all times relevant to this cause of action and whose address is currently unknown.

13. Alaina King or Rosa King is an individual who was the parent or guardian of Plaintiff, Pebbles Rodriguez, at all times relevant to this cause of action and who resides at 106 Northeast Main Street, Newcastle, Oklahoma and may be served with process at that address.

14. All Third Party Defendants named herein are or were members of the Tony Alamo Christian Ministries Church such that they have purposefully availed themselves of the benefits of the laws of the jurisdiction in which this Court exists so as to provide this Court with personal jurisdiction over each of them.

15. This Court has jurisdiction over the claims asserted in this Third Party Complaint pursuant to 28 U.S.C. §§ 1331 and 1367. The addition of the above-named individuals as Third Party Defendants to this lawsuit does not destroy the Court's jurisdiction of the parties to the

lawsuit or the subject matter thereto. Likewise, venue remains proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and Fed. R. Civ. P. 14.

## FACTS

16. Without admitting the averments contained in Plaintiffs' Third Amended Complaint, all of which have been denied and which are subject to the affirmative defenses raised by Separate Defendants, Separate Defendants hereby incorporate by reference Plaintiffs' Third Amended Complaint pursuant to Fed. R. Civ. P. 10(c). *See* Plaintiffs' Third Amended Complaint, attached as "Exhibit B".

17. By way of background, Plaintiffs filed their Complaint against all but one Defendant on August 27, 2010, alleging causes of action for negligent hiring, negligent supervision and retention, vicarious liability, negligence, violations of 18 U.S.C. §1595, and transportation in violation of 18 U.S.C. §109A.

18. Plaintiffs filed a First Amended Complaint on December 21, 2010, adding Robert W. Gilmore d/b/a RG & Associates Security ("RGA") as a Separate Defendant, and adding claims of premises liability and joint venture liability.

19. Plaintiffs have filed Second and Third Amended Complaints on April 1, 2011, and June 23, 2011, respectively, but throughout the amendments, their claims and the parties have remained primarily the same.

20. In responding to Plaintiffs' Third Amended Complaint, RGA filed a crossclaim against all other Separate Defendants for contribution under the Uniform Contribution Among Joint Tortfeasors Act, or for indemnification, for any of Plaintiffs' claims for which it may be found liable.

21. Plaintiffs' lawsuit seeks general and special damages for various items, including medical expenses, physical pain and suffering, mental anguish, attorney fees, costs, and interests, as a result of claims based on the actions of Tony Alamo.

22. Third Party Defendants are or were members of TACM and, through their membership, introduced Plaintiffs to Tony Alamo.

23. Third Party Defendants were, at all times relevant, the parents and legal guardians of Plaintiffs.

24. Plaintiffs have stated that they were "raised to believe that becoming Alamo's wife was the most fortunate thing that could happen to [them]." *See* Plf. Summer Hagan's Obj. and Ans. to Def. RG & Assoc. Security's First Interr., at 6; Plf. Pebbles Rodriguez's Obj. and Ans. to Def. RG & Assoc. Security's First Interr., at 6; Plf. Amy Eddy's Obj. and Ans. to Def. RG & Assoc. Security's First Interr., at 5; Plf. Desiree Kolbek's Supp. Obj. and Ans. to Def. RG & Assoc. Security's First Interr. at 5; Plf. Nicole Farr's Supp. Obj. and Ans. to Def. RG & Assoc. Security's First Interr. at 5.

25. In the case of each and every Plaintiff, her parents, Third Party Defendants either consented to, allowed, or made arrangements for her to live in the home of Tony Alamo.

26. Third Party Defendants were aware that Tony Alamo lived in a residence with numerous women and no other adult males.

27. In several instances, these Third Party Defendants were informed, just prior to or during the time that their respective daughters moved into Tony Alamo's home, that he intended to marry their minor daughters.

28. Third Party Defendants allowed Tony Alamo to tell them when they could and could not speak to and visit their minor children, which was allowed very infrequently.

29. Third Party Defendants were the family of and the adults closest to Plaintiffs, charged with the spiritual, moral and legal responsibility for their children and possessing the greatest ability to prevent harm to Plaintiffs, but they consented to and allowed Plaintiffs to enter into the arrangements with Tony Alamo that ultimately led to the actions underlying his criminal convictions.

## COUNTS

30. The averments contained in Plaintiffs' Third Amended Complaint are reasserted as if set forth fully herein against Jennifer Kolbek; Lamont Eddy; Susan Eddy Davis; Joseph Orlando; Elenora Orlando; Terry Farr; Lisa Farr Penman; Dennis Hagan; Robin Hagan; James Rodriguez; Nicole Rodriguez; Lee King; and Alaina King.

31. Third Party Defendants were, at the time of the incidents giving rise to this lawsuit, the parents and legal guardians of Plaintiffs. As such, each Third Party Defendant owed his or her respective daughter and Plaintiff a duty to act with reasonable care in his or her capacity as parent and guardian.

32. These Third Party Defendants unreasonably provided Tony Alamo with unrestricted access to Plaintiffs.

33. If Plaintiffs prove the allegations set forth in their Third Amended Complaint, then each Third Party Defendant breached the duty of care and is liable for negligence.

34. As a result of that breach, Plaintiffs proximately caused any damages proven by Plaintiffs to have been sustained.

35. Accordingly, Third Party Defendants are individually, jointly and severally liable for contribution to Separate Defendants for Plaintiffs' claims against Separate Defendants in this matter pursuant to the Arkansas Uniform Contribution Among Joint Tortfeasors Act, codified at

Ark. Code Ann. § 16-61-201 *et seq.*, and/or for indemnity for any and all amounts awarded to Plaintiffs.

36. Pursuant to Fed. R. Civ. P. 10(c), Separate Defendants hereby adopt and incorporate the allegations, affirmative defenses and prayers for relief contained and set forth in the pleadings previously filed by Separate Defendants in this matter.

**WHEREFORE,** Separate Defendants and Third Party Plaintiffs Steve Johnson and Jeanne Estates Apartments, Inc. pray that the above-named Third Party Defendants be added as parties to the instant litigation; that such Third Party Defendants be held solely responsible, or alternatively, jointly and severally liable with Steve Johnson and Jeanne Estates, for any and all damages awarded to Plaintiffs at this trial; for their costs and attorney's fees; and for all other relief to which they may be entitled.

Respectfully Submitted,

J. David Crisp
John D. Crisp, Jr.
**CRISP & FREEZE**
1921 Moores Lane
Texarkana, Texas 75503
Telephone:     903-831-4004
Facsimile:       903-831-4006

By: _____
    J. David Crisp, Sr.
    Arkansas Bar No. 79043

Brian Wood
**BENSON & WOOD, P.L.L.C.**
P.O. Box 8790
Fayetteville, Arkansas 72703-8790

Dennis Chambers
**ATCHLEY, RUSSELL, WALDROP & HLAVINKA, L.L.P.**
1710 Moores Lane
Texarkana, Texas 75503

Attorneys for Separate Defendant,
STEVE JOHNSON

Stuart P. Miller
Megan C. Gammill
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
(501) 688-8896 phone
(501) 918-7896 fax

Attorneys for Separate Defendant,
JEANNE ESTATES APARTMENTS, INC.

## CERTIFICATE OF SERVICE

I, John D. Crisp, Jr., do hereby certify that a true and correct copy of the above and foregoing pleading has been sent via electronic mail to the following on this 30th day of August, 2011.

William David Carter
wdcarter@texarkanalawyers.com

John Wesley Hall
forhall@aol.com

Louis Bradon Paddock
bpaddock@nixlawfirm.com

D. Neil Smith
dneilsmith@mac.com

Robert T. Veon
robert.veon@veonfirm.com

Edward B. Cloutman
edcloutman@nixlawfirm.com

Jonathan W. Beck
jwbeck@dnmlawfirm.com

R. Gary Nutter
rgnutter@dnmlawfirm.com

_____
John D. Crisp, Jr.