IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
AUG 3 0 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | | |
|---|---|---|
| DESIREE KOLBEK, et al,<br>Plaintiffs | §<br>§<br>§ | |
| VS. | § | NO. 4:10-cv-04124-PKH |
| TWENTY FIRST CENTURY<br>HOLINESS TABERNACLE<br>CHURCH, INC., et al,<br>Defendants | §<br>§<br>§<br>§<br>§<br>§ | |
| ADVANTAGE FOOD GROUP, et al,<br>Third Party Plaintiffs | §<br>§<br>§ | |
| VS. | §<br>§ | |
| JENNIFER KOLBEK, et al,<br>Third Party Defendants | §<br>§ | |

## THIRD PARTY COMPLAINT

Comes now Separate Defendant Advantage Food Group (AFG), by and through its attorneys, and for its Third Party Complaint against Third Party Defendants, Jennifer Kolbek, Lamont Eddy, Susan Davis, Joseph Orlando, Elenora Orlando, Terry Farr, Lisa Penman, James Rodriguez, Nicole Rodriguez, Dennis Hagan, Robin Hagan, Lee King, and Alaina King, states as follows:

1. Jennifer Kolbek is an individual who was the parent or guardian of Plaintiff, Desiree Kolbek, at all times relevant to this cause of action, whose address is currently unknown and who is alleged by Plaintiffs to be a fugitive from justice.

2. Lamont Eddy is an individual who was the parent or guardian of Plaintiff, Amy Eddy, at all times relevant to this case of action and who resides at 128 SW 45th Street, Oklahoma City, Oklahoma 73109-7506 and may be served with process at that address.

3. Susan Eddy Davis is an individual who was the parent or guardian of Plaintiff, Amy Eddy, at all times relevant to this cause of action and who resides at 427 North 40th Street, Fort Smith, Arkansas 72903-1807 and may be served with process at that address.

4. Joseph Orlando is an individual who was the parent or guardian of Plaintiff, Jeanette Orlando, at all times relevant to this cause of action and who resides at 3430 Summit Blvd., Pensacola, Florida 32503-4302 and may be served with process at that address.

5. Elenora Orlando is an individual who was the parent or guardian of Plaintiff, Jeanette Orlando, at all times relevant to this cause of action and who resides at 3430 Summit Blvd., Pensacola, Florida 32503-4302 and may be served with process at that address.

6. Terry Farr is an individual who was the parent or guardian of Plaintiff, Nikki Far, at all times relevant to this cause of action and who resides at 868 Figuero Terrace, Apt. 6, Los Angeles, California 90012-3182 and may be served with process at that address.

7. Lisa Farr Penman is an individual who was the parent or guardian of Plaintiff, Nikki Farr, at all times relevant to this cause of action and who resides at 520 Colorado Avenue, Apt. 12, Santa Monica, California 90401-2408 or 3662 Fairway Blvd., Los Angeles, California 90034 and may be served with process at that address.

8. Dennis Hagan is an individual who was the parent or guardian of Plaintiff, Summer Hagan, at all times relevant to this cause of action and who resides at P.O. Box 131, 218 West Redcutt Road, Fouke, Arkansas 71837-0131 and may be served with process at that address.

9. Robin Hagan is an individual who was the parent or guardian of Plaintiff, Summer Hagan, at all times relevant to this cause of action and who resides at P.O. Box 131, 218 West Redcutt Road, Fouke, Arkansas 71837-0131 and may be served with process at that address.

10. James Rodriguez is an individual who was the parent or guardian of Plaintiff, Jamie Rodriguez, at all times relevant to this cause of action and who resides at 717 Harriman Place, San Antonio, Texas 78207-7921 and may be served with process at that address.

11. Nicole Rodriguez is an individual who was the parent or guardian of Plaintiff, Jamie Rodriguez, at all times relevant to this cause of action and who resides at 717 Harriman Place, San Antonio, Texas 78207-7921 and may be served with process at that address.

12. Lee King is an individual who was the parent or guardian of Plaintiff, Pebbles Rodriguez, at all times relevant to this cause of action and whose address is currently unknown.

13. Alaina King or Rosa King is an individual who was the parent or guardian of Plaintiff, Pebbles Rodriguez, at all times relevant to this cause of action and who resides at 106 Northeast Main Street, Newcastle, Oklahoma 73065 and may be served with process at that address.

14. All Third Party Defendants named herein have purposefully availed themselves of the benefits of the laws of the jurisdiction in which this Court exists so as to provide this Court with personal jurisdiction over each of them.

15. This Court has jurisdiction over the claims asserted in this Third Party Complaint pursuant to 28 U.S.C. §§ 1331 and 1367. The addition of the above-named individuals as Third Party Defendants to this lawsuit does not destroy the Court's jurisdiction of the parties to the lawsuit or the subject matter thereto. Likewise, venue remains proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and Fed. R. Civ. P. 14.

16. Without admitting the averments contained in Plaintiffs' Third Amended Complaint, all of which AFG denies and which are subject to the affirmative defenses raised by AFG, AFG hereby incorporates by reference Plaintiffs' Third Amended Complaint pursuant to Fed. R. Civ. P. 10(c). *See* Plaintiffs' Third Amended Complaint, attached as "Exhibit B".

17. By way of background, Plaintiffs filed their Complaint against all but one Defendant on August 27, 2010, alleging causes of action for negligent hiring, negligent supervision and retention, vicarious liability, negligence, civil causes of action under 18 U.S.C. §2255, and civil causes of action under 18 U.S.C. §1595.

18. Plaintiffs filed a First Amended Complaint on December 21, 2010, adding Robert W. Gilmore d/b/a RG & Associates Security (RGA) as a Separate Defendant, and adding claims of premises liability and joint venture liability.

19. Plaintiffs have filed Second and Third Amended Complaints on April 1, 2011, and June 23, 2011, respectively, but throughout the amendments, their claims and the parties have remained primarily the same.

20. In responding to Plaintiffs' Third Amended Complaint, RGA filed a cross claim against all other Separate Defendants for contribution under the Uniform Contribution Among Joint Tortfeasors Act, or for indemnification, for any of Plaintiffs' claims for which it may be found liable.

21. On July 15, 2011, RGA filed a Third Party Complaint against Bernie Lazar Hoffman, a/k/a Tony Alamo; Joseph Orlando; Elenora Orlando; James Rodriguez; Nikki Rodriguez; Lamont Eddy; Sue or Susan Eddy Davis; Dennis Hagan; Robin Hagan; Nikki Farr; Lisa Farr Penman; Jennifer Kolbek; Lee King; and Alaina and/or Rosa King.

22. On August 8, 2011, Separate Defendants Steve Johnson and Jeanne Estates Apartments, Inc. filed a Joint Motion for Leave to File a Third Party Complaint in order to file a Third Party Complaint against Jennifer Kolbek, Lamont Eddy, Susan Davis, Joseph Orlando, Elenora Orlando, Terry Farr, Lisa Penman, James Rodriguez, Nicole Rodriguez, Denis Hagan, Robin Hagan, Lee King, and Alaina King as parents or guardians of the Plaintiffs who would have superior responsibility to the Plaintiffs concerning their claims.

23. Plaintiffs' lawsuit seeks general and special damages for various items, including medical expenses, physical pain and suffering, mental anguish, attorney fees, costs, and interests, as a result of claims based on the actions of Tony Alamo.

24. Third Party Defendants introduced Plaintiffs to Tony Alamo.

25. Third Party Defendants were, at all times relevant, the parents and legal guardians of Plaintiffs.

26. Plaintiffs have stated that they were "raised to believe that becoming Alamo's wife was the most fortunate thing that could happen to [them)." *See* Plf. Summer Hagan's Obj. and Ans. to Def. RGA's First Interr., at 6; Plf. Pebbles Rodriguez's Obj. and Ans. to Def. RGA's First Interr., at 6; Plf. Amy Eddy's Obj. and Ans. to Def. RGA's First Interr., at 5; Plf. Desiree Kolbek's Supp. Obj. and Ans. to Def. RGA's First Interr. at 5; Plf. Nicole Farr's Supp. Obj. and Ans. to Def. RGA's First Interr. at 5.

27. Third Party Defendants are responsible for each of the Plaintiffs' living arrangements.

28. Third Party Defendants were the family of and the adults closest to Plaintiffs, charged with the spiritual, moral, and legal responsibility for their children and possessing the greatest ability to prevent harm to Plaintiffs.

29. If Plaintiffs suffered harm as alleged, the actions of the Third Party Defendants were a greater cause of the harm than any action that AFG may or may not have taken.

30. The averments contained in Plaintiffs' Third Amended Complaint are reasserted as if set forth fully herein against Jennifer Kolbek; Lamont Eddy; Susan Eddy Davis; Joseph Orlando;

Elenora Orlando; Terry Farr; Lisa Farr Penman; Dennis Hagan; Robin Hagan; James Rodriguez; Nicole Rodriguez; Lee King; and Alaina King instead of against AFG.

31. Third Party Defendants were, at the time of the incidents giving rise to this lawsuit, the parents and legal guardians of Plaintiffs. As such, each Third Party Defendant owed his or her respective daughter and Plaintiff a duty to act with reasonable care in his or her capacity as parent and guardian.

32. If Plaintiffs prove the allegations set forth in their Third Amended Complaint, the Third Party Defendants failed to meet the duty to act with reasonable care in his or her capacity as parent and guardian and is liable for negligence.

33. As a result of that breach, Third Party Defendants proximately caused any damages proven by Plaintiffs to have been sustained.

34. Accordingly, Third Party Defendants are individually, jointly, and severally liable for contribution to AFG for Plaintiffs' claims against AFG in this matter pursuant to the Arkansas Uniform Contribution Among Joint Tortfeasors Act, codified at Ark. Code Ann. § 16-61-201 *et seq"* and/or for indemnity for any and all amounts awarded to Plaintiffs.

35. Pursuant to Fed. R. Civ. P. 10(c), AFG hereby adopts and incorporates the allegations, affirmative defenses, and prayers for relief contained and set forth in the pleadings previously filed by AFG in this matter.

**WHEREFORE,** Separate Defendant and Third Party Plaintiff Advantage Food Group prays that the above-named Third Party Defendants be added as parties to the instant litigation; that such Third Party Defendants be held solely responsible, or alternatively, jointly and severally liable with Advantage Food Group, for any and all damages awarded to Plaintiffs at this trial; for their costs and attorney's fees; and for all other relief to which it may be entitled.

Respectfully submitted,

**DUNN, NUTTER & MORGAN, L.L.P.**
3601 Richmond Road
Texarkana, Texas 75503-0716
Telephone: 903-793-5651
Telecopier: 903-794-5651
Email: rgnutter@dnmlawfirm.com
Email: jwbeck@dnmlawfirm.com

By: /s/ Jon Beck

**Jonathan William Beck**
AR Bar No. 2009124
**R. Gary Nutter**
AR Bar No. 71058

**Attorneys for Separate Defendant**
**Advantage Food Group**

## CERTIFICATE OF SERVICE

I, Jonathan William Beck, one of the attorneys for Advantage Food Group, hereby certify that on this 30th day of August, 2011, I electronically filed the foregoing Third Party Complaint with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

William David Carter
wdcarter@texarkanalawyers.com

Louis Bradon Paddock
bpaddock@nixlawfirm.com

D. Neil Smith
dneilsmith@mac.com

Edward B. Cloutman
edcloutman@nixlawfirm.com

J. Dennis Chambers
dchambers@arwhlaw.com

Catherine Melissa Corless
ccorless@mwlaw.com

Brian Wood
bwood@bensonwoodlaw.com

J. David Crisp
dcrisp@crispfreeze.com

John D. Crisp, Jr.
jcrisp@crispfreeze.com

Megan Cecily Gammill
mgammill@mwlaw.com

Stuart P. Miller
smiller@mwlaw.com

Robert Thompson Veon
robert.veon@veonfirm.com

John Wesley Hall, Jr.
forhall@aol.com

/s/ Jonathan William Beck
**Jonathan William Beck**