IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESIREE KOLBEK et al                                                        PLAINTIFFS

v.                                      Case No. 4:10-CV-04124

TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC. et al                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are nineteen (19) separate motions filed by the parties in this case. All of which have been filed within a period of approximately nine weeks. Also before the Court are the various accompanying documents in support, responses, replies, sur-replies, adoptions, etc. filed in relation to the currently pending motions. While the Court has strived diligently to stay on top of the filings in this case, the Court notes that this is not the only case it has on its docket, and the proliferation of filings in this case, which the Court deems are often unnecessary or duplicative, only complicates and delays the matter further. The Court recognizes that this is an unusually complex matter, involving many litigants. However, the Court continues to encourage all parties and counsel to work together to resolve matters without court intervention whenever possible. Communication between the parties, or lack thereof, seems to be a recurring issue raised in the various filings, and miscommunication and misunderstandings often result in a flurry of yet more docket entries.

Most recently, the parties have engaged in a bout of frantic filing related to the issue of the application of a stay in this case. The Alamo Defendants[1] first filed a Motion to Stay on October 18,

---

[1] Twenty First Century Holiness Tabernacle Church, Inc., Gloryland Christian Church, Armful of Help, Tony and Susan Alamo Foundation, Music Square Church, SJ Distributing, Inc., Action Distributors, Inc., Sharon Alamo, Sally Demoulin, and Bernie Lazar Hoffman a/k/a Tony Alamo

2011 (Doc. 196). This was then followed by four parallel, separate motions or "suggestions" by Jeanne Estates Apartments, Inc. ("JEA") (Doc. 197), Advantage Food Group ("AFG") (Doc. 199), Robert Gilmore (Doc. 201), and Steve Johnson (Doc. 208). The Alamo Defendants also filed a purported Memorandum in Support and Supplement to their Motion to Stay (Doc. 209), which was incorporated in a Response to Motion to Compel. The various defendants also filed parallel, but separate, objections to Plaintiffs' Supplemental Motion for Leave to Depose Bernie Hoffman, perhaps out of an overabundance of caution, stating their respective positions that any ruling on such Motion should be made subject to the stay issue already raised. In an effort to reduce confusion, consternation, and the continuance of duplicative and overzealous filings regarding this issue, the Court sets forth herein its findings as to the stay issue raised by the various defendants in this case.

**I. Analysis**

In the interest of resolving this issue as expeditiously as possible, the Court declines to recite the lengthy and complex factual background of this case, but assures the parties that the Court is familiar with that factual background and is sufficiently advised so as to render this opinion. Plaintiffs in this case assert causes of action pursuant to 18 U.S.C. § 2255 and 18 U.S.C. § 1595. (Doc. 98, ¶ 23). Under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), codified at 18 U.S.C. § 1595, "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." The statute further clarifies that "a 'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2). Defendants argue that this case is subject to a mandatory, automatic stay under the statute, as they claim that the criminal investigation in this case is not over.

Defendants' argument that this case is subject to a stay is premised on their belief that the

U.S. Attorney's Office is continuing to investigate the case. This belief is based on a quote by an Assistant U.S. Attorney in a newspaper article in *July of 2009*, stating that "This investigation is not over." Defendants also claim that a USAO financial investigator visited some Alamo properties on October 10, 2011. A representative of the USAO stated that the investigator was there for restitutionary purposes, but defendants theorize that the investigator may, in fact, have been there to collect information which could be used to prosecute others for what happened on those properties. Finally, defendants cite the fact that the government denied production of certain files in response to a subpoena issued by Separate Defendant Gilmore and in response to a Freedom of Information Act request. Defendants argue that, in denying production, the government did not deny that there was an ongoing investigation.

The case law on application of a stay under the TVPRA is scant. However, in the case law that the Court has found, stays have been imposed in cases where the government has intervened in a case, informed the Court of an ongoing investigation, and advised that the civil case was subject to a mandatory stay under the TVPRA. *See, e.g., Ara v. Khan*, 2007 U.S. Dist. LEXIS 43170 (E.D. NY 2007) (imposing a stay after allowing the United States to Intervene). It seems to the Court illogical, and contrary to the purpose of the statute, that a stay may be mandatorily imposed by force of a civil defendant who can only surmise as to whether a criminal investigation may be ongoing. The evidence of an ongoing investigation offered by the defendants in this case is weak. If such evidence were able to subject a civil case to an automatic stay, victims bringing actions under the TVPRA could often be denied justice, having their trial delayed indefinitely by a civil defendant who merely theorizes that an investigation might possibly be ongoing. Such an application of the statute would be nonsensical and contrary to the statute's purpose.

The legislative history of the TVPRA indicates that the Department of Justice ("DOJ")

objected to amendment of the Act to include a private right of action. The DOJ suggested that, if a private right of action were to be included, "[t]he subsection should stay all pending civil actions in the wake of a criminal prosecution." H.R. REP. 108-264(II) at *14. The DOJ argued that, without providing "the suit would be stayed until a prosecution was complete, this provision . . . could hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery . . . We believe that prosecutions should take priority over civil redress and that prosecutions should be complete prior to going forward with civil suits." *Id.* Congress has also stated that "[t]he Trafficking Victims Protection Act ["TVPA"] was enacted . . . to combat trafficking in persons, ensure the prosecution of traffickers of children, women and men, and to protect the victims of trafficking." *Id.* at *11. The TVPA was amended in order to "strengthen[] the U.S. Government's ability to combat the worldwide scourge of trafficking in persons by enhancing provisions on prevention or trafficking, protection of victims of trafficking, and prosecution of traffickers." *Id*. at 10. In other words, the statute was not created to protect civil defendants. Nor was the statute amended, in providing for a private right of action and mandatory stay, in order to protect the rights of civil defendants. Rather, based on the legislative history, and the very name of the Act, the purpose of the Trafficking Victims Protection Act, as amended by the TVPRA, was to protect the victims of trafficking and strengthen the government's ability to prosecute perpetrators. Therefore, the Court concludes that the government may exercise its rights under the statute to impose a mandatory stay if and when appropriate. Defendants, however, may not mandate the imposition of a stay under the statute based on mere speculation that the government may be involved in an ongoing investigation.

      If the government is continuing to investigate any criminal action related to this case, the government may intervene and file a notice of stay. However, based on the evidence currently before this Court, the Court finds that this case is not subject to an automatic stay under 18 U.S.C. § 1595,

and the Court declines to otherwise impose or recognize a stay of the instant proceedings. As such, Defendants' various Motions for Stay are DENIED.

### III. Conclusion

For all the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motions for Stay (Docs. 196, 197, 199, 201, 208) are **DENIED**.

IT IS SO ORDERED this 31st day of October, 2011.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE