**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **DESIREE KOLBEK, et. al** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TWENTY FIRST CENTURY HOLINESS** | § | |
| **TABERNACLE CHURCH INC., et. al.** | § | |
|     **Defendants** | § | |
| | § | **Cause No. 10-4124** |
| **ROBERT W. GILMORE d/b/a RG &** | § | |
| **ASSOCIATES SECURITY** | § | |
|     **Third Party Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BERNIE LAZAR HOFFMAN a/k/a TONY** | § | |
| **ALAMO; et. al.** | § | |
|     **Third Party Defendants** | § | |

**DEFENDANT ROBERT W. GILMORE d/b/a RG & ASSOCIATES SECUITY'S**
**ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT WITH**
**CROSSCLAIMS AND COUNTERCLAIM**

Comes Now the Defendant, Robert W. Gilmore d/b/a RG & Associates Security and files this this his Answer to Plaintiffs' Fourth Amended Complaint with Crossclaims and Counterclaim and in support thereof would state as follows:

1.      Denied. The Averments contained in this paragraph of Plaintiffs' Fourth Amended Complaint amount to an introductory paragraph requiring no response, therefore the same is denied and strict proof thereof is demanded at the time of trial. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph

contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## I.      PARTIES

2.      Denied.    After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent that this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

3.      Denied.    After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent that this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

4.      Denied.    After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent that this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

5.      Denied.    After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent that this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

6. Denied. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent that this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

7. Denied. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent that this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

8. Denied. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent that this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

9. Denied. The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

10.     Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.   To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

11.     Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.   To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

12.     Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.   To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

13.     Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof

thereof is demanded at the time of trial. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

14.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

15.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

16.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the

averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.   To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

17.   Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.   After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.   To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

18.   Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.   After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.   To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

19.   Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.   After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is

demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

20.     Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

21.     Admitted in part; denied in part.  It is admitted only that Robert W. Gilmore is an individual doing business as RG & Associates Security who maintains a residence at 412 West Greenfield Drive, Wake Village, Texas, 75501.   After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

22.     Denied.   The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is

demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## II.   JURISDICTION

23.    Denied.   After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

24.    Admitted in part; denied in part.  It is admitted only that Plaintiffs assert causes of action pursuant to 18 U.S.C. § 2255 and 18 U.S.C. § 1595 against some of the parties.  It is specifically denied that said causes of action are asserted against Answering Defendant or that said assertion confers jurisdiction over Answering Defendant in this Court or makes venue proper and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## III.   VENUE

25.    Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit the deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

# IV.   FACTS

26.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

27.      Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

28.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

29.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

30.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

31.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that Answering Defendant was, at any time relevant to this cause of action acting in joint venture, in

concert or as an agent of any other party to this suit for purposes of any cause of action asserted and strict proof thereof is demanded.

32.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that Answering Defendant was, at any time relevant to this cause of action acting in joint venture, in concert or as an agent of any other party to this suit for purposes of any cause of action asserted and strict proof thereof is demanded.

33.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

34.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in

this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial. It is specifically denied that Answering Defendant was, at any time relevant to this cause of action acting in joint venture, in concert or as an agent of any other party to this suit for purposes of any cause of action asserted and strict proof thereof is demanded.

35.     a. – o.  Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

36.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

37.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is

without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

38.    a. - f.   Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

39.    a. - f.   Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

40.    Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of

trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

41.    Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

42.    Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

43.    Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

44.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

45.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

46.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

47.     Admitted in part; denied in part.  It is admitted only that Robert W. Gilmore d/b/a RG & Associates Security ("RGS") is a security firm contracted to provide specific services at premises in Fouke, Arkansas upon which Tony Alamo Christian Ministries were present.  After reasonable investigation, Answering Defendant is without sufficient information to admit or

deny the truth or falsity of the remainder of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

48.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict poof thereof is demanded at the time of trial.  It is specifically denied that a guard reported sexual activity between an adult and a minor to Robert W. Gilmore and that he told a guard to "ignore it" and strict proof thereof is demanded at the time of trial.  It is further specifically denied that Robert W. Gilmore knew or should have known any act which could lead to liability to Plaintiffs and strict proof thereof is demanded.

49.     Admitted in part; denied in part.  It is admitted only that at least one (1) security guard attended services at TACM.  It is further admitted that, at least one (1) security guard observed persons, some of which may have included children coming to and from the building believed to be the home of Tony Alamo.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

50.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this

paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial. It is specifically denied that, at any time relevant to this cause of action Robert W. Gilmore supported any act or omission of any party to this suit that was criminal in nature or which could lead to civil liability to Plaintiffs and strict proof thereof is demanded at the time of trial.

51.     Denied. The averments contained in this paragraph contain conclusions of law to which no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

52.     a. – j.   Denied. It is specifically denied that Answering Defendant engaged in a joint venture or enterprise or other relationship which resulted in foreseeable injury to Plaintiffs and strict proof thereof is demanded at the time of trial. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains averments relating to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

53.     Denied.     After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.

To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## V.      CAUSES OF ACTION

## NEGLIGENCE AGAINST CHURCH DEFENDANTS AND CHURCH BUSINESS DEFENDANTS

54.      Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

55.      Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

56.      a. - i.   Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of

trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

57.     Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

58.     Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## NEGLIGENCE AGAINST SALLY DEMOULIN, SHARON ALAMO AND STEVE JOHNSON

59.     Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.

To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

60.     Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

61.     a. – g.  Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

62.     Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

63.     Denied.  To the extent this paragraph contains averments related to one other than Answering Defendant, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

### NEGLIGENCE AGAINST DEFENDANT ROBERT W. GILMORE
### d/b/a RG & ASSOCIATES SEUCRITY ("RGS)

64.     Admitted in part; denied in part.  It is admitted only that RGS is a security company.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

65.     Denied.   After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

66.     a. – e.  Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.

To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

67.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that any act or omission of RG & Associates Security proximately caused the Plaintiffs' damages, if any are proven and strict proof thereof is demanded at the time of trial.

## NEGLIGENT HIRING, RETENTION,  SUPERVISION AND RETNETION AGAINST CHRUCH DEFENDANTS AND CHURCH BUSINESS DEFENDANTS

68.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

69.     a. – g.  Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at

the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

70.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

71.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

72.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

73.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## FALSE IMPRISONMENT AGAINST ALL DEFENDANTS

74.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that Answering Defendant detained the Plaintiffs at any time relevant to this cause of action and strict proof thereof is demanded at the time of trial.

75.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that the Plaintiffs suffered damages proximately caused by an act or omission of Answering Defendant and strict proof thereof is demanded at the time of trial.

## INVASION OF PRIVACY AGAINST ALL DEFENDANTS EXCEPT RGS

76.    Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

77.    Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## DEFAMATION AGAINST ALL DEFENDANTS

78.    Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that Answering Defendant published untrue statements of fact regarding Plaintiffs and strict proof thereof is demanded at the time of trial.

79.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that any act or omission of Answering Defendant proximately caused the damages sustained by the Plaintiffs and strict proof thereof is demanded at the time of trial.

### JOINT VENTURE LIABILITY AGAINST CHURCH DEFENDANTS AND CHURCH BUSINESS DEFENDANTS

80.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

81.     a. – l.   Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

82.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

### TRAFFICKING LIABILITY AGAINST CHURCH DEFENDANTS, CHURCH BUSINESS DEFENDANTS, SHARON ALAMO, SALLY DEMOULIN AND STEVE JOHNSON

83.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

84.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## TRANSPORTER LIABILITY AGAINST CHURCH BUISNESS DEFENDANTS, SALLY DEMOULIN AND STEVE JOHNSON

85.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

86.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## MANDATORY REPORTER LIABILITY AGAINST CHRUCH DEFENDANTS AND CHURCH BUSINESS DEFENDANTS

87.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of

trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

88.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

89.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## OUTRAGE LIABILITY AGAINST ALL DEFENDANTS

90.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that Answering Defendant knew or should have known that its conduct was as described by Plaintiffs

or that it, in fact, caused any harm to Plaintiffs and strict proof thereof is demanded at the time of trial.

## CAUSES OF ACTION AGAINST TONY ALAMO

91.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

92.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

93.     Denied.  The averments contained in this paragraph relate to one other than Answering Defendant, therefore no response is required, the same are denied and strict proof thereof is demanded at the time of trial.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of

trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## VI.  PLAINTIFFS' DAMAGES

94.  Denied.  After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial. To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## VII.  PRAYER

95.  The averments contained in this paragraph amount to a prayer for relief to which no response is required, the same is denied and strict proof is demanded at the time of trial. After reasonable investigation, Answering Defendant is without sufficient information to admit or deny the truth or falsity of the averments contained in this paragraph, therefore the same are denied and strict proof thereof is demanded at the time of trial.  To the extent this paragraph contains conclusions of law, no response is required, the same are denied and strict proof thereof is demanded at the time of trial.

## AFFIRMATIVE DEFENSES

96.  The averments contained in paragraphs one (1) through ninety-five (95) above are incorporated by reference as if set forth fully at length herein.

97.  This Court lacks subject matter jurisdiction over the within action.

98.  Answering Defendant is not subject to personal jurisdiction in this Court.

99.  Venue is improper.

100.     Plaintiffs' claim must fail due to insufficient process or insufficient service of process.

101.     Plaintiffs fail to state facts or a claim upon which relief can be granted.

102.     Plaintiffs failed to join an indispensible party under Rule 19 of the Federal Rules of Civil Procedure.

103.     Plaintiffs' claims are barred by the defense of accord and satisfaction.

104.     Plaintiffs' claims must fail due to the defense of estoppel.

105.     The defenses of waiver and laches bars Plaintiffs' claim.

106.     Plaintiffs' claim must fail due to failure of consideration.

107.     Plaintiffs' claim must fail due to failure to satisfy conditions precedent to recovery against Answering Defendant.

108.     Plaintiffs' claims must fail due to fraud.

109.     Plaintiffs failed to mitigate their damages.

110.     All statements made and/or published by Answering Defendant were true and/or privileged.

111.     At no time relevant to this cause of action were Plaintiffs confined by Answering Defendant.

112.     At no time relevant to this cause of action did Answering Defendant expressly or impliedly force or threaten Plaintiffs, physically or otherwise.

113.     Plaintiffs or one whose acts or admissions are chargeable to them agreed to surrender their freedom of motion or movement if such freedom of motion is proven to have been limited or interfered with.

114.    In the event, Answering Defendant is determined to have detained any Plaintiff, it was for no longer than a reasonable length of time and based upon a reasonable cause.

115.    At no time relevant to this cause of action did Answering Defendant unlawfully violate Plaintiffs' personal liberty without legal authority.

116.    At no time relevant to this cause of action did Answering Defendant, make a statement identifying or referencing Plaintiff for which it could be liable.

117.    At no time relevant to this cause of action was any statement made about a Plaintiff by Answering Defendant, should any be proven, defamatory in nature.

118.    Plaintiffs' claims are barred by the 1st Amendment to the United States Constitution.

119.    Plaintiffs' claims are barred by Article 2 § 24 and 25 of the Constitution of the State of Arkansas.

120.    Some or all of the arguments contained in Plaintiffs' Complaint amount to a dispute related to religious doctrine and practice to which only "neutral principles" of law can be applied and this Court lacks jurisdiction to resolve some or all of the dispute.

121.    Application of neutral principles of law cannot be applied to some or all of the averments contained in Plaintiffs' Complaint.

122.    The provision of Arkansas Code Annotated § 9-14-201, et. seq. apply to limit and/or bar this cause of action.

123.    The provisions of Arkansas Code Annotated § 9-11-101 et. seq. through 9-11-801, et. seq. apply to limit or bar Plaintiffs cause of action.

124.    Some or all of Plaintiffs' claims are barred by the doctrine of parental immunity.

125.     At no time relevant to this cause of action did Answering Defendant assume a duty of supervision or control over any Plaintiff.

126.     Answering Defendant owed no duty to Plaintiffs which could give rise to the causes of action asserted.

127.     At no time relevant to this cause of action did Answering Defendant intend to inflict emotional distress upon any Plaintiff nor did he know or should he have known that emotional distress was a likely result of his conduct, if any is proven.

128.     At no time relevant to this cause of action did Answering Defendant behave in an extreme or outrageous manner.

129.     Plaintiffs fail to supply "clear cut proof" to establish a claim of outrage against Answering Defendant.

130.     To the extent Plaintiffs' claims are based on breach of contract, the contract must fail due to illegality.

131.     Plaintiffs' claims must fail due to the defense of unclean hands.

132.     Plaintiffs' claims must fail due to the defense of consent.

133.     Plaintiffs' claims are barred by *res judicata* and collateral estoppel.

134.     Plaintiffs' claims are barred by the statute of limitations and/or the statute of repose.

135.     Plaintiffs herein assumed the risk of their own conduct.

136.     The injuries and damages sustained by any Plaintiff, if any are proven, were caused by the Plaintiff(s) own negligence or the negligence of a person which is chargeable to Plaintiff(s) and which rose to a level sufficient to be an intervening and superseding cause and/or

was sufficiently great to bar recovery by Plaintiff (s) under Arkansas Principles of Comparative Fault.

137.    The injuries and damages alleged to have been sustained by the Plaintiffs, if any are proven, were caused by one other than the Answering Defendant over whom Answering Defendant exercised no control nor had the right to control and said person or entity's fault was the sole, new, independent, separate and/or an intervening cause of the injuries and damages sustained by Plaintiff for which Answering Defendant is not responsible.

138.    The liability of Answering Defendant, if any is proven, is several only and should be limited to the amount of liability assessed against Answering Defendant if any and setoff or reduced by any amount of liability attributed to Plaintiffs, any other party and/or non-party, those from whom Plaintiffs have already secured a recovery and those who Plaintiffs have released or settled with in accordance with the Arkansas Law of Comparative Fault.

139.    Plaintiffs' cause of action is barred by the pendency of another action.

140.    Plaintiffs' injuries and damages were not proximately caused by any act or omission of Answering Defendant, if any is proven.

141.    Plaintiffs' damages are too remote and speculative to be recoverable.

142.    At no time relevant to this cause of action did Answering Defendant breach any applicable contractual provisions and Plaintiffs are limited to their contractual damages, if breach of contract is proven.

143.    Plaintiffs' state law claims are preempted by federal law and those causes of action do not provide for recovery against Answering Defendant.

144.    Plaintiffs' claims against Answering Defendant are barred by the mandatory reporting statute.

145.    Plaintiffs' claims are barred and/or reduced by the provisions of the Civil Justice Reform Act of 2003 which apply in this matter.

146.    Plaintiffs' claims are barred by the Order of Restitution in <u>USA v. Hoffman</u>, 4:08-CR-40020-HFB and/or Answering Defendant is entitled to a set-off or credit for all liability which is or could have been assessed against the person against whom Plaintiff recovered the award.

147.    Plaintiffs' claims are barred by the First Amendment of the United States Constitution and Article II, Section 2 of the Arkansas Constitution.

148.    The provisions of the Uniform Contribution Among Joint Tortfeasors Act apply in this cause of action.

149.    Answering Defendant would state that the imposition of statutory damages pursuant to 18 U.S.C.A. Section 2255 and/or 15 U.S.C.A. Section 1595 against Answering Defendant or in any manner in which Answering Defendant could be liable to satisfy an award based on those statutes constitute the infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Seventh, Eight and Fourteenth Amendments of the Constitution of the United States; and/or lack any relationship to any compensable damages should any be proven; and/or amount to an improper denial of the Defendant's right to trial by jury in violation of the Constitution of the State of Arkansas and the United States.

150.    In the unlikely event this Court finds that Plaintiffs have set forth a cause of action for punitive damages, imposition of punitive or exemplary damages against Answering Defendant would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Arkansas in a manner which includes, but is not limited to:

a.   Due process requires proof of gross negligence and exemplary damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims at least by a "clear and convincing" standard of proof.

b.   The assessment of exemplary damages is a remedy that is essentially criminal in nature and without safeguards greater than that afforded by the Arkansas rules, statutes and laws constitute infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States.

c.   Assessment of an amount of exemplary damages must be in accordance with constitutional limitations.  The constitutional limitations recognized by the United States Supreme Court are not adequately imposed by Arkansas statutes.  Any award of exemplary or punitive damages disproportionate to the award of compensatory damages (if any) is unconstitutional under the Fifth, Eighth and Fourteenth Amendments.

d.   Exemplary damages under Arkansas law constitute an excessive fine and are a violation of the Eight Amendment of the Constitution of the United States.

e.   Any award of exemplary damages under Arkansas law without first finding that Answering Defendant was liable to Plaintiff for compensatory damages in a bifurcated second proceeding, trying all exemplary damages issues would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Arkansas Constitution and would be improper under the common law and public policies of the State of Arkansas.

f.   Answering Defendant requests a bifurcated proceeding in accordance with the Civil Justice Reform Act of 2003 for all amounts intended to be assessed which would amount to a penalty, punitive or exemplary damages.

g.   An award of exemplary damages under Arkansas law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness and the appropriate size of exemplary damage awards; (2) is not adequately instructed on the limits of exemplary damages imposed by Arkansas law and  well-found principles of deterrence and punishment; (3) if not adequately instructed on the express prohibition of a warning, exemplary damages, in whole or in part, determined on the basis of discriminatory characteristics,

including the wealth and business status of Defendants would violate Defendant's due process rights guaranteed by the Fourteenth Amendment under the United States Constitution and the due process provisions of the Arkansas Constitution and would be improper under the common law and public policies of the State of Arkansas.

h.     Any award of punitive damages which takes into account the conduct of others is a violation of the defendant's rights under the Due Process Clause, Commerce Clause and Equal Protection Clause of the United States Constitution.

i.     Due process does not permit a Court to calculate punitive damages based on another person's claim or hypothetical claims against the Defendant under the guise of a culpability or reprehensibility analysis.  An award of punitive or exemplary damages may not be based on any consideration of any wrong other than the alleged wrong done to the Plaintiff by the Defendant.

j.     Any assessment of punitive or exemplary damages based on evidence of the wealth or size of the Defendant is a violation of due process or equal protection.  Plaintiffs' claims for punitive damages cannot be sustained because Arkansas and Federal law regarding the standards for determining liability for and the amount of punitive or exemplary damages fails to give separate Defendant prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and is void for vagueness in violation of separate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article II Section 2, 3 and 8 of the Arkansas Constitution.

k.     Plaintiffs' claims for punitive or exemplary damages against Answering Defendant cannot be sustained, because an award of punitive or exemplary damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount of punitive damages may be imposed will violate Answering Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article II Section 2, 3, and 8 of the Arkansas Constitution,

l.     Pleading affirmatively, separate Defendant affirmatively states that Plaintiffs are not entitled to a trial by jury on the issue of punitive or exemplary damages as forth in the United States Supreme Court

decision in <u>Cooper Industries Inc. v. Leatherman Tool Group, Inc.</u>,
532 U.S. 424 (2001).

151.   Answering Defendant reserves the right to plead further and in accordance with

Federal Rules of Civil Procedure 8 and 12 asserts those defenses set forth as affirmative defenses

in those rules as if set forth fully at length herein.

152.   Answering Defendant specifically denies every fact asserted in Plaintiffs'

Complaint not specifically admitted.

## COUNTER CLAIM

153.   The averments contained in paragraphs one (1) through one hundred and fifty-two

(152), above are incorporated by reference as if set forth fully at length herein.

154.   The averments contained in Plaintiffs Fourth Amended Complaint, although

denied in their entirety are incorporated by reference as if set forth fully at length herein.

155.   The averments set forth in Plaintiffs' Fourth Amended Complaint are herein

realleged against Desiree Kolbeck, Amy Eddy, Summer Hagan, Nicole Farr, Jeannette Orlando,

Pebbles Rodriguez and Jamie Rodriguez in their entirety as if set forth fully at length herein.

156.   If the averments contained in Plaintiffs' Complaint are proven to be true, then

each of the Plaintiffs is directly and/or jointly and severally liable to the others or are liable over

to Answering Defendant for contribution or indemnity for all awards entered in favor of any

Plaintiff pursuant to the Arkansas Uniform Contribution Among Joint Tortfeasors Act.

157.   The liability of Answering Defendant to any plaintiff, if any is proven, should be

reduced by that amount of liability attributed to the other Plaintiffs and other Defendants.

158.   The Arkansas Volunteer Immunity Act does not apply to limit or bar this

Counterclaim.

## CROSS CLAIMS

159.     The averments contained in paragraphs one (1) through one hundred and fifty-eight (158) above are incorporated by reference as if set forth fully at length herein.

160.     The averments contained in Plaintiffs' Fourth Amended Complaint, although denied, along with the averments contained in Answering Defendants Third-Party Complaint, if any, are incorporated by reference as if set forth fully at length herein without admitting same.

161.     The averments contained in Plaintiffs' Fourth Amended Complaint, although specifically denied, are herein reasserted, in their entirety, against Twenty First Century Holiness Tabernacle Church, Inc.; Glorlyland Christian Church; Armful of Help; Tony and Susan Foundation; Music Square Church, Inc.; SJ Distributing, Inc.; Action Distributors, Inc.; Advantage Food Group; Jeanne Estates Apartments, Inc.; Sally Demoulin; Sharon Alamo; Bernie Lazar Hoffman a/k/a Tony Alamo; and, Steve Johnson as if set forth fully at length herein.

162.     If the allegations contained in Plaintiffs' Fourth Amended Complaint are proven to be true then Twenty First Century Holiness Tabernacle Church, Inc.; Glorlyland Christian Church; Armful of Help; Tony and Susan Foundation; Music Square Church, Inc.; SJ Distributing, Inc.; Action Distributors, Inc.; Advantage Food Group; Jeanne Estates Apartments, Inc.; Sally Demoulin; Sharon Alamo; Bernie Lazar Hoffman a/k/a Tony Alamo; and, Steve Johnson are individually and directly liable to Plaintiffs and/or liable over to Answering Defendant and/or jointly and severally liable to Answering Defendant for contribution or indemnity in accordance with the Uniform Contribution Among Joint Tortfeasors Act for all sums awarded to Plaintiff.

163.   The liability, if any, of Answering Defendant should be reduced by that amount of liability attributed to any Plaintiff or Cross Claim Defendant.

164.   The Arkansas Volunteer Immunity Act does not apply to limit or bar this Counterclaim.

## DEMAND FOR JURY

165.   Answering Defendant hereby demands a trial by jury of twelve (12) on all issues presented in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Answering Defendant, Robert W. Gilmore d/b/a RG & Associates Security seeks for this Court to enter judgment in its favor and against Plaintiffs; find that the Plaintiffs take nothing; or, in the alternative, enter a judgment in his favor and against Desiree Kolbeck and/or Summer Hagan and/or Nicole Farr and/or Amy Eddy and/or Jeannette Orlando and/or Pebbles Rodriguez and/or Jamie Rodriguez and/or Twenty First Century Holiness Tabernacle Church, Inc. and/or Gloryland Christian Church and/or Armful of Help and/or Tony and Susan Alamo Foundation and/or Music Square Church, Inc. and/or SJ Distributing, Inc. and/or Action Distributors, Inc. and/or Advantage Food Group and/or Jeanne Estates Apartments, Inc. and/or Sally Demoulin and/or Sharon Alamo and/or Bernie Lazar Hoffman a/k/a Tony Alamo and/or Steve Johnson for contribution and/or indemnity and/or for breach of contract in an amount equal to any amount awarded to any Plaintiff; and, that Defendant, Robert W. Gilmore d/b/a RG & Associates Security be awarded his costs, attorneys fees and all other relief to which he may show himself justly entitled or as this Court may deem proper and just.

Respectfully Submitted,


/s/ Robert T. Veon
Robert T. Veon
Arkansas Bar Number 91264
A.  Camille Henson
Arkansas Bar Number 2011212
VEON LAW FIRM, P.A.
2710 Arkansas Boulevard
Texarkana, Arkansas 71854
Telephone (870) 774-7390
Facsimile (870) 773-3690
**Attorneys for Defendant,**
**Robert W. Gilmore d/b/a**
**RG & Associates Security**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served as listed below on this the 23rd day of November 2011, via First Class U.S. Mail or electronically in accordance with the Rules of this Court:

D. Neil Smith
Edward Cloutman
**NIX, PATTERSON & ROACH**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
*Attorneys for Plaintiffs*

William David Carter
**MERCY, CARTER, TIDWELL, L.L.P.**
1724 Galleria Oaks Drive
Texarkana, Texas 75503
*Attorney for Plaintiffs*

Louis Bradon Paddock
**NIX, PATTERSON & ROACH**
2900 St. Michael's Drive, Suite 500
Texarkana, Texas 75503
*Attorney for Plaintiffs*

John Wesley Hall, Jr.
**JOHN WESLEY HALL, JR. PC**
1202 Main Street, Suite 210
Little Rock, Arkansas 72202-5057
*Attorney for Action Distributors, Inc.;*
*Armful of Help; Gloryland Christian Church;*
*Music Square Church; SJ Distributing, Inc.;*
*Tony and Susan Alamo Foundation;*
*Twenty-First Century Holiness*
*Tabernacle Church, Inc.; and Sally Demoulin*

Megan Gammill
Stuart P. Miller
Jeff Hatfield
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD**
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201-3525
*Attorney for Jeanne Estates Apartments, Inc.*

J. David Crisp
John D. Crisp, Jr.
**CRISP & FREEZE**
1921 Moores Lane
Texarkana, Texas 75503
*Attorneys for Steve Johnson*

J. Dennis Chambers
**ATCHLEY, RUSSELL, WALDROP & HLAVINKA, L.L.P.**
1710 Moores Lane, P.O. Box 5517
Texarkana, Texas 75504
*Attorney for Steve Johnson*

Brian Wood
**BENSON & WOOD, P.L.C.**
P.O. Box 8790
Fayetteville, Arkansas 72703-8790
*Attorney for Steve Johnson*

Gary Nutter
Jonathan William Beck
**DUNN, NUTTER & MORGAN, L.L.P.**
3601 Richmond Road
Texarkana, Texas 75503
*Attorney for Advantage Food Group*

Doralee I. Chandler
James Mel Sayes
**MATTHEWS, SANDERS & SAYES**
825 West Third Street
Little Rock, Arkansas 72201
*Attorney for Sharon Alamo*

Lamont Eddy
128 SW 45th
Oklahoma City, OK 73109
*Pro Se*

*/s/ Robert T. Veon*
Robert T. Veon