IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION



| | | | |
|---|---|---|---|
| DESIREE KOLBEK, et al, Plaintiffs | § § § | | |
| VS. | § § | | NO. 4:10-cv-04124 |
| TWENTY FIRST CENTURY HOLINESS TABERNACLE CHURCH, INC., et al, Defendants | § § § § § § | | |
| ADVANTAGE FOOD GROUP, et al, Third Party Plaintiffs | § § § | | |
| VS. | § § | | |
| JENNIFER KOLBEK, et al, Third Party Defendants | § § | | |

## FIRST AMENDED THIRD PARTY COMPLAINT

Comes now Separate Defendant Advantage Food Group (AFG), by and through its attorneys, and for its First Amended Third Party Complaint against Third Party Defendants, Jennifer Kolbek, Lamont Eddy, Susan Davis, Joseph Orlando, Elenora Orlando, Terry Farr, Lisa Penman, James Rodriguez, Nicole Rodriguez, Dennis Hagan, Robin Hagan, Lee King, Alaina King, and Ann Nicholas, Special Administratrix of the Estate of John Kolbek, deceased, and states as follows:

1. Jennifer Kolbek is an individual who was the parent or guardian of Plaintiff, Desiree Kolbek, at all times relevant to this cause of action, whose address is 110 N. 16th Street, Fort Smith, Arkansas 72901. Jennifer Kolbek has filed an informal answer in this case, Doc. 312.

2.      Lamont Eddy is an individual who was the parent or guardian of Plaintiff, Amy Eddy, at all times relevant to this case of action and who resides at 128 SW 45th Street, Oklahoma City, Oklahoma 73109-7506 and may be served with process at that address. Lamont Eddy has filed an informal answer in this case, Doc. 144.

3.      Susan Eddy Davis is an individual who was the parent or guardian of Plaintiff, Amy Eddy, at all times relevant to this cause of action and who resides at 427 North 40th Street, Fort Smith, Arkansas 72903-1807 and may be served with process at that address. Susan Eddy Davis has filed an informal answer in this case, Doc. 314.

4.      Joseph Orlando is an individual who was the parent or guardian of Plaintiff, Jeanette Orlando, at all times relevant to this cause of action and who resides at 3430 Summit Blvd., Pensacola, Florida 32503-4302 and may be served with process at that address. Joseph Orlando was served with process by AFG in this case on October 3, 2011, Doc. 184.

5.      Elenora Orlando is an individual who was the parent or guardian of Plaintiff, Jeanette Orlando, at all times relevant to this cause of action and who resides at 3430 Summit Blvd., Pensacola, Florida 32503-4302 and may be served with process at that address. Elenora Orlando was served with process by AFG in this case on October 3, 2011, Doc. 185.

6.      Terry Farr is an individual who was the parent or guardian of Plaintiff, Nikki Far, at all times relevant to this cause of action and who resides at 868 Figuero Terrace, Apt. 6, Los

Angeles, California 90012-3182 and may be served with process at that address. Terry Farr has yet to be successfully served with process by AFG in this case.

7. Lisa Farr Penman is an individual who was the parent or guardian of Plaintiff, Nikki Farr, at all times relevant to this cause of action and who resides at 520 Colorado Avenue, Apt. 12, Santa Monica, California 90401-2408 or 3662 Fairway Blvd., Los Angeles, California 90034 and may be served with process at that address. Lisa Farr Penman was served with process by AFG in this case on November 16, 2011, Doc. 310.

8. Dennis Hagan is an individual who was the parent or guardian of Plaintiff, Summer Hagan, at all times relevant to this cause of action and who resides at P.O. Box 131, 218 West Redcutt Road, Fouke, Arkansas 71837-0131 and may be served with process at that address. Dennis Hagan has filed an informal answer in this case, Doc. 313.

9. Robin Hagan is an individual who was the parent or guardian of Plaintiff, Summer Hagan, at all times relevant to this cause of action and who resides at P.O. Box 131, 218 West Redcutt Road, Fouke, Arkansas 71837-0131 and/or 512 Windsor Lane or Drive, Fountain, Colorado and may be served with process at that address. Robin Hagan has yet to be successfully served with process by AFG in this case.

10. James Rodriguez is an individual who was the parent or guardian of Plaintiff, Jamie Rodriguez, at all times relevant to this cause of action and who resides at 717 Harriman Place, San Antonio, Texas 78207-7921 and may be served with process at that address. James Rodriguez was served with process by AFG in this case on October 5, 2011, Doc. 183.

11.     Nicole Rodriguez is an individual who was the parent or guardian of Plaintiff, Jamie Rodriguez, at all times relevant to this cause of action and who resides at 717 Harriman Place, San Antonio, Texas 78207-7921 and may be served with process at that address. Nicole Rodriguez has yet to be successfully served with process by AFG in this case.

12.     Lee King is an individual who was the parent or guardian of Plaintiff, Pebbles Rodriguez, at all times relevant to this cause of action and whose address is currently unknown. Lee King was served with process by AFG in this case on November 3, 2011, Doc. 234.

13.     Alaina King or Rosa King is an individual who was the parent or guardian of Plaintiff, Pebbles Rodriguez, at all times relevant to this cause of action and who resides at 106 Northeast Main Street, Newcastle, Oklahoma 73065 and may be served with process at that address. Alaina King was served with process by AFG in this case on November 3, 2011, Doc. 233.

14.     Ann Nicholas, Special Administratrix of the Estate of John Kolbek, deceased was appointed as the Special Administratrix of the Estate of John Kolbek, deceased on December 7, 2011 in the Probate Court of Miller County, Arkansas in cause number PR-2011-144-2. John Kolbek was an individual who was the parent or guardian of Plaintiff, Desiree Kolbek, at all times relevant to this cause of action. Ann Nicholas is authorized solely to receive service of process. *See* Doc 288-1. Ann Nicholas may be served at the Miller County Courthouse, 400 Laurel Street, Suite 105, Texarkana, AR 71854.

15. All Third Party Defendants named herein have purposefully availed themselves of the benefits of the laws of the jurisdiction in which this Court exists so as to provide this Court with personal jurisdiction over each of them.

16. This Court has jurisdiction over the claims asserted in this Third Party Complaint pursuant to 28 U.S.C. §§ 1331 and 1367. The addition of the above-named individual as a Third Party Defendant to this lawsuit does not destroy the Court's jurisdiction of the parties to the lawsuit or the subject matter thereto. Likewise, venue remains proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and Fed. R. Civ. P. 14.

17. Without admitting the averments contained in Plaintiffs' Fourth Amended Complaint, all of which AFG denies and which are subject to the affirmative defenses raised by AFG, AFG hereby incorporates by reference Plaintiffs' Fourth Amended Complaint pursuant to Fed. R. Civ. P. 10(c). *See* Plaintiffs' Fourth Amended Complaint, Doc. 242.

18. Plaintiffs seek general and special damages for various items of damages, including medical expenses, physical pain and suffering, mental anguish, attorney fees, costs, and interests, as a result of claims based on the actions of Tony Alamo.

19. Third Party Defendants introduced Plaintiffs to Tony Alamo.

20. Third Party Defendants were, at all times relevant, the parents and legal guardians of Plaintiffs.

21.    Plaintiffs have stated that they were "raised to believe that becoming Alamo's wife was the most fortunate thing that could happen to [them]." *See* Plf. Summer Hagan's Obj. and Ans. to Def. RGA's First Interr., at 6; Plf. Pebbles Rodriguez's Obj. and Ans. to Def. RGA's First Interr., at 6; Plf. Amy Eddy's Obj. and Ans. to Def. RGA's First Interr., at 5; Plf. Desiree Kolbek's Supp. Obj. and Ans. to Def. RGA's First Interr. at 5; Plf. Nicole Farr's Supp. Obj. and Ans. to Def. RGA's First Interr. at 5.

22.    Third Party Defendants are responsible for each of the Plaintiffs' living arrangements.

23.    Third Party Defendants were the family of and the adults closest to Plaintiffs, charged with the spiritual, moral, and legal responsibility for their children and possessing the greatest ability to prevent harm to Plaintiffs.

24.    If Plaintiffs suffered harm as alleged, the actions of the Third Party Defendants were a greater cause of the harm than any action that AFG may or may not have taken.

25.    The averments contained in Plaintiffs' Fourth Amended Complaint are reasserted as if set forth fully herein against Jennifer Kolbek; Lamont Eddy; Susan Eddy Davis; Joseph Orlando; Elenora Orlando; Terry Farr; Lisa Farr Penman; Dennis Hagan; Robin Hagan; James Rodriguez; Nicole Rodriguez; Lee King; Alaina King, and Ann Nicholas as Special Administratrix of the Estate of John Kolbek, deceased, instead of against AFG.

26.    Third Party Defendants were, at the time of the incidents giving rise to this lawsuit, the parents and legal guardians of Plaintiffs. As such, each Third Party Defendant owed his or her

respective daughter and Plaintiff a duty to act with reasonable care in his or her capacity as parent and guardian.

27. If Plaintiffs prove the allegations set forth in their Fourth Amended Complaint, the Third Party Defendants failed to meet the duty to act with reasonable care in his or her capacity as parent and guardian and is liable for negligence.

28. As a result of that breach, Third Party Defendants proximately caused any damages proven by Plaintiffs to have been sustained.

29. Accordingly, Third Party Defendants are individually, jointly, and severally liable for contribution to AFG for Plaintiffs' claims against AFG in this matter pursuant to the Arkansas Uniform Contribution Among Joint Tortfeasors Act, codified at Ark. Code Ann. § 16-61-201 *et seq"* and/or for indemnity for any and all amounts awarded to Plaintiffs.

30. Pursuant to Fed. R. Civ. P. 10(c), AFG hereby adopts and incorporates the allegations, affirmative defenses, and prayers for relief contained and set forth in the pleadings previously filed by AFG in this matter.

**WHEREFORE,** Separate Defendant and Third Party Plaintiff Advantage Food Group prays that the above-named Third Party Defendants be held solely responsible, or alternatively, jointly and severally liable with Advantage Food Group, for any and all damages awarded to Plaintiffs at this trial; for their costs and attorney's fees; and for all other relief to which it may be entitled.

*Page 7*

Respectfully submitted,

**DUNN, NUTTER & MORGAN, L.L.P.**
3601 Richmond Road
Texarkana, Texas 75503-0716
Telephone: 903-793-5651
Telecopier: 903-794-5651
Email: rgnutter@dnmlawfirm.com
Email: jwbeck@dnmlawfirm.com

By: ___/s/ R. Gary Nutter___
    **R. Gary Nutter**
    AR Bar No. 71058
    **Jonathan William Beck**
    AR Bar No. 2009124

**Attorneys for Separate Defendant
Advantage Food Group**

## CERTIFICATE OF SERVICE

I, R. Gary Nutter, do hereby certify that a true and correct copy of the above and foregoing pleading has been filed via the CM/ECF filing system and served electronically upon all individuals currently listed for the above matter in the CM/ECF system on this 12th day of April, 2012.

/s/ R. Gary Nutter
R. Gary Nutter