IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 1 2 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| DESIREE KOLBEK, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.4:10-CV-04124-SOH |
| | ) |
| TWENTY FIRST CENTURY | ) |
| HOLINESS TABERNACLE | ) |
| CHURCH, INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| STEVE JOHNSON, et al. | ) |
| Third Party Plaintiffs | ) |
| | ) |
| vs. | ) |
| | ) |
| JENNIFER KOLBEK, ET AL. | ) |
| | ) |
| Third Party Defendants | ) |

### FIRST AMENDED THIRD PARTY COMPLAINT

COME NOW Separate Defendants and Third Party Plaintiffs Steve Johnson, by and through his attorneys, and Jeanne Estates Apartments, Inc., by and through its attorneys [together, "Separate Defendants"], and for their First Amended Third Party Complaint against Third Party Defendants, Jennifer Kolbek, Lamont Eddy, Susan Davis, Joseph Orlando, Elenora Orlando, Terry Farr, Lisa Penman, James Rodriguez, Nicole Rodriguez, Dennis Hagan, Robin Hagan, Lee King, Alaina King, Ann Nicholas, Special Administratrix of the Estate of John Kolbek, deceased, Sanford White and Terri White, state as follows:

1. Jennifer Kolbek is an individual who was the parent or guardian of Plaintiff, Desiree Kolbek, at all times relevant to this cause of action, whose address is currently unknown and who is alleged by Plaintiffs to be a fugitive from justice.

2. Lamont Eddy is an individual who was the parent or guardian of Plaintiff, Amy Eddy, at all times relevant to this case of action and who resides in Oklahoma City, Oklahoma. Lamont Eddy has appeared in this cause.

3. Susan Eddy Davis is an individual who was the parent or guardian of Plaintiff, Amy Eddy, at all times relevant to this cause of action and who resides at 427 North 40th Street, Fort Smith, Arkansas 72903-1807 and may be served with process at that address. Sue Eddy Davis has appeared in this cause.

4. Joseph Orlando is an individual who was the parent or guardian of Plaintiff, Jeanette Orlando, at all times relevant to this cause of action and who resides in Pensacola, Florida. Joseph Orlando has been served in this cause.

5. Elenora Orlando is an individual who was the parent or guardian of Plaintiff, Jeanette Orlando, at all times relevant to this cause of action and who resides in Pensacola, Florida. Elenora Orlando has been served in this cause.

6. Terry Farr is an individual who was the parent or guardian of Plaintiff, Nikki Far, at all times relevant to this cause of action and who resides at 868 Figuero Terrace, Apt. 6, Los Angeles, California 90012-3182 and may be served with process at that address.

7. Lisa Farr Penman is an individual who was the parent or guardian of Plaintiff, Nikki Farr, at all times relevant to this cause of action and who resides in Los Angeles, California. Lisa Farr Penman has been served in this cause.

8. Dennis Hagan is an individual who was the parent or guardian of Plaintiff, Summer Hagan, at all times relevant to this cause of action and who resides at P.O. Box 131, 218 West Redcutt Road, Fouke, Arkansas 71837-0131 and may be served with process at that address.

9. Robin Hagan is an individual who was the parent or guardian of Plaintiff, Summer Hagan, at all times relevant to this cause of action and who resides at P.O. Box 131, 218 West Redcutt Road, Fouke, Arkansas 71837-0131 and may be served with process at that address.

10. James Rodriguez is an individual who was the parent or guardian of Plaintiff, Jamie Rodriguez, at all times relevant to this cause of action and who resides in San Antonio, Texas. James Rodriguez has been served in this cause.

11. Nicole Rodriguez is an individual who was the parent or guardian of Plaintiff, Jamie Rodriguez, at all times relevant to this cause of action and who resides at 717 Harriman Place, San Antonio, Texas 78207-7921 and may be served with process at that address.

12. Lee King is an individual who was the parent or guardian of Plaintiff, Pebbles Rodriguez, at all times relevant to this cause of action. Lee King has appeared in this cause.

13. Rosa Elena King is an individual who was the parent or guardian of Plaintiff, Pebbles Rodriguez, at all times relevant to this cause of action. Rosa Elena King has appeared in this cause.

14. Ann Nicholas was appointed Special Administratrix of the Estate of John Kolbek, deceased, by the Probate Court of Miller County, Arkansas, on December 7, 2011 in cause number PR-2011-144-2. John Kolbek, the parent or guardian of Plaintiff Desiree Kolbek, died in Lawrence County, Kentucky, on or about January 13, 2011. Ann Nicholas, as Special

Administratrix of the Estate of John Kolbek, deceased, has authority to accept service of process on its behalf, and may be served at 400 Laurel Street, Suite 105, Texarkana, Arkansas 71854.

15. Sanford White is an individual who served as the bus driver on the ministry's bus and worked closely with Tony Alamo at all times relevant to this cause of action. Sanford White resides at 200-A Circle Drive, Fouke, Arkansas 71837 and may be served with process at that address.

16. Terri White is an individual who worked closely with Tony Alamo at all times relevant to this cause of action. Terri White resides at 200-A Circle Drive, Fouke, Arkansas 71837 and may be served with process at that address

17. All Third Party Defendants named herein are or were members of the Tony Alamo Christian Ministries Church such that they have purposefully availed themselves of the benefits of the laws of the jurisdiction in which this Court exists so as to provide this Court with personal jurisdiction over each of them.

18. This Court has jurisdiction over the claims asserted in this Third Party Complaint pursuant to 28 U.S.C. §§ 1331 and 1367. The addition of the above-named individuals as Third Party Defendants to this lawsuit does not destroy the Court's jurisdiction of the parties to the lawsuit or the subject matter thereto. Likewise, venue remains proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and Fed. R. Civ. P. 14.

## FACTS

19. Without admitting the averments contained in Plaintiffs' Fourth Amended Complaint, all of which have been denied and which are subject to the affirmative defenses raised by Separate Defendants, Separate Defendants hereby incorporate by reference Plaintiffs'

Fourth Amended Complaint pursuant to Fed. R. Civ. P. 10(c). *See* Plaintiffs' Fourth Amended Complaint, Doc. 242.

20. Plaintiffs seek general and special damages for various items of damage, including medical expenses, physical pain and suffering, mental anguish, attorney fees, costs, and interests, all as a result of the actions of Tony Alamo.

21. Third Party Defendants are or were members of TACM and, through their membership, introduced Plaintiffs to Tony Alamo or enabled his operations.

22. Third Party Defendants were, at all times relevant, the parents and legal guardians of Plaintiffs, or, in the case of Sanford and Terri White, individuals who worked closely with Alamo and resided on and owned church properties in Fouke, Arkansas, including the personal residence of Tony Alamo and the Green House, also referred to at various times as the "House of Scorn," Plaintiffs allege they were raped at both properties owned by Sanford and Terri White, and that they were held at the Green House as punishment. In addition, Plaintiffs allege to have been raped and abused aboard the ministry bus, and, as the ministry's bus driver, Sanford White knew or should have known of these abuses.

23. Plaintiffs have stated that they were "raised to believe that becoming Alamo's wife was the most fortunate thing that could happen to [them]." *See* Plf. Summer Hagan's Obj. and Ans. to Def. RG & Assoc. Security's First Interr., at 6; Plf. Pebbles Rodriguez's Obj. and Ans. to Def. RG & Assoc. Security's First Interr., at 6; Plf. Amy Eddy's Obj. and Ans. to Def. RG & Assoc. Security's First Interr., at 5; Plf. Desiree Kolbek's Supp. Obj. and Ans. to Def. RG & Assoc. Security's First Interr. at 5; Plf. Nicole Farr's Supp. Obj. and Ans. to Def. RG & Assoc. Security's First Interr. at 5.

24. In the case of each and every Plaintiff, Third Party Defendants either consented to, allowed, or made arrangements for her to live in the home of Tony Alamo.

25. Third Party Defendants were aware that Tony Alamo lived in a residence with numerous women and no other adult males.

26. In several instances, these Third Party Defendants were informed, just prior to or during the time that their respective daughters moved into Tony Alamo's home, that he intended to marry their minor daughters.

27. Third Party Defendants allowed Tony Alamo to tell them when they could and could not speak to and visit their minor children, which was allowed very infrequently.

28. Third Party Defendants were the family of and the adults closest to Plaintiffs, charged with the spiritual, moral and legal responsibility for their children and possessing the greatest ability to prevent harm to Plaintiffs, but they consented to and allowed Plaintiffs to enter into the arrangements with Tony Alamo that ultimately led to the actions underlying his criminal convictions.

## COUNTS

29. The averments contained in Plaintiffs' Fourth Amended Complaint are reasserted as if set forth fully herein against Jennifer Kolbek; Lamont Eddy; Susan Eddy Davis; Joseph Orlando; Elenora Orlando; Terry Farr; Lisa Farr Penman; Dennis Hagan; Robin Hagan; James Rodriguez; Nicole Rodriguez; Lee King; Alaina King; Ann Nicholas, Special Administratrix of the Estate of John Kolbek, deceased; Sanford White; and Terri White.

30. Third Party Defendants were, at the time of the incidents giving rise to this lawsuit, the parents and legal guardians of Plaintiffs; or, in the case of Sanford and Terri White,

members of the Fouke church who resided there and were closely affiliated with Tony Alamo. As such, each Third Party Defendant owed Plaintiffs a duty to act with reasonable care.

31. Third Party Defendants unreasonably provided Tony Alamo with unrestricted access to Plaintiffs.

32. If Plaintiffs prove the allegations set forth in their Fourth Amended Complaint, then each Third Party Defendant breached the duty of care and is liable for negligence.

33. As a result of that breach, Third Party Defendants proximately caused any damages proven by Plaintiffs to have been sustained.

34. Accordingly, Third Party Defendants are individually, jointly and severally liable for contribution to Separate Defendants for Plaintiffs' claims against Separate Defendants in this matter pursuant to the Arkansas Uniform Contribution Among Joint Tortfeasors Act, codified at Ark. Code Ann. § 16-61-201 *et seq.*, and/or for indemnity for any and all amounts awarded to Plaintiffs.

35. Pursuant to Fed. R. Civ. P. 10(c), Separate Defendants hereby adopt and incorporate the allegations, affirmative defenses and prayers for relief contained and set forth in the pleadings previously filed by Separate Defendants in this matter.

**WHEREFORE,** Separate Defendants and Third Party Plaintiffs Steve Johnson and Jeanne Estates Apartments, Inc. pray that the above-named Third Party Defendants be held solely responsible, or alternatively, jointly and severally liable with Steve Johnson and Jeanne Estates, for any and all damages awarded to Plaintiffs at this trial; for their costs and attorney's fees; and for all other relief to which they may be entitled.

Respectfully Submitted,

J. David Crisp
John D. Crisp, Jr.
**CRISP & FREEZE**
1921 Moores Lane
Texarkana, Texas  75503
Telephone:        903-831-4004
Facsimile:         903-831-4006

By: _____
    John D. Crisp, Jr.
    Arkansas Bar No. 2006295

Brian Wood
**BENSON & WOOD, P.L.L.C.**
P.O. Box 8790
Fayetteville, Arkansas 72703-8790

Dennis Chambers
**ATCHLEY, RUSSELL, WALDROP & HLAVINKA, L.L.P.**
1710 Moores Lane
Texarkana, Texas 75503

Attorneys for Separate Defendant,
STEVE JOHNSON

Stuart P. Miller
Jeffrey Hatfield
Megan C. Gammill
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas  72201-3525
(501) 688-8896 phone
(501) 918-7896 fax

Attorneys for Separate Defendant,
JEANNE ESTATES APARTMENTS, INC.

## CERTIFICATE OF SERVICE

I, John D. Crisp, Jr., do hereby certify that a true and correct copy of the above and foregoing pleading has been filed via the CM/ECF filing system and served electronically upon all individuals currently listed for the above matter in the CM/ECF system on this 12th day of April, 2012.

_____
John D. Crisp, Jr.