IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESIREE KOLBEK, et al                                                          PLAINTIFFS

v.                         NO. 4:10-CV-04124-SOH

TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC., et al                               DEFENDANTS

## ANSWER OF SANFORD WHITE AND TERRI WHITE
## TO FIFTH AMENDED COMPLAINT

Come the Defendants, SANFORD WHITE and TERRI WHITE, and for their Answer to Fifth Amended Complaint, state:

1. They are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding residency of the Plaintiffs or other Defendants, principal places of business of the Defendants or business status of such parties and therefore deny all related allegations set forth in Paragraphs 1-26 of the Fifth Amended Complaint as well as Paragraphs 29-33 of the Fifth Amended Complaint.

2. They generally admit they were residents of Fouke, Arkansas, with a mailing address of P.O. Box 493, Fouke, Arkansas 71837.

3. Upon information and belief, they admit the allegations set forth in Paragraphs 37 and 38 of the Fifth Amended Complaint.

4. They admit the death of SUSAN ALAMO in 1982 and further admit

that TONY ALAMO eventually became "world pastor" over some or all of the operations set forth in the Fifth Amended Complaint.

5. They admit TONY ALAMO married several times but deny the remainder of Paragraph 40 of the Fifth Amended Complaint to the extent it alleges or attempts to allege any improper act or omission by that individual.

6. They generally admit that some or all of the individuals listed in Paragraph 41 of the Fifth Amended Complaint were members of the TONY ALAMO CHRISTIAN MINISTRIES or were otherwise active in work associated with TONY ALAMO.

7. They deny Paragraphs 42-64 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper act or omission by these Defendants.

8. Paragraphs 65-69 of the Fifth Amended Complaint do not appear to be directed specifically to these Defendants but, to the extent they are, they are denied. They would further deny such Paragraphs to the extent they allege or attempt to allege any improper acts or omissions by these Defendants. They specifically deny each and every allegation of negligence set forth in such Paragraphs.

9. They deny Paragraphs 70-74 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper acts or omissions by these Defendants. They specifically deny each and every allegation of negligence set forth

in such Paragraphs.

10. They deny Paragraphs 75-78 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper act or omission by these Defendants. They specifically deny all allegations of negligent entrustment set forth in such Paragraphs.

11. Paragraphs 79-83 of the Fifth Amended Complaint do not appear to be directed as against these Defendants. To the extent they are, however, all allegations set forth in such Paragraphs are denied. They specifically deny each and every allegation of negligence set forth in such Paragraphs.

12. Paragraphs 84-89 do not appear to be specifically directed to these Defendants. To the extent they are, however, the allegations set forth in those Paragraphs are specifically denied. Defendants would further deny all allegations of negligent hiring, retention and supervision set forth in those Paragraphs.

13. They deny Paragraphs 90-92 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper acts or omissions as against these Defendants. They specifically deny all allegations of false imprisonment set forth in such Paragraphs.

14. They deny Paragraphs 93 and 94 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper act or omission by these Defendants. They specifically deny the allegations of invasion of privacy as set forth

in such Paragraphs.

15. They deny Paragraphs 95 and 96 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper act or omission by these Defendants. They specifically deny the allegations of defamation set forth in such Paragraphs.

16. They deny Paragraphs 97-101 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper act or omission by these Defendants. They specifically deny the allegations of joint venture or enterprise liability as set forth in such Paragraphs and likewise deny any allegations or causes of action based upon theories of conspiracy.

17. They deny Paragraphs 100 and 101 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper act or omission by these Defendants. They specifically deny the allegations of trafficking liability as set forth in such Paragraphs.

18. They deny Paragraphs 102 and 103 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper act or omission by these Defendants. They specifically deny the allegations of transporter liability as set forth in such Paragraphs.

19. They deny Paragraphs 104-106 of the Fifth Amended Complaint to the extent they allege or attempt to allege any improper act or omission as against these

Defendants and specifically deny all allegations of mandatory or reporter liability as set forth in such Paragraphs.

20. They deny Paragraphs 107 and 108 of the Fifth Amended Complaint.

21. Paragraphs 91-93[sic] do not appear to be directed to these Defendants. To the extent they are, however, they are denied.

22. They are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding damages or injuries as claimed by the Plaintiffs and therefore deny all related contentions set forth in Paragraph 94[sic] of the Fifth Amended Complaint.

23. They deny all material allegations regarding any cause of action or claim of damages which are specifically directed as against these Defendants and which have not been admitted to in this Answer. They further deny each and every allegation of negligence; negligence per se; imputation of negligence; willful, wanton or criminal behavior; intentional conduct; conspiracy; trafficking; or transporter liability; all allegations of joint venture or enterprise liability; defamation or invasion of privacy; false imprisonment; punitive damage; negligent hiring; negligent retention; or negligent supervision. Pleading further, and in the affirmative, they state:

    (a) Process was insufficient or inadequate as to one or both of these Defendants;

    (b) Service of process was insufficient or inadequate as to one or both of

      these Defendants;

(c)     Some or all of the causes of action set forth in the Complaint are barred by the applicable statutes of limitation; and

(d)     They adopt and re-allege each and every affirmative defense set forth by the other Defendants in this litigation to the extent such defenses are applicable to these Defendants.

24.     They request trial by jury.

WHEREFORE, Defendants pray for dismissal of Complaint and for all other just and proper relief.

/s/ Richard N. Watts
RICHARD N. WATTS (82174)
ATTORNEY FOR SANFORD WHITE
      AND TERRI WHITE
WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVENUE, STE. 200
LITTLE ROCK, AR 72201-1769
(501) 372-1406
(501) 372-1209 FAX
richard.watts@wdt-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

D. Neil Smith
dneilsmith@mac.com
*Counsel for Plaintiffs*

Edward Bradbury Cloutman, IV
edcloutman@nixlawfirm.com
*Counsel for Plaintiffs*

Linda Dedma
ldedman@coveragelawdallas.com
*Counsel for Plaintiffs*

Louis Bradon Paddock
bpaddock@nixlawfirm.com
*Counsel for Plaintiffs*

William David Carter
wdcarter@texarkanalawyers.com
*Counsel for Plaintiffs*

John Wesley Hall
Forhall@aol.com
*Counsel for several Defendants*

Jonathan William Beck
jwbeck@dnmlawfirm.com
*Counsel for Advantage Food Group*

M. Wade Kimmel
mwkimmel@dnmlawfirm.com
*Counsel for Advantage Food Group*

R. Gary Nutter
rgnutter@dnmlawfirm.com
*Counsel for Advantage Food Group*

Megan D. Hargraves
mhargraves@mwlaw.com
*Counsel for Jeanne Estates Apts.*

Stuart P. Miller
smiller@mwlaw.com
*Counsel for Jeanne Estates Apts.*

Jeffrey W. Hatfield
jhatfield@mwlaw.com
*Counsel for Jeanne Estates Apts.*

Megan Cecily Gammill
mgammill@mwlaw.com
*Counsel for Jeanne Estates Apts.*

Doralee Idleman Chandler
dchandler@msslawfirm.com
*Counsel for Sharon Alamo*

James Mel Sayes
jhuff@msslawfirm.com
*Counsel for Sharon Alamo*

Brian D. Wood
bwood@bensonwoodlaw.com
*Counsel for Steve Johnson*

| | |
|---|---|
| J. Dennis Chambers | J. David Crisp |
| dchambers@arwhlaw.com | dcrisp@crispfreeze.com |
| *Counsel for Steve Johnson* | *Counsel for Steve Johnson* |
| | |
| John D. Crisp , Jr. | Robert Thompson Veon |
| jcrisp@crispfreeze.com | robert.veon@veonfirm.com |
| *Counsel for Steve Johnson* | *Counsel for Robert W. Gilmore/R&G* |
| | |
| Ashley Camille Henson | Robert Edwin Dodson |
| camille.henson@veonfirm.com | bobdodson@dodsondodson.com |
| *Counsel for Robert W. Gilmore/R&G* | *Counsel for Robert W. Gilmore/R&G* |

I hereby certify that on May 9, 2012, I mailed the document and a copy of the Notification of Electronic Filing by United States Postal Service to the following non CM/ECF participants:

Lamont Eddy
128 SW 45th
Oklahoma City, OK 73109
PRO SE

Sue Eddy Davis
4401 Windsor Drive
Fort Smith, AR 72904
PRO SE

Dennis Hagan
P.O. Box 131
218 West Redcut Road
Fouke, AR 71837
PRO SE

Jennifer Kolbeck
110 N. 16th Street
Fort Smith, AR 72901
479-782-7370
PRO SE

/s/ Richard N. Watts
RICHARD N. WATTS (82174)
ATTORNEY FOR SANFORD WHITE
    AND TERRI WHITE
WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVENUE, STE. 200
LITTLE ROCK, AR 72201-1769
(501) 372-1406
(501) 372-1209 FAX
richard.watts@wdt-law.com