IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESIREE KOLBEK, et al.                                                                                   PLAINTIFFS

VS.                                            CASE NO. 10-CV-4124

TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC., et al.                                                         DEFENDANTS

ADVANTAGE FOOD GROUP, et al.                                              THIRD PARTY PLAINTIFFS

VS.

JENNIFER KOLBEK, et al.                                                           THIRD PARTY DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion to Dismiss Cross-claims. (ECF No. 454). Plaintiffs move for the dismissal of Separate Defendants Decker, Wolf, Lovelette, and Brubach's cross-claims. The Separate Defendants have filed a response to the motion. (ECF No. 457). The Court finds this matter ripe for consideration. Plaintiffs argue that the cross-claims of these Defendants should be dismissed because they are untimely and, alternatively, because they are moot. The Court will address each of these issues in turn.

Decker, Wolf, Lovelette, and Brubach became a part of this action upon the filing of Plaintiff's Fifth Amended Complaint in April 2012. (ECF No. 337). While the deadline for amending pleadings and adding parties had passed in November 2011, the Court found that Plaintiffs had shown good cause for deviating from the scheduling order and allowed the late amendment. Shortly after Plaintiffs' Fifth Amended Complaint was filed, various co-defendants asserted cross-claims against the newly added Decker, Wolf, Lovelette, and Brubach. Over four months after filing their Answer to the Fifth Amended Complaint, Decker, Wolf, Lovelette, and Brubach also asserted cross-claims against various co-defendants. (ECF No. 434). Shortly after these cross-claims were filed, the Court granted Plaintiffs' motion to voluntarily dismiss their claims against Decker, Wolf,

Lovelette, and Brubach. (ECF No. 438). In granting the Plaintiffs' motion, the Court noted that these Separate Defendants would remain parties in this suit due to the cross-claims that were previously filed against them by their co-defendants.

**1. The Mootness of Separate Defendants' cross-claims**

Plaintiffs argue that, because they voluntarily dismissed their claims against Decker, Wolf, Lovelette, and Brubach, their cross-claims are now moot. As stated above, the Court has already held that these Separate Defendants must remain parties to this lawsuit due to the cross-claims asserted against them by their co-defendants. For example, one of the cross-claims against Decker, Wolf, Lovelette, and Brubach asserts that they are "individually and directly liable...and/or jointly and severally liable...for contribution or indemnity and/or constructive indemnity...." (ECF No. 351, Par. 184). These claims for contribution and indemnity by the co-defendants have not been dismissed simply because Plaintiffs have dismissed their claims against these Separate Defendants. Accordingly, Decker, Wolf, Lovelette, and Brubach are entitled to raise defenses and cross-claims in order to address the contribution and indemnity claims asserted against them by their co-defendants.

**2. The timeliness of Separate Defendants' cross-claims**

In the alternative, Plaintiffs argue that the cross-claims should be dismissed because they are untimely. Plaintiffs base their arguments on the fact that the deadline to amend pleadings and add parties passed in November 2011. Plaintiffs' arguments are unavailing. Decker, Wolf, Lovelette, and Brubach became a part of this lawsuit in April 2012, long after the deadline to amend and add parties had passed. They filed their cross-claims four months after filing their Answer to Plaintiffs' Fifth Amended Complaint. Their cross-claims did not constitute an amended pleading, and they added no parties. Because they were a late addition to this case, and because the cross-claims did

not add parties or amend a prior pleading, the Court finds that Decker, Wolf, Lovelette, and Brubach have not infringed upon any of the Court's deadlines.

For the reasons stated above, the Court finds that Plaintiffs' Motion to Dismiss Cross-claims (ECF No. 454) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 20th day of August, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge