IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESIREE KOLBEK, et al.                                                          PLAINTIFFS

VS.                                        CASE NO. 10-CV-4124

TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC., et al.                                              DEFENDANTS


JEANNE ESTATES APARTMENTS, INC, et al.            THIRD-PARTY PLAINTIFFS

VS.

JENNIFER KOLBEK, et al.                                       THIRD-PARTY DEFENDANTS

## ORDER

Before the Court are Motions to Dismiss Remaining State Law Claims filed on behalf of Twenty First Century Holiness Tabernacle Church, Inc., Tony Alamo, and Sharon Alamo. (ECF No. 717 & 719). Plaintiffs have filed a response. (ECF No. 718). Twenty First Century and Tony Alamo have filed a reply. (ECF No. 720). The Court finds this matter ripe for consideration.

On December 24, 2013, the Court entered an order (ECF No. 716) granting Defendant Jeanne Estates Apartments, Inc.'s Motion for Summary Judgment (ECF No. 493) and granting in part and denying in part the Motions for Summary Judgment filed on behalf of Defendants Tony Alamo, Sharon Alamo, and Twenty First Century Holiness Tabernacle Church. (ECF Nos. 499, 522, & 515). In the Order, the Court granted summary judgment in favor of Defendants as to all of Plaintiffs' federal claims. The Court's order also completely disposed of a large portion of Plaintiffs' state claims, including negligent entrustment, negligent hiring, mandatory reporter liability, and defamation. The Court held that the following state claims against certain Defendants remain for trial: negligence, outrage, battery, false imprisonment, and invasion of privacy.

In their Motion to Dismiss, Defendants argue that the Court should decline to exercise supplemental jurisdiction over the remaining state claims and dismiss the claims without prejudice. Their position appears to be that the Court properly exercised supplemental jurisdiction over the state claims it disposed of on summary judgment but that the Court should not continue to exercise supplemental jurisdiction over the claims that remain. In their response, Plaintiffs go a step further than Defendants. Plaintiffs agree that the Court should not exercise supplemental jurisdiction over the remaining state claims, but they also maintain that the Court committed error by disposing of some state claims in its summary judgment order. Plaintiffs argue that the Court should have declined to exercise jurisdiction over *all* state claims after the federal claims were disposed of. In essence, Plaintiffs have asked the Court to reconsider its decision to exercise jurisdiction over Plaintiffs' state claims that were disposed of on summary judgment. Upon consideration, the Court finds it necessary to revisit its ruling to address these crucial jurisdictional issues.

Plaintiffs filed this civil action on August 27, 2010. Plaintiffs' Fifth Amended Complaint asserts claims of negligence, negligent entrustment, negligent hiring, outrage, battery, mandatory reporter liability, invasion of privacy, defamation, false imprisonment, transporter liability under 18 U.S.C. § 2255, and trafficking liability under 18 U.S.C. § 1595. Due to the federal claims raised in the complaint, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367. Section 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The core of Plaintiffs claims, both state and federal, are the acts of sexual and physical abuse allegedly perpetrated by Tony Alamo and allegedly facilitated by the other Defendants in this suit. None of the parties have disputed that

the state claims are related enough to the federal claims for this Court to exercise supplemental jurisdiction over them.

The question the Court must address at this time is whether it should continue to exercise supplemental jurisdiction over any of Plaintiffs' state claims when Plaintiffs' federal claims have been disposed of on summary judgment. In the Court's order on summary judgment, we neglected to explicitly address this issue. We addressed Plaintiffs' state claims on summary judgment believing that the exercise of supplemental jurisdiction was appropriate despite the dismissal of Plaintiffs' federal claims. Upon further consideration, the Court finds that exercising supplemental jurisdiction was in error.

Section 1367(c) provides that a court *may* decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." To be clear, this Court certainly has the power to exercise jurisdiction over Plaintiffs' remaining state claims even though the federal claims have been resolved. *See Osborn v. Haley*, 549 U.S. 225, 245, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007). The question is whether the Court should exercise that power in this particular case. When determining whether to exercise supplemental jurisdiction, the court must consider factors such as judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006) (per curiam).

The factors of judicial economy and convenience seem to weigh in favor of this Court exercising supplemental jurisdiction over all of Plaintiffs' state claims. This highly complex litigation has been pending in this Court for over three years. In this action's original configuration, there were seven plaintiffs, twenty-five defendants, and fifteen third-party defendants. There were also a very large number of counter-claims and cross-claims. In October of 2012, the Court issued a final scheduling order in this case setting a trial date of January 13, 2014. (ECF No. 442). Because of the extensive number of parties and claims, a

seven-week period was set aside for trial. Sixteen motions for summary judgment were filed by Defendants in February of 2013.[1] Subsequently, the parties began a months-long mediation process that effectively stayed the Court's consideration of the pending motions for summary judgment. The mediation finally resulted in the voluntary dismissal of most of the claims in this action. Those dismissals, for the most part, did not begin to occur until October of 2013. Subsequent to these dismissals, the Court issued its order on the remaining Defendants' motions for summary judgment.

This Court, having dealt with this case for years, is well-versed in its complicated procedural and factual history. Furthermore, the litigation is in its final stages—discovery has been completed for over a year and the trial date is just around the corner. Because the remaining claims in this very advanced case would have to be completely re-litigated in state court, dismissal would result in increased costs to the parties, delays in the adjudication of the claims, and the expenditure of additional judicial resources.[2] With these considerations in mind, the Court elected to exercise supplemental jurisdiction over Plaintiffs' state claims in its summary judgment order. However, upon further consideration, the Court finds that its focus on judicial economy and convenience was misplaced. In short, the Court failed to give proper weight to the factor of comity and the predominance of state issues.

In the Eighth Circuit, the preference is for a court to decline to exercise supplemental jurisdiction when all federal claims have been eliminated before trial. *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 819 (8th Cir. 2004) ("'[I]n the usual case in which all

---

[1] No substantive motions to dismiss were filed by any Defendant prior to motions for summary judgment being filed.

[2] The Court notes that Plaintiffs and Defendants themselves do not appear to be all that concerned about costs or delays. While the parties differ about the extent to which the Court can exercise supplemental jurisdiction, they all agree that as least some of Plaintiffs' claims should be dismissed and re-litigated in state court.

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). This preference is rooted in a desire to avoid encroaching upon a state court's jurisdiction over matters of state law. *See Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 786-87 (8th Cir. 1985) (explaining that exercising jurisdiction over purely state law claims is disfavored and noting that "if the federal court goes ahead and tries the state-law claim, it will conduct a full-blown trial and enter judgment on a claim over which it could not constitutionally have been given independent jurisdiction."). In addressing issues of supplemental jurisdiction, the Supreme Court has stated that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966). *See also Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir.2000) (stating that "[w]e stress the need to exercise judicial restraint and avoid state law issues wherever possible.").

In this case, it is undisputed that Plaintiffs' state claims depend solely on determinations of state law. While the state claims and federal claims are based on the same acts of alleged physical and sexual abuse by Tony Alamo, the state claims are based on independent theories of recovery that are wholly separate from Plaintiffs' federal causes of action.[3] Under these circumstances, the Court finds that it would be inappropriate to exercise supplemental

---

[3] Not only are Plaintiffs' state claims rooted solely in state law, in some instances, they are novel issues of state law. For example, the Court was faced with determining whether Arkansas' tolling statute for claims based on childhood sexual abuse, Ark. Code Ann. § 16-56-130, was applicable in this case. No court in Arkansas has ever interpreted or applied this tolling statute. *See Gibbs*, 383 U.S. at 726 (holding that federal courts should try to refrain from needlessly deciding novel issues of state law).

jurisdiction over any of Plaintiffs' state claims.[4]  *See Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 785 (8th Cir. 1985) (Stating that exercising supplemental jurisdiction is likely improper when dealing with state claims that could have been asserted on their own without raising any theory of recovery under federal law). Moreover, if the Court continues to exercise supplemental jurisdiction, it will be forced to conduct a multi-week trial to address remaining fact questions arising from these state claims.  All of the parties seem to agree that further expenditures of the Court's judicial resources would not be warranted under these circumstances.

The Court declines to exercise supplemental jurisdiction with some hesitancy.  However, the weight of authority indicates that exercising jurisdiction over claims involving purely state law issues would be an abuse of the Court's discretion.  Accordingly, Defendants' Motions to Dismiss (ECF No. 717 & 719) are **GRANTED**.  Additionally, the Court's order of summary judgment (ECF No. 716) is hereby **VACATED** as to the Court's rulings on Plaintiffs' state claims.  All of the state claims set forth in Plaintiffs' Fifth Amended Complaint against Defendants Tony Alamo, Sharon Alamo, Twenty First Century, and Jeanne Estates Apartments, Inc. are hereby **DISMISSED WITHOUT PREJUDICE**.

The Court's grant of summary judgment remains in effect as to Plaintiffs' claims for transporter liability under 18 U.S.C. § 2255 and trafficking liability under 18 U.S.C. § 1595. (*See Memorandum Opinion*, ECF No. 715, pp. 22-24, 27-30).  Accordingly, Defendant Tony Alamo's Motion for Summary Judgment (ECF No. 522) is **GRANTED in part** and **DENIED in part**; Defendant Sharon Alamo's Motion for Summary Judgment (ECF No. 499) is **GRANTED**

---

[4] Defendants appear to have taken the position that the Court properly exercised supplemental jurisdiction over the state claims that were disposed of in the Court's order on summary judgment.  However, the Court is at a loss to reconcile this position with Defendants' request that the Court now decline to exercise supplemental jurisdiction over the state claims that were not disposed of.  Issues of state law predominate as to *all* of Plaintiffs' state claims.  Accordingly, it would be very inconsistent for the Court to exercise supplemental jurisdiction over some state claims and not others.  In this case, exercising supplemental jurisdiction is an all-or-none proposition.

**in part** and **DENIED in part**; Defendant Twenty First Century's Motion for Summary Judgment (ECF No. 515) is **GRANTED in part** and **DENIED in part**; and Defendant Jeanne Estates' Motion for Summary Judgment (ECF No. 493) is **GRANTED in part** and **DENIED in part.**

    IT IS SO ORDERED, this 2nd day of January, 2014.

                                                /s/  Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge