**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

| | |
|---|---|
| **DESIREE KOLBEK, et. al** § | |
|      **Plaintiffs,** § | |
| § | |
| **v.** § | |
| § | |
| **TWENTY FIRST CENTURY HOLINESS** § | |
| **TABERNACLE CHURCH INC., et. al.** § | |
|      **Defendants** § | |
| § | **Cause No. 10-4124** |
| **JEANNE ESTATES APARTMENTS, INC.** § | |
|      **Third Party Plaintiff** § | |
| § | |
| **v.** § | |
| § | |
| **JENNIFER KOLBEK; et. al.** § | |
|      **Third Party Defendants** § | |

**SEPARATE DEFENDANT, JEANNE ESTATES APARTMENTS, INC.'S,
MOTION FOR RECONSIDERATION OF COURT'S JANUARY 2, 2014, ORDER**

Comes now Defendant, Jeanne Estates Apartments, Inc. ("Jeanne Estates"), by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its Motion for Reconsideration of Court's January 2, 2014, Order, states as follows:

1.     Plaintiffs filed their original Complaint on August 27, 2010.[1]  They subsequently amended their Complaint five times.[2]

2.     On April 16, 2012, Plaintiffs filed a Fifth Amended Complaint ("Complaint"), bringing various causes of action under state and federal law against many Defendants, as a result of abuse they allegedly suffered at the hands of Defendant Tony Alamo, who was

---

[1] Original Complaint (Doc No. 1).

[2] First Amended Complaint, filed December 21, 2010 (Doc. No. 14); Second Amended Complaint, filed April 1, 2011 (Doc. No. 39); Third Amended Complaint, filed June 23, 2011 (Doc. No. 98); Fourth Amended Complaint, filed November 18, 2011 (Doc. No. 242); and Fifth Amended Complaint, filed April 16, 2012 (Doc. No. 337).

convicted on July 24, 2009 of ten criminal counts and was sentenced to 175 years in prison. Plaintiffs asserted the following claims against Jeanne Estates: (1) Negligence; (2) Negligent Hiring, Retention, and Supervision; (3) False Imprisonment; (4) Invasion of Privacy; (5) Defamation; (6) Joint Venture/Joint Enterprise Liability; (7) Federal Trafficking Liability; (8) Federal Transporter Liability; (9) Mandatory Reporter Liability; and (10) Outrage.[3]

3.      Pursuant to the Court's Amended Final Scheduling Order, fact discovery closed on November 12, 2012; summary judgment motions were fully briefed as of May 13, 2013; and the case was scheduled for a six-week jury trial, beginning January 13, 2014.[4]

4.      On December 24, 2013, less than three weeks before the trial date in this case, the Court entered an Order granting Jeanne Estates' Motion for Summary Judgment,[5] as well as a fifty-five page memorandum opinion, detailing its reasoning.[6]

5.      On December 30, 2013, remaining Defendants Tony Alamo and Twenty First Century Holiness Tabernacle Church, Inc., filed a motion to dismiss the remaining state-law claims against them, asking the Court to decline to exercise supplemental jurisdiction over the claims that remained.[7]

6.      On December 31, 2013, the Plaintiffs responded and stated that they did not oppose Separate Defendants' request to dismiss the remaining state-law claims but urged the

---

[3] *See* Fifth Amended Complaint (Doc. No. 337 ).

[4] Amended Final Scheduling Order (Doc. No. 442); *see also* Order extending time to respond to motions for summary judgment and to reply to responses (Doc. No. 566).

[5] Order granting Jeanne Estates' Motion for Summary Judgment (Doc. No. 716).  The Court also granted in part and denied in part the motions for summary judgment filed by the remaining three Defendants in the lawsuit.  The federal claims against all Defendants were dismissed by summary judgment.

[6] Memorandum Opinion (Doc. No. 715).

[7] Separate Defendants' Motion to Dismiss Remaining State Law Claims (Doc. No. 717).

Court to "dismiss *all* state law claims, including those ruled on in the Court's Memorandum Opinion issued December 24, 2013."[8]

7.      Separate Defendant Sharon Alamo also filed a motion to dismiss the remaining state law claims on December 31, 2013,[9] and Separate Defendants Tony Alamo and Twenty First Century Holiness Tabernacle Church, Inc., replied to Plaintiffs' Response, opposing their request that the Court vacate its summary judgment order as to all state law claims.[10]

8.      On January 2, 2014, before Jeanne Estates had an opportunity to be heard on the issue of supplemental jurisdiction over state-law claims,[11] the Court entered an order in this case vacating its prior order of summary judgment as to the rulings on Plaintiffs' state claims against Jeanne Estates and dismissing all of Plaintiffs' state claims against Jeanne Estates without prejudice.[12]

9.      The January 2, 2014, order also granted in part and denied in part Jeanne Estates' Motion for Summary Judgment.[13]

10.      The effect of this is that Plaintiffs' federal claims against all Defendants have been dismissed with prejudice, and Plaintiffs' state claims against all Defendants have been dismissed without prejudice, so that they can be refiled in Arkansas state court.

---

[8] Plaintiffs' Response to Separate Defendants' Motion to Dismiss Remaining State Law Claims (Doc. No. 718), a p. 1 (emphasis in original).

[9] Separate Defendant Sharon Alamo's Motion to Dismiss Remaining State Law Claims (Doc. No. 719).

[10] Separate Defendants' Reply to Their Motion to Dismiss Remaining State Law Claims (Doc. No. 720).

[11] Jeanne Estates notes that it was not a party to the lawsuit at this time, having been dismissed completely by the Court's December 24, 2013, summary judgment order.  Furthermore, a mere three days passed between the Plaintiffs' response and the Court's order.

[12] Order, January 2, 2014 (Doc. No. 722).  The summary judgment order was also vacated as to state claims against the remaining Defendants in this lawsuit, and those claims were likewise dismissed without prejudice.

[13] Order, January 2, 2014 (Doc. No. 722).

11.     In its January 2, 2014, order, the Court determined that it had erred in exercising supplemental jurisdiction over the state claims it ruled on by summary judgment and that it would be an abuse of discretion to retain supplemental jurisdiction over the state claims in this case because they "are based on independent theories of recovery that are wholly separate from Plaintiffs' federal causes of action."[14]

12.     The Court specifically found that it would be inappropriate to exercise jurisdiction over *any* of Plaintiffs' state claims, stating that "it would be very inconsistent for the Court to exercise supplemental jurisdiction over some state claims and not others.  In this case, exercising supplemental jurisdiction is an all-or-none proposition."[15]

13.     Respectfully, the Court's January 2, 2014, order is in error, and Jeanne Estates asks the Court to reconsider it and reinstate summary judgment in whole, as to Jeanne Estates.

14.     First, Eighth Circuit case law is clear that a district court is permitted to exercise supplemental jurisdiction over some state claims – by granting summary judgment on those claims – while declining to exercise supplemental jurisdiction over other state claims on which summary judgment is not appropriate.[16]

15.     Second, while the Court generally stated that issues of comity and the predominance of state law questions required the dismissal of all of Plaintiffs' state claims against all of the Defendants, it failed to analyze the appropriate factors regarding supplemental

---

[14] Order, January 2, 2014 (Doc. No. 722), at p. 5.

[15] *Id*. at p. 5-6, n. 4.

[16] *See, e.g.*, *Birchem v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir. 1997) (where discovery was completed and the case ready for trial, the district court did not abuse its discretion in taking up and granting summary judgment on issues of state law on which there was little basis for dispute; dismissing without prejudice other state claims that implicated novel issues of state law); *see also Geier v. Missouri Ethics Com'n*, 715 F.3d 674, 678 (8th Cir. 2013) (a district court abuses its discretion when it commits an error of law).

jurisdiction with respect to the Plaintiffs' individual state claims against each Defendant.[17]  This is likely because the Court had previously determined, in error, that it was not permitted to exercise supplemental jurisdiction over some, but not all, of the Plaintiffs' state law claims.

16.    Lastly, notwithstanding the Court's finding that Plaintiffs' state claims were independent from the federal claims, the factors of judicial economy, convenience, and fairness weigh strongly in favor of retaining supplemental jurisdiction over Plaintiffs' state claims against Jeanne Estates, when applied to the following specific circumstances of this case:  (1) This matter has been pending in federal district court for more than three years; over seven-hundred pleadings, motions, and orders have been filed; and the Court is intimately familiar with the facts and law of this case, as evidenced by its fifty-five page order on the motions for summary judgment; (2) If refiled in state court, the case would have to be completely re-litigated against Jeanne Estates on claims that the Court has already determined are insufficient, as a matter of law;[18] and (3) Plaintiffs have engaged in improper forum manipulation by bringing all of their claims in federal court and waiting until after the Court had ruled against them on the merits of their state-law claims to suggest that the Court should retroactively decline to exercise supplemental jurisdiction over their state law claims.

17.    A brief in support of this Motion is being filed contemporaneously.

---

[17] *See, e.g.*, *In re Levaquin Prods. Liability Lit.*, ___ F.3d ___, 2014 WL 44028 (8th Cir. Jan 7, 2014) ("An abuse of discretion occurs where the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors.").

[18] The Court noted in its January 2, 2014, order that "Plaintiffs and Defendant themselves do not appear to be all that concerned about costs or delays.  While the parties differ about the extent to which the Court can exercise supplemental jurisdiction, they all agree that at least some of Plaintiffs' claims should be dismissed and re-litigated in state court."  Order, January 2, 2014 (Doc No. 722), at p. 4, n. 2.  Jeanne Estates did not have an opportunity to be heard on Separate Defendants' Motion, and Plaintiffs' Response before the Court's January 2, 2014, order was entered and now states, for the record, that it ***strongly objects to the dismissal of Plaintiffs' state law claims against it*** and is ***very concerned about costs and delays***.

WHEREFORE, Separate Defendant Jeanne Estates Apartments, Inc., prays that the Court grant its Motion for Reconsideration of Court's January 2, 2014, Order, reinstate its prior order of summary judgment (Doc. No. 716) as to rulings on Plaintiffs' state claims against Jeanne Estates, and for all other just and proper relief to which it is entitled.

Respectfully Submitted,

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas  72201-3525
(501) 688-8896 phone
(501) 918-7896 fax
smiller@mwlaw.com


By: */s/ Stuart P. Miller*
      Stuart P. Miller
      Ark. Bar No.  88137

## CERTIFICATE OF SERVICE

I, Stuart P. Miller, hereby certify that a true and correct copy of the above foregoing document has been served on all attorneys of record and all *pro se* litigants on this the 10th day of January 2014, via First Class U.S. Mail, or electronically via the CM/ECF System, in accordance with the Rules of this Court.

D. Neil Smith
Edward Cloutman
**NIX, PATTERSON & ROACH**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
***Attorneys for Plaintiffs***

William David Carter
**MERCY, CARTER, TIDWELL, L.L.P.**
1724 Galleria Oaks Drive
Texarkana, Texas 75503
***Attorney for Plaintiffs***

Louis Bradon Paddock
**NIX, PATTERSON & ROACH**
2900 St. Michael's Drive, Suite 500
Texarkana, Texas 75503
***Attorney for Plaintiffs***

Linda Dedman
**DEDMAN HANDSCHURCH, PLLC**
1225 Greenville Avenue, Suite 202
Dallas, Texas  75243
***Attorney for Plaintiffs***

Noel Sevastianos
John Rogers
Michael Meresak
**SEVASTIANOS & ASSOCIATES, PC**
120 S. Central Avenue, Suite 130
St. Louis, MO  63105-1705
***Attorney for Twenty First Century Holiness
Tabernacle, Church, Inc.; Tony Alamo***

Doralee I. Chandler
James Mel Sayes
**MATTHEWS, SANDERS & SAYES**
825 West Third Street
Little Rock, Arkansas 72201
***Attorney for Sharon Alamo***

Jennifer Kolbek
4401 Windsor Drive
Fort Smith, AR  72904
***Pro Se***

Lamont Eddy
128 SW 45th
Oklahoma City, OK 73109
***Pro Se***

Sue Eddy Davis
4401 Windsor Drive
Fort Smith, AR  72904
***Pro Se***

Dennis Hagan
P.O. Box 131
218 West Redcut Road
Fouke, AR  72837
***Pro Se***


_____/s/ Stuart P. Miller_____
Stuart P. Miller