## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **DESIREE KOLBEK, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Cause No.: 10-CV-4124** |
| | § | |
| **TWENTY FIRST CENTURY HOLINESS** | § | |
| **TABERNACLE CHURCH, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT
## JEANNE ESTATES APARTMENTS, INC.'S MOTION FOR RECONSIDERATION
## OF COURT'S JANUARY 2, 2014 ORDER AND BRIEF IN SUPPORT

COME NOW Plaintiffs, Desiree Kolbek, Amy Eddy, Jeanette Orlando, Nicole Farr, Summer Hagan, Jamie Rodriguez and Pebbles Rodriguez, and file this their Response to Defendant Jeanne Estates Apartments, Inc.'s ("JEA") Motion for Reconsideration of Court's January 2, 2014 Order and Brief in Support (Dkt. 723 and 724), and in support thereof, would respectfully show this Honorable Court as follows:

### INTRODUCTION

This Court did not abuse its discretion by declining to exercise supplemental jurisdiction with regard to Plaintiffs' state law claims. In considering the facts of this case, the issues to be addressed at trial, and the expressed preference of the Eighth Circuit, this Court acted within its broad discretion when it declined to exercise supplemental jurisdiction.

JEA complains of this Court's Order (Dkt. 722) vacating its summary judgment order with respect to Plaintiffs' state law claims and dismissing those claims without prejudice. JEA claims this Court erred for three reasons.

1

First, JEA argues that this Court was wrong when it concluded that it should not exercise supplemental jurisdiction with respect to some, but not all, of the state law claims.  Second, because of this first "erroneous" argument, JEA contends that this Court failed to consider factors regarding supplement jurisdiction with respect to each Defendant.  Third, JEA asserts that, had this Court considered those factors, it would have determined that it should retain jurisdiction over the state law claims.

JEA also complains that this Court ruled before JEA had the opportunity to be heard on the issue of supplemental jurisdiction.  However, many of the arguments made by JEA in its Motion for Reconsideration were advanced by Defendants Twenty First Century Holiness Tabernacle Church, Inc. ("TFC") and Tony Alamo in their Reply to their Motion to Dismiss Remaining State Law Claims (Dkt. 720).  Thus, these arguments have already been considered and rejected by this Court.  However, out of an abundance of caution, Plaintiffs will address each of JEA's arguments in turn.

**THIS COURT WAS WITHIN ITS DISCRETION WHEN IT DECLINED TO EXERCISE SUPPLEMENTAL JURISDICTION WITH REGARD TO ALL STATE LAW CLAIMS**

JEA first argues that this "Court erred as a matter of law by concluding that exercising supplemental jurisdiction over Plaintiffs' state law claims was an 'all or none proposition.'" JEA's Brief (Dkt. 724) at p. 5.  This assertion mischaracterizes the Court's conclusion.  The Court did not state that an exercise of supplemental jurisdiction is *always* an "all or none proposition."  Rather, the Court stated that it was so "*[i]n this case*."  *See* Court's Order (Dkt. 722) at 6, n.4 (emphasis added).

This Court made the "all or none" statement in response to TFC and Tony Alamo's argument that this Court should exercise supplemental jurisdiction with regard to claims on which it granted summary judgment but should not exercise supplemental jurisdiction with

2

regard to claims on which it denied summary judgment. *Id*. This Court recognized the inconsistency inherit in TFC and Tony Alamo's request. JEA is making the same request now. This Court determined that, "*in this case*," the better, fairer and more consistent approach would be to exercise or decline supplemental jurisdiction with respect to all claims based on state law.

"The district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (*citing Green v. Ameritrade, Inc.*, 279 F.3d 590, 599 (8th Cir. 2002)). Whether to exercise supplemental jurisdiction is a decision made by the district court on a case-by-case basis. While JEA cites cases where courts have exercised supplemental jurisdiction with respect to some, but not all, of the asserted state law claims, the Eighth Circuit has stated, "In trying to set out standards for supplemental jurisdiction and to apply them consistently, we observe that, like unhappy families, no two cases of supplemental jurisdiction are exactly alike." *Nanavait v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 105 (8th Cir. 1988). Thus, the determinations made by the courts in those cases do not dictate the determination this Court made "in this case."

Indeed, one of the cases relied upon by JEA makes clear that the parties cannot control how the district court exercises its discretionary authority. *See Pitchell v. Callan*, 13 F.3d 545 (2nd Cir. 1994). In that case, the Second Circuit remarked:

> [A] district court's exercise of pendent jurisdiction is *purely discretionary*, and [] plaintiffs, in general, have no "absolute right to have pendent state law claims decided under any circumstances, and certainly have no right to insist that the District Court retain jurisdiction of pendent state law claims after federal claims have been dismissed."

*Id*. at 549 (emphasis added). The same principle applies equally to defendants – there is no absolute right to have the federal court retain jurisdiction over the state law claims after the

federal claims have been dismissed.  The court, in its *purely discretionary* authority, can exercise supplemental jurisdiction over some, all, or none of the asserted state law claims.

While *Pitchell* did involve a case where the court did exercise supplemental jurisdiction over some, but not all, of the state law claims, the procedural facts in that case differ from the instant one.  In *Pitchell*, the court granted summary judgment in favor of one defendant on all claims—both federal and state—that had been asserted against it.  *Pitchell*, 13 F.3d at 547. *Nearly a year later*, the remaining defendants moved for summary judgment on all claims—both federal and state—that had been asserted against them.  *Id*.  The court granted summary judgment on the remaining federal law claims, but declined to exercise supplemental jurisdiction over the state law claims, even though it had previously ruled on the state law claims against the first defendant.  *Id*.  A large amount of time lapsed between the granting of summary judgment as to the federal and state law claims against the first defendant and the granting of summary judgment as to the federal claims of the remaining defendants.  JEA cannot contend that the result in *Pitchell* should apply here, where the summary judgment order was issued simultaneously for all Defendants and where the order vacating the summary judgment order followed by a mere nine days.

JEA also cited *Evans v. Sapp Bros. Truck Stops, Inc.*, No. 1:08-cv-00014, 2009 U.S. Dist. LEXIS 127150 (S.D. Iowa June 19, 2009) as another example of a case where the court exercised supplemental jurisdiction over some, but not all, of the state law claims.  In *Evans*, the plaintiff was accused of stealing a phone at a truck stop and later arrested.  The plaintiff brought suit against the truck stop, asserting various causes of action based on state law, and against the city and two of its police officers, asserting causes of action based on state and federal law.  The court granted summary judgment in favor of the truck stop as to certain state law claims and in

favor of the city defendants as to all claims, state and federal.  Thereafter, the court declined to exercise supplemental jurisdiction over the state law claims remaining against the truck stop because "some of the remaining state law claims involve[d] issues not yet determined by Iowa courts."  *Id*. at *62.  Like here, the *Evans* court declined to exercise supplemental jurisdiction when faced with novel questions of state law.  JEA argues, however, that this Court should still exercise supplemental jurisdiction with regard to the state law claims asserted against it—just like the *Evans* court exercised supplemental jurisdiction with regard to the state law claims asserted against the city defendants.  The difference is that the state law claims asserted against the city defendants did not mirror those asserted against the truck stop.  Rather, two unique state law causes of action—slander and malicious prosecution—were asserted against the truck stop.  Importantly, the cause of action based on malicious prosecution involved "issues not yet determined by Iowa courts."  Thus, while novel questions of Iowa law were involved in the state law claims against the truck stop, they were not involved in the state law claims against the city defendants.  Here, by contrast, the state law claims asserted against JEA mirror those asserted against other Defendants, such as TFC.  It would be inconsistent for this Court to exercise supplemental jurisdiction over the claims involving novel questions of Arkansas law with respect to JEA but to decline to exercise supplemental jurisdiction over the claims involving those same questions with respect to TFC.

Both the *Pitchell* case and the *Evans* case illustrate the point that the decision of whether to exercise supplemental jurisdiction must be made on a case-by-case basis and that "no two cases of supplemental jurisdiction are exactly alike."  This Court has considered the specific facts of this case, the issues to be addressed at trial (including novel questions of state law that impact both those claims on which summary judgment was granted and those claims on which

5

summary judgment was denied),[1] and the expressed preference of the Eighth Circuit with regard to exercising supplemental jurisdiction over purely state law claims.  This Court, *in this case*, determined that it was appropriate to exercise supplemental jurisdiction with respect to all of the state law claims or none of the state law claims.  There is no abuse of discretion in declining to apply supplemental jurisdiction consistently across all state law claims.

## THIS COURT WAS WITHIN ITS DISCRETION WHEN IT DECLINED TO EXERCISE SUPPLEMENTAL JURISDICTION WITH REGARD TO ALL DEFENDANTS

JEA next argues that this Court failed to consider the factors regarding supplemental jurisdiction with respect to, specifically, JEA.  According to JEA, "[t]his constitutes an abuse of discretion."  *See* JEA's Motion (Dkt. 724) at 6.   JEA cites no authority to support its proposition.[2]

Though this Court did not set forth a Defendant-by-Defendant analysis of the factors relevant to supplemental jurisdiction, this Court generally considered the relevant factors with regard to all Defendants.  *See* Court's Order (Dkt. 722) at 3 − 6.  Again, a "district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction."  *Crest Constr.*, 660 F.3d at 359.  Just as this Court found that it would be unfair to exercise jurisdiction with respect to some, but not all, of the state law claims, so too would it be unfair for this Court to exercise supplemental jurisdiction with respect to some, but not all, Defendants.  This is particularly true when, as here, similar or identical claims have been asserted against the various Defendants.

---

[1] JEA contends that the presence of "a novel issue of state law . . . is not relevant to an analysis of whether the Court should retain supplemental jurisdiction."  *See* JEA's Motion (Dkt. 724) at 11.  This contention is blatantly wrong.  A district court "may decline to exercise supplemental jurisdiction over a claim . . . if the claim raises a novel or complex issue of State law."  *See* 28 U.S.C. § 1367(c)(1).

[2] While JEA cites *In re Levaquin Prods. Liability Lit.*, No. 12-3200, 2014 U.S. App. LEXIS 236 (8th Cir. Jan. 7, 2014), nowhere in the opinion is there even a single reference to supplemental jurisdiction, let alone a mandate that the district court must conduct a defendant-by-defendant analysis.

Considering the facts of this case, the issues to be addressed at trial[3] and the expressed preference of the Eighth Circuit to decline to exercise supplemental jurisdiction over purely state law claims, this Court was within its discretion when it determined that it was appropriate to decline to exercise supplemental jurisdiction with respect to all Defendants.

### THIS COURT WAS WITHIN ITS DISCRETION
### WHEN IT DECLINED TO EXERCISE SUPPLEMENTAL JURISDICTION

JEA argues that the factors associated with supplemental jurisdiction weigh in favor of this Court retaining jurisdiction over the state law claims.[4]  *See* JEA Motion (Dkt. 724) at 7.  As an initial matter, it should be pointed out that the issue is not whether this Court would have abused its discretion had it *retained* jurisdiction over the state law claims.  The question, now, is whether this Court abused its discretion when it *declined* jurisdiction over the state law claims.  Merely because JEA asserts that it would not have been an abuse of discretion to retain jurisdiction does not mean that the opposite—declining jurisdiction—is necessarily an abuse of discretion.

Indeed, the supplemental jurisdiction statute indicates that a district court may decline to exercise jurisdiction over a state law claim if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, or (3) the district court has dismissed all claims over which

---

[3] Given the novel issues of state law involved (including the application of Ark. Code Ann. § 16-56-130 referenced by this Court), allowing the state court to adjudicate Plaintiffs' claims with respect to some Defendants and this Court to adjudicate Plaintiffs' claims with respect to others could lead to inconsistent results though the same law is applied to the same facts.  The more prudent approach is the one taken by this Court – allowing all claims against all Defendants to be adjudicated by the same court.

[4] JEA concludes that this Court reached the wrong conclusion in this case because this Court was "under the misapprehension that it was precluded from retaining jurisdiction over state law claims involving purely-state law issues."  *See* JEA Motion (Dkt. 724) at 7.  This Court was under no such misapprehension.  Indeed, this Court expressly stated, "To be clear, this Court certainly has the power to exercise jurisdiction over Plaintiffs' remaining state claims even though the federal claims have been resolved."  *See* Court's Order (Dkt. 722) at 3.  But, after weighing the relevant factors and considering the applicable law, this Court determined that it should decline to exercise supplemental jurisdiction.

it has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(1)-(3).  Here, Plaintiffs' claims involve novel issues of state law and, because the claims over which this Court had original jurisdiction have been dismissed, it is axiomatic that the state law claims predominate.  Thus, this Court could have declined to exercise supplemental jurisdiction for any one of the three reasons stated above.

"Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed, and there is no basis to find an abuse of discretion here."  *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006).  As previously stated, the discretion afforded to a district court in determining whether to exercise supplemental jurisdiction is broad.  *Crest Constr.*, 660 F.3d at 359.  In exercising this discretion, this Court can look to Eight Circuit law regarding the circumstances when supplemental jurisdiction should be exercised.  "Where, as here, resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction."  *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).  The Eighth Circuit has also stated:

> [U]nder principles of pendent jurisdiction, we think it would have been more appropriate for the federal district court, once rejecting the federal claims, to have exercised its discretion and not passed on the pendent claim.  We think this is particularly true where the sole question[s] . . . are not federal questions and are better left to the state courts to review.  The judicial resources of the federal courts are sparse compared to the states.  We stress the need to exercise judicial restraint and avoid state law issues wherever possible.  We also recognized within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions.  *See, e.g., United Mine Workers v. Gibbs,* 838 U.S. 715, 726-27, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966).

*Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220-21 (8th Cir. 1990).

In addition to these principles of law, a court must consider factors such as judicial economy, convenience, fairness and comity.  *See Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  These interests are to be considered on a case-by-case basis.  *See Navavati*, 857 F.2d at 105; *see also Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992).  This Court conducted an analysis of these factors when reaching the conclusion that it should decline to exercise supplemental jurisdiction.  *See* Court's Order (Dkt. 722) at 3 – 6. Disregarding this Court's reasoning, JEA contends that two factors dictate that this Court should have retained jurisdiction: judicial economy and alleged forum manipulation.

To support its argument that judicial economy weighs in favor of retaining jurisdiction, JEA cites the following excerpt from *Pioneer Hi-Bred Int'l v. Holden Found. Seeds, Inc.*, 35 F.3d 1226 (8th Cir. 1994): "It is the law of this circuit that 'the substantial investment of judicial time and resources in this case . . .  justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed.'"  This statement is taken from the dicta of *Hi-Bred* and is a part of a larger quote from the en banc opinion in *North Dakota v. Merchant Nat'l Bank & Trust Co.*, 634 F.2d 368 (8th Cir. 1980).  A closer inspection of *Merchant* opinion reveals that the *Hi-Bred* statement is not the maxim that JEA holds it out to be.  Rather, the *Merchant* opinion provides that "the substantial investment of judicial time and resources in the case *by both the district court and this court on the previous appeal,* **to a degree** justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed."  *Id.* at 371 (emphasis added).  The other factors that the *Merchant* Court cites as "justifying exercise" are that (1) the remaining questions (*e.g.*, whether the state law is preempted by federal law) are "particularly suited for resolution in federal court," and (2) "both plaintiff and defendants urged the district court to decide the state claim."  *Id.*  The circumstances in this case could not be more

different from those in *Merchant*.  Here, novel issues of state law are presented which are not "particularly suited for resolution in federal court," and both Plaintiffs and TFC and Tony Alamo have urged this Court to decline jurisdiction over (at least some) state law claims.  Furthermore, the "substantial investment" in *Merchant* that "*to a degree*" justified the exercise of supplemental jurisdiction occurred at both the trial court level and the appellate level during a previous appeal and, therefore, was clearly more "substantial" than the investment in the instant case.  All of the efforts expended by the parties in this case can be utilized in state court.  For instance, the state court could craft a discovery order that allows the parties to utilize the written discovery and depositions conducted in the instant case and obviates the need to "re-litigate" the same issues.  Under the facts *in this case*, JEA's argument that judicial economy mandates that this Court retain jurisdiction over the state law claims is flawed.[5]

As a final argument, JEA accuses Plaintiffs of having engaged in forum manipulation. *See* JEA's Motion (Dkt. 724) at 11 – 12.  JEA argues that this is an additional factor that weighs in favor of this Court retaining supplemental jurisdiction.  *Id*. at 11.  JEA's "evidence" of Plaintiffs' "forum manipulation" consists solely of the fact that Plaintiffs did not ask the court to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims before the summary

---

[5] Even a case cited by JEA recognizes the fact-specific determination associated with the supplemental jurisdiction decision.  *See Delgado v. Pawtucket Police Dept.*, 668 F.3d 42, 48 (1st Cir. 2012) ("In the end, though, [the district court's] decision is a 'pragmatic and case-specific' one that we review only for abuse of discretion.").  JEA cites *Delgado* for the proposition that retaining jurisdiction was not an abuse of discretion.  Again, just because it was *not an abuse* of discretion to *retain* jurisdiction in *Delgado* does not necessarily mean that a decision to *decline* jurisdiction *would be an abuse*.  Other cases cited by JEA are equally unhelpful.  For instance, JEA cites *Rosado v. Wyman*, 397 U.S. 397 (1970) for the proposition that judicial economy is a factor to be considered when determining whether to exercise jurisdiction.  No one disputes this fact, and this Court address the factor, and why it was outweighed, at length.  *See* Court's Order (Dkt. 722) at 3 – 6.  As another example, JEA cites *Birchum v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir. 1997) for the proposition that a district court does not abuse its discretion in taking up and granting summary judgment on issues about which "there is little basis for dispute . . . under settled Arkansas law."  Here, there is great dispute over unsettled areas of Arkansas law.

judgment motions were ruled upon. *Id.* at 12. This assertion is completely unfounded and, frankly, ludicrous.

First, Plaintiffs asserted causes of action against Defendants, including JEA, based on both federal and state law. The federal causes of action created federal question jurisdiction, giving the district court original jurisdiction over those claims. Thus, Plaintiffs were left with two options. Either submit to supplemental jurisdiction with regard to the state law claims or simultaneously litigate two cases based on identical facts in two separate courts (federal claims in federal court and state claims in state court). Plaintiffs cannot be accused of "forum manipulation" simply because they chose the former, more prudent option.

Second, had Plaintiffs' federal causes of actions survived summary judgment[6], all claims, state and federal, would have proceeded to trial as scheduled. To accuse Plaintiffs of "forum manipulation" based on this set of facts is completely baseless.

## CONCLUSION

This Court did not abuse its discretion by declining to exercise supplemental jurisdiction with regard to Plaintiffs' state law claims. In considering the facts of this case, the issues to be addressed at trial and the expressed preference of the Eighth Circuit, this Court acted within its broad discretion when it declined to exercise supplemental jurisdiction. JEA's Motion for Reconsideration of this Court's January 2, 2014 Order should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that JEA's Motion for Reconsideration of Court's January 2, 2014 Order be denied in its entirety.

---

[6] The *Mendoza v. Murphy*, 532 F.3d 342 (5th Cir. 2008) and *Harper v. Autoalliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004) cases cited by JEA are easily distinguished from the instance case because, in *Mendoza*, the plaintiff settled his federal claim and then asked the district court to decline to exercise supplemental jurisdiction over the remaining state law claims and, in *Harper*, the plaintiff amended his complaint to dismiss voluntarily his federal claim and then asked the district court to decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiffs, here, took no such voluntary action that could be used as a basis for a "forum manipulation" argument.

Respectfully submitted,

**NIX, PATTERSON & ROACH, LLP.**
5215 N. O'Connor Blvd., Suite 1900
Irving, TX  75039
Telephone:  972.831.1188
Facsimile:  972.444.0716

By:___/s/ D. Neil Smith_____
      **D. NEIL SMITH**
      dneilsmith@mac.com
      Texas Bar Number 00797450
      **AMY MILLER**
      amymiller@nixlawfirm.com
      Texas Bar Number 24053133

**NIX, PATTERSON & ROACH, LLP.**
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503
Telephone:  903.223.3999
Facsimile:  903.223.8520
Brady Paddock
bpaddock@nixlawfirm.com
Arkansas Bar Number 93135

**MERCY ★ CARTER ★ TIDWELL, L.L.P**
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 – Telephone
(903) 794-1268 – Fax
W. David Carter
wdcarter@texarkanalawyers.com
Arkansas Bar Number 85025
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF filing system on this the 16th day of January, 2014.

      /s/ D. Neil Smith_____
      D. NEIL SMITH

12