IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESIREE KOLBEK, et al.                                               PLAINTIFFS

VS.                                CASE NO. 10-CV-4124

TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC., et al.                              DEFENDANTS


JEANNE ESTATES APARTMENTS, INC, et al.              THIRD-PARTY PLAINTIFFS

VS.

JENNIFER KOLBEK, et al.                              THIRD-PARTY DEFENDANTS

## <u>ORDER</u>

Before the Court is a Motion for Reconsideration (ECF No. 723) filed on behalf of
Defendant Jeanne Estate Apartments Inc.  Plaintiffs have filed a response, and Jeanne Estates has
filed a reply.  (ECF Nos. 725-726). Jeanne Estates requests that the Court reconsider its Order
declining to exercise jurisdiction over Plaintiffs' state claims against Jeanne Estates, Tony
Alamo, Sharon Alamo, and Twenty First Century Tabernacle Church, Inc.  The Court finds this
matter ripe for consideration.

In order to prevent a miscarriage of justice, a court may alter or amend a judgment.  *See*
Fed. R. Civ. P. 59.  Federal Rule of Civil Procedure 59(e) was adopted to make clear that a
district court has the power to correct its own mistakes in the time period immediately following
entry of judgment.  *Norman v. Arkansas Dept. Of Education*, 79 F.3d 748, 750 (8th Cir.
1996)(citing *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982)).
Under the rule, the Court may alter or amend its judgment only if it finds a manifest error of law

or fact in its ruling. *Arnold v. ADT Sec. Services, Inc.* 627 F.3d 716, 721 (8th Cir. 2010)(quoting *Hagerman v. Yukon Energy Corp*., 839 F.2d 407, 414 (8th Cir.1988).

First, Jeanne Estates claims that the Court's order was based on the erroneous legal determination that a court may never exercise supplemental jurisdiction over some state claims in a case while declining to exercise jurisdiction over others. Jeanne Estates is referring to a footnote in the opinion which stated the following:

> Defendants [Tony Alamo and Twenty First Century] appear to have taken the position that the Court properly exercised supplemental jurisdiction over the state claims that were disposed of in the Court's order on summary judgment. However, the Court is at a loss to reconcile this position with Defendants' request that the Court now decline to exercise supplemental jurisdiction over the state claims that were not disposed of. Issues of state law predominate as to *all* of Plaintiffs' state claims. Accordingly, it would be very inconsistent for the Court to exercise supplemental jurisdiction over some state claims and not others. In this case, exercising supplemental jurisdiction is an all-or-none proposition.

Jeanne Estates points out that, in some cases, federal courts may exercise supplemental jurisdiction and grant summary judgment as to some state law claims while declining to exercise jurisdiction over other state law claims. Accordingly, Jeanne Estates argues that the Court can exercise supplemental jurisdiction over the state claims against Jeanne Estates while declining to exercise supplemental jurisdiction over the state claims against the remaining Defendants. Jeanne Estates claims that this action would be proper because, according to Jeanne Estates, there was "little basis for dispute about the resolution of the state claims" against them.

First, it should be noted that Jeanne Estates is walking a fine line between liberal interpretation and mischaracterization in their discussion of the Court's footnote. The Court stated that *in this case*, supplemental jurisdiction was an all or none proposition because common and novel issues of state law predominate as to Plaintiffs' claims against *all* Defendants. It did not declare that a Court may *never* grant summary judgment as to some state claims while

dismissing other state claims without prejudice. However, *in this case*, it would not be appropriate to deal with the state claims in a piecemeal fashion.

It is worth repeating that, in the Eighth Circuit, the preference is for a court to decline to exercise supplemental jurisdiction when all federal claims have been eliminated before trial. *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 819 (8th Cir. 2004) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'").  Jeanne Estates points the Court to *Birchem v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir. 1997) where the Eighth Circuit held that, because discovery was completed and the case was ready for trial, the district court "did not abuse its discretion in taking up and granting summary judgment on issues of state law on which there was little basis for dispute."  Because the Court initially granted summary judgment in favor of Jeanne Estates in its now vacated order on summary judgment, Jeanne Estates argues that this demonstrates that there was "little basis for dispute" in the state claims made against them.  This is not the case.  The Court will discuss two examples of heavily disputed issues.

As pointed out in the Court's order vacating its prior summary judgment order and declining to exercise jurisdiction, one threshold issue that permeates Plaintiffs' state claims against *all* Defendants is the statute of limitations.  Defendants, including Jeanne Estates, argued that nearly all of Plaintiffs' state claims were barred by the applicable state statutes of limitation. The most heavily disputed point[1] was whether Plaintiffs' claims were tolled by Ark. Code Ann. § 16-56-130, a tolling statute that directly addresses civil claims based on childhood sexual

---

[1] To be clear, there was more than one point of contention regarding the statute of limitations.  Certain Plaintiffs maintained that their claims were also tolled by Ark. Code Ann. § 16-56-116.  The primary issue was whether the term "full age" in the tolling statue was referring to the age of eighteen or twenty-one.

abuse.  No court in Arkansas has applied § 16-56-130 or interpreted its statutory language.  The novel questions of interpretation raised by the parties were: (1) whether the statute tolled claims made against non-perpetrators of the sexual abuse and (2) whether all of Plaintiffs' state claims could be considered to be "based on" childhood sexual abuse.  The tolling statute also raised the fact question of when the Plaintiffs actually discovered the effects of their alleged sexual abuse.

Because this Arkansas tolling statute is a threshold issue implicating Plaintiffs' state claims against *all* Defendants, and because it is heavily disputed, novel issue of state law, the Court feels that declining to exercise jurisdiction was appropriate.

Even setting statute of limitations issues aside, Plaintiffs' theory of joint venture liability is another heavily disputed issue of state law that implicates all of Plaintiffs' state claims against Defendants Jeanne Estates, Twenty First Century, and Sharon Alamo.  Plaintiffs' Fifth Amended Complaint alleges that Defendants are directly liable for their own acts, and, in the alternative, vicariously liable through their participation in a joint-venture.  If individuals are a part of a joint venture, they "may be held jointly and severally liable for one another's wrongful acts."  *Nat'l Bank of Commerce (of El Dorado) v. HCA Health Servs. of Midwest, Inc.*, 304 Ark. 55, 59, 800 S.W.2d 694, 697 (Ark. 1990).  In other words, even if Plaintiffs' allegations against Jeanne Estates are insufficient to sustain a claim of direct liability or vicarious liability through an agent, Jeanne Estates could still be held liable for the acts of others in the joint venture—namely, Sharon Alamo and Twenty First Century.  The following elements must exist to establish a joint venture:  "(1) two or more persons combine in a joint business enterprise for their mutual benefit; (2) right of mutual control or management of the venture; and (3) an expressed or implied understanding that they are to share in the profits or losses of the venture."  *Burge v. Pack*, 301 Ark. 534, 536, 785 S.W.2d 207, 208 (Ark. 1990).

While the Court held in its vacated summary judgment order that Plaintiffs had failed to show that joint venture existed in this case, the issue cannot necessarily be characterized as one of "little dispute."  The matter was heavily disputed by the parties, and it was a question that the Court grappled with.  Arkansas courts have never considered the application of joint venture liability in a fact pattern such as the one that exists in this case.  Plaintiffs allege that TACM is a communal organization where members work for TACM businesses and churches (such as Jeanne Estates and Twenty First Century), and all earnings of the followers, businesses, and churches are placed into the same bank account that is under the control of Tony Alamo.  The first joint venture element requiring a joint business enterprise for mutual benefit is likely met.  There are legitimate arguments to be made about whether Tony Alamo's alleged control over all TACM businesses satisfies the mutual control element and whether the TACM businesses and churches agreed to share in profits and losses of the venture.  As the Court noted in its summary judgment order, the configuration of TACM's businesses and properties are, by design, exceedingly difficult to classify.  Under these circumstances, it would be more appropriate to allow an Arkansas court to take up the issue.

Jeanne Estates also argues that considerations of judicial economy require the Court to exercise supplemental jurisdiction over the state claims against them.  The Court has already recognized that the factors of judicial economy and convenience seem to weigh in favor of this Court exercising supplemental jurisdiction.  However, the Court held that the factor of comity, along with Eighth Circuit precedent, counseled against exercising supplemental jurisdiction and outweighed the concerns about judicial economy.[2]  Jeanne Estates points out, as did this Court,

---

[2] Jeanne Estates states that the Court disposed of any concerns about judicial economy by stating the following in a footnote:

*(continued...)*

that this litigation has been pending for over three years; that this Court is intimately familiar with the facts and the procedural history of this case; and that the claims would have to be re-litigated in a new state court action that will delay the conclusion to the litigation and result in some increased costs to the parties.  However, the Court would also like to point out that this case has been pending for three years because of the large number of parties in the case; because the Court was forced to move the trial date to a much later setting to find room in its calendar for a seven-week trial[3]; and because the case was put on hold for roughly eight months while the parties completed the mediation process.  At one point, there were twenty-five defendants.  That number has dropped to four.  This case has a long factual history, but with the limited number of parties now involved, the action is not overly complex.  While there are some novel issues of state law implicated in this case, Plaintiffs' state claims—negligence, outrage, false imprisonment, invasion of privacy, defamation, and mandatory reporter liability—and the facts surrounding them, are not exceedingly complicated.  This Court has complete faith in the state court's ability to quickly and efficiently manage this litigation.  Furthermore, the Court is confident that the parties will be able to work together to avoid duplicative discovery costs and other litigation costs in the state court action.  In sum, while the Court is sympathetic to Jeanne Estates' concerns, the factor of judicial economy, when weighed in conjunction with the other factors, does not compel this Court to exercise supplemental jurisdiction.

---

"The Court notes that Plaintiffs and Defendants [Twenty First Century, Tony Alamo, and Sharon Alamo]…do not appear to be all that concerned about costs or delays.  While the parties differ about the extent to which the Court can exercise supplemental jurisdiction, they all agree that at least some of Plaintiffs' claims should be dismissed and re-litigated in state court."

Once again, Jeanne Estates is walking a fine line with its characterization of the Court's comments.  When read in context with the rest of the Order, it is clear that the Court did not "dispose" of judicial economy concerns simply by noting that the parties were not overly concerned about costs and delays.  The Court fully discussed the possibility for extra costs and delays but ultimately decided that these concerns were outweighed by other relevant factors.

[3] After Plaintiffs dismissed twenty-one Defendants, the Court revised its calendar to provide for a three-week trial with the expectation that the trial could be completed in a two-week period.

Finally, Jeanne Estates argues that Plaintiffs have attempted to manipulate the forum by waiting until after the Court's initial summary judgment ruling to argue that the Court should decline to exercise supplemental jurisdiction over the remaining state claims.  Jeanne Estates argues that this behavior weighs in favor of exercising supplemental jurisdiction.  The Court disagrees.

First, it was Defendants Tony Alamo, Sharon Alamo, and Twenty First Century who first requested that this Court decline supplemental jurisdiction over the remaining state claims.  Plaintiffs merely responded by arguing that, if the Court declined to exercise supplemental over the remaining claims, it should also reconsider its summary judgment order and decline to exercise jurisdiction over *all* state claims.  Second, and more importantly, the Court does not find Plaintiffs' position to be manipulative. Jeanne Estates argues that "[i]t would be highly unfair to permit the Plaintiffs to file their claims in federal court; submit to the Court's jurisdiction, with no objection, for more than three years; and then, after summary judgment has been entered…ask the Court to decline to exercise jurisdiction over state-law claims that were ruled insufficient as a matter of law."  Jeanne Estates mischaracterizes Plaintiffs' jurisdictional objections.  As Plaintiffs correctly point out, their "federal causes of action created federal question jurisdiction, giving the district court original jurisdiction over those claims. Thus, Plaintiffs were left with two options. Either submit to supplemental jurisdiction with regard to the state law claims or simultaneously litigate two cases based on identical facts in two separate courts (federal claims in federal court and state claims in state court)."  Until the Court entered its order dismissing the federal claims, Plaintiffs obviously did not know that the Court's exercise of supplemental jurisdiction could be an open question.  Certainly, Plaintiffs took advantage of their opportunity to avoid having their state claims dismissed with prejudice, but in

the Court's view, this does not amount to forum manipulation.  That Plaintiffs received a benefit from the Court's ruling does not alter the fact that their arguments regarding the exercise of supplemental jurisdiction were sound.

For the reasons stated above, and for the reasons stated in the Court previous Order addressing these issues (ECF No. 722), the Court finds that Jeanne Estates' Motion for Reconsideration (ECF No. 723) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 31st day of January, 2014.

/s/  Susan O. Hickey
Susan O. Hickey
United States District Judge