IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESIREE KOLBEK, et al.                                                              PLAINTIFFS

VS.                                          CASE NO. 10-CV-4124

TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC., et al.                                                DEFENDANTS

JEANNE ESTATES APARTMENTS, INC, et al.                      THIRD-PARTY PLAINTIFFS

VS.

JENNIFER KOLBEK, et al.                                            THIRD-PARTY DEFENDANTS

## ORDER

Before the Court is a Motion to Intervene and Consent to be Bound by Protective Order filed on behalf of Alexis Broderick, Marissa Broderick, Matthew Broderick, Nicholas Broderick, Shaina Broderick, Marcus Griffin, Nathan Griffin, Vanessa Griffin, Brooklynn Howard, Angela Ondrisek, Alfonso Reid, and Alsandra Reid (collectively, "*Griffin* Plaintiffs").  (ECF No. 738). These individuals are Plaintiffs in a case pending before this Court, *Griffin, et al*. v. *Tony Alamo, et al*., Case No. 4:14-cv-4065 ("the *Griffin* action").  The *Griffin* Plaintiffs request permission to intervene in this action—the *Kolbek* action—so that they may consent to be bound by a protective order that was previously entered in this case.  (ECF No. 40).  Various interested parties have filed responses to the motion.  (ECF Nos. 740-742).  The Court finds this matter ripe for consideration.

The *Griffin* Plaintiffs' motion will be denied for two reasons.  First, the *Griffin* Plaintiffs have failed to cite to any authority to establish that a permissive intervention could be allowed

under these circumstances. Fed. R. Civ. P. 24(b)(1)(B) provides that a permissive intervention may be allowed when the intervenor "has a claim or defense that shares with the main action a common question of law or fact." While the *Kolbek* and the *Griffin* actions share some factual similarities and defendants, the *Griffin* Plaintiffs have not demonstrated that their case shares a sufficiently common issue of fact or law with the dismissed *Kolbek* action.

Second, the *Griffin* Plaintiffs have failed to show good cause for modifying the protective order in this case. "A protective order may be modified upon a showing of good cause." *Hardy v. Bartness*, No. 1:09CV00041, 2010 WL 3835725, at *2 (E.D. Ark. Sept. 9, 2010) (citing *Infeon Technologies AG v. Green Power Technologies Ldt.*, 247 F.R.D. 1 (D.D.C. 2005)). "'Good cause' has been interpreted to include changed circumstances or new situations not envisioned by the parties or the Court." *Id.*

The Protective Order in the *Kolbek* action clearly states that information under the Order may only be disclosed in connection with this action and may only be disclosed to "Qualified Persons." The Order further states that "[a]fter termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record." While the Court recognizes that the *Griffin* Plaintiffs believe that information under the *Kolbek* Protective Order is relevant to the *Griffin* action, they have failed to show that a change in circumstances justifies modification of the Protective Order. It was certainly foreseeable to the parties in *Kolbek* that there would be further civil litigation involving Tony Alamo Christian Ministries, yet the parties chose to limit the disclosure of this confidential information to the *Kolbek* action. Without a showing of good cause or consent from

all of the parties who initially designated this material confidential, the Court will not allow a modification of the Protective Order that could circumvent the material's intended use.[1]

For the reason's stated above, the Court finds that the *Griffin* Plaintiffs' Motion to Intervene and Consent to be Bound by Protective Order (ECF No. 738) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 9th day of September, 2016.

/s/  Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] The Court takes no position on whether the requested discovery at issue in this motion is covered by the Protective Order or whether it may be available to the *Griffin* Plaintiffs through regular means of discovery.